UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

TALAVERA ASSOCIATION, INC.,

      Petitioner,                                   Case No. 9:22-cv-80145
                                             State Case No. 502021CA004149XXXXMB

v.

ROBERT GIBSON, et al.,

      Respondents.
_____/

## NOTICE OF FILING STATE COURT CASE PROCESS, PLEADINGS AND ORDERS

      COMES NOW Jeffrey M. Siskind and files this Notice of Filing State Court Case

Process, Pleadings and Orders (Case No. 502020CA004149XXXXMB) pursuant to 28 U.S.C.

1446(a), copies of which are attached hereto.

      Respectfully submitted this 2nd day of February, 2022.

**S I S K I N D   L E G A L , P L L C**
ATTORNEYS & CONSULTANTS

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing Notice was served upon all
parties therein including Ryan Aboud, Robert Gibson and Sofiye Williams, via e-mail to raboud
@bapflaw.com, intelexigent @gmail.com and sofiye@comcast.net, respectively via email on
February 2, 2022.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 13874

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

              Plaintiff,                    CASE NO: 502020CAXXXXXMB(AF)

v.

ROBERT GIBSON, SOVEREIGN GAMING &
ENTERTAINMENT, LLC, GEORGE A. MALER,
JERI L. MALER, SISKIND LEGAL SERVICES, LLC &
JUDITH SISKIND,

              Defendants.

_____/

## AMENDED COMPLAINT

The Plaintiff indicated in the style above, TALAVERA ASSOCIATION, INC. hereafter referred to as "Association", sues the Defendants, ROBERT GIBSON, hereafter referred to as "Owner," SOVEREIGN GAMING & ENTERTAINMENT, LLC, GEORGE A. MALER, JERI L. MALER, SISKIND LEGAL SERVICES, LLC, JUDITH SISKIND, JEFFREY SISKIND, DAVID FIORE, DAVID FIORE AS ASSIGNEE FOR DIANNA CARL STONE, 3485 LAGO DE TALAVERA TRUST, DAVID FIORE AS SUCCESSOR TRUSTEE OF THE 3485 LAGO DE TALAVERA TRUST, DIANNA GEORGE, CARL STONE, and CHRISTOPHER GEORGE, and states:

### COUNT ONE

1. This is an action to foreclose a Claim of Lien for assessments in accordance with the Declaration of Covenants which governs the subject property and runs with the land.

2. Association is a Florida corporation, not-for-profit operating pursuant to Chapter 720, Fla. Stat. in the County where this action is filed.

3. Owner is the fee simple owner of the real property described on the claim of lien attached to this complaint and identified as Exhibit "A."

NOT A CERTIFIED COPY

TALAVERA ASSOCIATION, INC.  v. ROBERT GIBSON, et al.
CASE NO: 502020CAXXXXXMB(AF)
AMENDED COMPLAINT
PAGE 2

4.  Owner is a member of Association.

5.   Association may levy and collect assessments for common expenses against parcels as provided in the Declaration. Association has made assessments for common expenses against the unit owned by Owner.

6.  Owner has failed to pay the assessments due on a timely basis as they became due and payable.

7.  Association has recorded a claim of lien against Owner's unit as a result of the failure to pay the amounts owed. The lien is recorded in the Public Records of the county where the parcel is located. The claim of lien is attached hereto as Exhibit "A" to this complaint.

8.  The assessments levied against Owner's unit are delinquent and Association is entitled to foreclose the claim of lien. The claim of lien secures all unpaid assessments, interest, costs, and attorney fees incurred in collecting the unpaid assessments.

9.  Pursuant to Chapter 720.305, Fla. Stat. and pursuant to the governing documents, Association is authorized to recover its attorney's fees in the event of a violation of the covenants.

10. Defendant, SOVEREIGN GAMING & ENTERTAINMENT, LLC, may claim a right, title or interest in the subject property.  Defendant's, SOVEREIGN GAMING & ENTERTAINMENT, LLC's potential right, title or interest in the subject property is subordinate and inferior to the interest of the Association as described herein.

11. Defendant, GEORGE A. MALER, may claim an interest in the subject property by virtue of that Mortgage recorded on October 2, 2018 in OR Book 30159 at Page 1319 of the Public Records of Palm Beach County, Florida or by means of some other right or title in the subject property.  Plaintiff Association's lien relates back prior to any right, title or interest held by Defendant, GEORGE A. MALER, and such right, title or interest is subordinate and inferior to the interest of the Association as described herein.

12. Defendant, JERI L. MALER, may claim an interest in the subject property by virtue of that Mortgage recorded on October 2, 2018 in OR Book 30159 at Page 1319 of the Public Records of Palm Beach County, Florida or by means of some other right or title in the subject property.  Plaintiff Association's lien relates back prior to any right, title or

TALAVERA ASSOCIATION, INC.  v. ROBERT GIBSON, et al.
CASE NO: 502020CAXXXXMB(AF)
AMENDED COMPLAINT
PAGE 3

interest held by Defendant, JERI L. MALER, and such right, title or interest is subordinate and inferior to the interest of the Association as described herei.

13. Defendant, SISKIND LEGAL SERVICES, LLC, may claim an interest in the subject property by virtue of that Mortgage recorded on February 6, 2014 in OR Book 26600 at Page 1179 of the Public Records of Palm Beach County, Florida.  Plaintiff Association's lien relates back prior to the Mortgage held by Defendant, SISKIND LEGAL SERVICES, LLC, and such mortgage is subordinate and inferior to the interest of the Association as described herein.

14. Defendant, JUDITH SISKIN, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

15. Defendant, JEFFREY SISKIND, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

16. Defendant, DAVID FIORE, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

17. Defendant, DAVID FIORE AS ASSIGNEE FOR DIANNA CARL STONE, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

18. Defendant, 3485 LAGO DE TALAVERA TRUST, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

19. Defendant, DAVID FIORE AS SUCCESSOR TRUSTEE OF THE 3485 LAGO DE TALAVERA TRUST, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

20. Defendant, DIANNA GEORGE, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

TALAVERA ASSOCIATION, INC.  v. ROBERT GIBSON, et al.
CASE NO: 502020CAXXXXMB(AF)
AMENDED COMPLAINT
PAGE 4

21. Defendant, CARL STONE, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

22. Defendant, CHRISTOPHER GEORGE, may claim a right, title or interest in the subject property, but any right, title or interest is subordinate and inferior to the interest of the Association as described herein.

23. Association has complied with all conditions precedent to filing this foreclosure action.

24. Association has engaged the undersigned counsel and has agreed to pay a reasonable fee for his services.

WHEREFORE, Association demands the following relief and requests the court determine:

A. That this court has jurisdiction of this cause and of the parties;

B. The amount of money, including interest, expenses, late charges and costs Association is entitled to recover;

C. That Association has a valid lien upon the real property of Owner as described in this Complaint for the sums due Association superior in right, title and interest to Owner and all other Defendants to this cause;

D. That said lien be foreclosed in accordance with the established rules of procedure of the Court, that, upon default of Owner to pay the amounts found due the Association, that said real property be sold by the Clerk of Court to satisfy Association's lien and that a deficiency judgment be entered against Owner for the amount remaining unpaid;

E. That the judgment of foreclosure incorporate an order dispossessing Owner or other occupants and requiring that the purchaser at the Clerk's sale, his representatives or assigns, be let into possession of the property; and

F. Award such other relief as may be just and proper.

COUNT TWO

25. This is an action for damages against Owner to recover delinquent assessments, expenses, costs, late charges, if any, and attorney fees due Association.

26. Association realleges the allegations contained in paragraphs 1 through 6 inclusive and paragraph 24 as if all fully set forth herein.

TALAVERA ASSOCIATION, INC.  v. ROBERT GIBSON, et al.
CASE NO: 502020CAXXXXMB(AF)
AMENDED COMPLAINT
PAGE 5

27. Association is entitled to recover all unpaid assessments, interest, costs, expenses, late

charges, if any, and reasonable attorneys' fees incident to the collection of the amounts

due.  Association is entitled to a judgment for damages.

28. Owner has failed to pay the amounts due the Association and the Association is entitled

to a judgment for all amounts due.

WHEREFORE, Association demands the following relief and requests the court

determine:

A. The amount of assessments, late charges and interest Association is entitled to

recover;

B. The amount of attorneys fees, costs, and expenses incident to the collection of the

assessments Association is entitled to recover; and

C. Enter a judgment in the amount determined due against Owner in addition to any other

relief this court may deem just and proper.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email,
if designated, or by U.S. Mail to the following parties on this 20th day of May_____, 2020.

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Ave. North
Lake Worth, FL 33460
intelexigent@gmail.com

Jeri L. Maler
12509 World Cup Lane
Wellington, FL 33414

George A. Maler
12509 World Cup Lane
Wellington, FL 33414

TALAVERA ASSOCIATION, INC.  v. ROBERT GIBSON, et al.
CASE NO: 502020CAXXXXMB(AF)
AMENDED COMPLAINT
PAGE 6

Backer Aboud Poliakoff & Foelster Counsel
for Plaintiff Association
400 South Dixie Highway, #420
Boca Raton, FL 33432
(561) 361-8535
(561) 361-3491 Fax
driggin@BAPFLAW.com
raboud@bapflaw.com
ahenriksen@BAPFLAW.com

By: _____
Danielle Riggin
FBN 85322

NOT A CERTIFIED COPY

OR BK 30783 PG 678
RECORDED 07/29/2019 15:33:14
Palm Beach County, Florida
AMT
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 0678-0679; (2Pgs)

This instrument prepared by and to be returned to:
Backer Aboud Poliakoff & Foelster
400 S. Dixie Hwy, #420
Boca Raton, FL 33432
(561) 361-8535

## CLAIM OF LIEN FOR ASSESSMENTS

STATE OF FLORIDA )
                  : ss
COUNTY OF PALM BEACH )

     This instrument was acknowledged before me this 18 day of July, 2019 by Danielle Riggin, agent of Talavera Association, Inc., a Florida corporation, on behalf of the corporation. She is personally known to me and has taken an oath that she occupies the office set forth above of the referenced association whose post office address is 1489 W. Palmetto Park Road, Suite 505, Boca Raton, FL 33486, and that pursuant to the Declaration of Covenants binding the subject property, the corporation is owed the following amounts for assessments:

     The amounts due the association are as follows:
     April 1, 2017 through July 1, 2019 Monthly Assessment:

| | |
|---|---:|
| (28@332.00) | 9,296.00 |
| Late Fees: | 700.00 |
| Interest (rate of 18% per annum) through July 18, 2019: | 2,083.78 |
| Certified Mail Charges: | 40.00 |
| Other Costs: | 239.30 |
| Attorney Fee: | 1,845.00 |
| **TOTAL CLAIMED OUTSTANDING:** | **$14,204.08** |

     This claim of lien shall also secure all unpaid assessments, interest, costs and attorney's fees which are due and which may accrue subsequent to the date of this Claim of Lien and up to entry of a final judgment of foreclosure.

     The lienor corporation claims this lien on the following described real property:
     Lot 29, of the Plat of TALAVERA P.U.D., according to the Plat thereof, as recorded in Plat Book 105, Page 44, of the public records of Palm Beach County, Florida.

The current owners of which is Robert Gibson.

NOT A CERTIFIED COPY



EXHIBIT
a A ii

CFN 20190261810
BOOK 30783 PAGE 879
2 OF 2

Talavera Association, Inc.
Gibson/Claim of Lien
Page 2 of 2

The amount due the lienor remains outstanding as of the 18 day of July 2019.

Talavera Association, Inc.

By _____
        Danielle Riggin/Agent

County of Palm Beach
State of Florida

Sworn to (or affirmed) and subscribed before me this 18 day of July, 2019, by
Danielle Riggin, Agent of Talavera Association, Inc. The affiant is personally known to me or has
produced _____ as identification. If box is checked or no identification is indicated, the
affiant is personally known to me.

Print Name:

My Commission Expires:

NOTARY PUBLIC:

Rene R. Denmark

RENE L. DENMARK
Notary Public - State of Florida
Commission # GG 237976
My Comm. Expires Jul 12, 2022
Bonded through National Notary Assn.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION        DIV:        "AF"
CASE NO.:        2020CA004149AXX

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

vs.

ROBERT GIBSON, et al.,

        Defendant(s).
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**THIS CAUSE** came before the Court on July 8, 2020 upon Plaintiff's Motion for Leave to File Amended Complaint. The Court has reviewed the Motion, heard argument of counsel, and has been otherwise duly advised in the premises. It is, accordingly,

**ORDERED and ADJUDGED** as follows:

1.    Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**.

2.    The Amended Complaint is deemed filed as of the date of entry of this Order.

3.    Defendant, Robert Gibson, and Jeffrey Siskind appeared at the hearing.

4.    Defendants, Robert Gibson, Jeffrey Siskind, Siskind Legal Services, LLC, Sovereign Gaming & Entertainment, LLC, and Judith Siskind, shall have twenty (20) days from the date of entry of this Order to respond to the Amended Complaint filed herein.

5.    Defendants, Jeri L. Maler and George A. Maler, shall have ten (10) days from the date of entry of this Order to respond to the Amended Complaint pursuant to Rule 1.190(a) of the Florida Rules of Civil Procedure.

6.    The Clerk of the Court shall issue the Summonses for DAVID FIORE, DAVID FIORE AS ASSIGNEE FOR DIANNA CARL STONE, 3485 LAGO DE TALAVERA TRUST, DAVID FIORE AS SUCCESSOR TRUSTEE OF THE 3485 LAGO DE TALAVERA TRUST, DIANNA GEORGE, CARL STONE, and CHRISTOPHER GEORGE.

Page **1** of **2**

Case No. 50-2020-CA-004149-XXXX-MB

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this 14 day of July, 2020.

50-2020-CA-004149-XXXX-MB   07/14/2020
John S. Kastrenakes   Judge

50-2020-CA-004149-XXXX-MB      07/14/2020
John S. Kastrenakes
Judge

**COPIES PROVIDED TO:**
Danielle Riggin, Esq.
Backer Aboud Poliakoff & Foelster, LLP
400 S. Dixie Highway, Suite 420
Boca Raton, Florida 33432
DRiggin@BAPFlaw.com
raboud@bapflaw.com
ahenriksen@bapflaw.com
srahilly@bapflaw.com
Attorney for Plaintiff

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

George G. Kurschner, Esq.
The Law Ofice of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkur1@gmail.com
service.ggkur1@gmail.com
Attorney for Jeri L. Maler and George A. Maler

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC,

            Plaintiff,

v.

ROBERT GIBSON, SOVEREIGN GAMING
AND ENTERTAINMENT, LLC, GEORGE
A. MALER, JERI L. MALER, SISKIND
LEGAL SERVICES, LLC and JUDITH
SISKIND, et al.,

            Defendants.

_____/

CASE NO. 502020CA004149XXXXMB

**DEFENDANT ROBERT GIBSON'S
RESTATED MOTION FOR EXTENSION
OF TIME TO RESPOND TO NOW
AMENDED COMPLAINT WITH
MULTIPLE ADDED PARTIES**

COMES NOW Defendant, Robert Gibson, and files this Restated Motion for Extension of Time to Respond to the now Amended Complaint with Multiple Added Parties, and in support therefore states as follows:

1.   On May 8, 2019, Defendant Judith Siskind, by and through her son, Jeffrey Siskind, filed a Complaint under case number 502019CA006159XXXMB, for Emergency Injunctive Relief and Damages, Elder Abuse, and for an Order Voiding Two Deeds of Record on the subject property against the instant Plaintiff, Talavera Association, Inc., along with Defendants, Robert Gibson, George A. Maler and Jeri L. Maler.

2.   The complaint alleges that on the previous night, May 7, 2019, Defendant Judith Siskind was denied access through the entrance gate which secures Talavera Association homeowner properties, thereby precluding her from returning to the subject property where she purports to reside.

3.   The act of physically preventing access to property in which a party has peacefully resided without due process is against Florida law even if the occupant is nothing more than a squatter.

4.   As a result of this illegal act by Plaintiff, along with Judith Siskind's vexatious behavior at the hand of her son Jeffrey Siskind, Defendant Robert Gibson, the record titleholder of the subject property, has suffered and continues to suffer damages, not the least of which is the ever mounting association fees for property, the benefits from which he has been continuously precluded.

5.   On April 10, 2020, Plaintiff, Talavera Association, Inc. filed its complaint to foreclose on a claim of lien for assessments against Defendant Robert Gibson's equity interest, bringing to five (5), the total number of actions now pending in dispute of liens and resultant equity entitlement to the subject property.

6.   These currently pending cases amount to three (3) Fifteenth Judicial Circuit Court cases, one of which is subject to a bankruptcy stay and an adversarial proceeding brought by the Bankruptcy Trustee in the US Southern District of Florida Bankruptcy Court against Jeffrey Siskind for his fraudulent actions to the detriment of his former clients, several of which are defendants in this action, along with a Fourth District Court of Appeal (4DCA) pending case.

7.   On May 4, 2020, Defendant Robert Gibson, filed his Motion for Extension of Time in Which to Respond to the Complaint.

8.   On May 22, 2020, Plaintiff filed its Motion for Leave to File an Amended Complaint, offered along with a proposed Amended Complaint which added as defendants: Sovereign Gaming & Entertainment, LLC., Jeffrey Siskind, David Fiore, David Fiore as Assignee for Dianna George, Carl Stone, 3485 Lago De Talavera Trust, David Fiore as Successor Trustee of the 3485 Lago De Talavera Trust, and Dianna George.

9.   On June 2, 2020, notwithstanding Defendants' previous answer to the complaint along with the docket's minute order advising that the amended complaint would need an amended

2

order, Plaintiff filed its motion for clerks default against Defendants George A. Maler and Jerri L. Maler, which motion was denied the next day.

10. On July 15, 2020, this Court's order was rendered, granting Plaintiff leave to file its amended complaint and granting Defendant Robert Gibson, twenty (20) days in which to respond to the Amended Complaint.

11. Accordingly, Defendant Robert Gibson's response to the Amended Complaint is due tomorrow.

12. Given Defendant Robert Gibson's current lack of representation, interruption by hurricane Isaias and the Covid-19 pandemic, recent and yet to be completed service of process on added Defendants, along with the freewheeling behavior of Plaintiff and interloper Jeffrey Siskind in this action, Defendant Robert Gibson, seeks a thirty (30) day extension in order to investigate and research the various options available to him in this multi-jurisdictional morass.

13. Accordingly, Defendant Robert Gibson, seeks a thirty (30) day extension to research the complex, interacting and competing causes of actions and affirmative defenses available in this matter.

WHEREFORE, Defendant Robert Gibson, respectfully requests that this Court enter an order granting him thirty (30) additional days in which to respond to the amended complaint, along with whatever other actions are deemed good and proper by this Court.

Respectfully submitted:

_/s/ Robert Gibson_
Robert Gibson
1709 22nd Ave., North
Lake Worth Beach, FL  33460-6000
561-868-2100
intelexigent@gmail.com

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing will be furnished to all counsel of record by e-filing on Florida Courts E-Filing Portal on this 3rd day of August 2020.

_/s/ Robert Gibson_

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

       Plaintiff,

v.                           Case No. 50-2020-CA-004149-XXXX MB

ROBERT GIBSON, et al.,

       Defendants.

_____/

**LINE IN RESPONSE TO ROBERT GIBSON'S MOTION FOR EXTENSION OF TIME TO
RESPOND TO NOW AMENDED COMPLAINT WITH MULTIPLE ADDED PARTIES**

       NOW COMES Jeffrey M. Siskind, counsel for Judith S. Siskind, and files this Line in

Response to Robert Gibson's Motion for Extension of Time to Respond to Now Amended

Complaint with Multiple Added Parties, which is filed for the sole purpose of better informing

the Court and takes no position with respect to Mr. Gibson's request for additional time, and

states:

       1.      My client's access was restricted by the Association when it discovered that

Robert Gibson ("Gibson") acquired record title to the real property which is the subject of this

foreclosure action without having first obtained approval as required by the Association's

recorded governing documents.

       2.      Upon being informed by the undersigned that Gibson wrongfully acquired his

interest and did so without Judith Siskind's knowledge or consent, the Association restored

access.

       3.      This foreclosure action which was filed on April 10, 2020 involves the same

parcel of real property which is the subject of a related case that is now pending before the

Honorable Donald W. Hafele in Division AG, which case styled Judith S. Siskind v. Robert

Gibson, et al. was filed on May 8, 2019 (Palm Beach County case no. 2019-CA-006159), in

addition to a previously filed foreclosure action styled Zokaites Properties, LP v. Sovereign Gaming & Entertainment, LLC et al. which is before he Honorable Glenn Kelley (Palm Beach County case no. 2016 -CA-012892)

4.      As to the representations made by Gibson in paragraph no. 12 of his motion, they appear to me to be entirely without merit but also beg the question as to whether Gibson should be wary of and hold Gibson to a very strict standard in this case light of his being adjudicated a vexatious litigant pursuant to Fl. Stat. 68.093 on July 9, 2019 in Palm Beach County case no. 2018-CA-006574.

WHEREFORE, Jeffrey M. Siskind files this Line in Response to Robert Gibson's Motion for Extension of Time to Respond to Now Amended Complaint with Multiple Added Parties.

**S I S K I N D   L E G A L , P L L C**

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing First Amended Complaint was served upon all appropriate parties by Florida's E-filing Portal on the date of filing first affixed above.

**S I S K I N D   L E G A L , P L L C**

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

    Plaintiff,     CASE NO.:  502020CA004149XXXXMB(AF)

v.

ROBERT GIBSON, et al.,

    Defendant(s).

_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS', JEFFREY SISKIND AND 3485
LAGO DE TALAVERA TRUST'S, AFFIRMATIVE DEFENSES TO AMENDED
COMPLAINT, MOTION TO STRIKE RESERVATION OF RIGHT TO RAISE
ADDITIONAL RELATED MATTERS AND MOTION TO STRIKE REQUEST FOR
RELIEF**

   Plaintiff, TALAVERA ASSOCIATION, INC., hereafter referred to as "Association,"

moves the Court for an Order striking Defendants', JEFFREY SISKIND and 3485 LAGO DE

TALAVERA TRUST'S, Affirmative Defenses to Amended Complaint, striking Defendants'

reservation of right to raise additional related matters and striking Defendants' request for relief,

as grounds therefore, states:

1. Plaintiff filed the above-styled lien foreclosure action to collect delinquent
  homeowner association assessments.

2. Defendants, JEFFREY SISKIND and 3485 LAGO DE TALAVERA TRUST, filed an
  Answer and Affirmative Defenses to the Amended Complaint on or about July 8,
  2020.

3. Rule 1.140, Fla. R. Civ. P., provides that the grounds on which any of the
  enumerated defenses are based and the substantial matters of law intended to be
  argued shall be stated specifically and with particularity in the responsive pleading.

4. Rule 1.140, Fla. R. Civ. P., authorizes the Court to strike any immaterial, impertinent,
  or scandalous matter from any pleading at any time.

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.:  502020CA004149XXXXMB(AK)
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST'S,
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, MOTION TO STRIKE RESERVATION OF RIGHT TO RAISE
ADDITIONAL RELATED MATTERS AND MOTION TO STRIKE REQUEST FOR RELIEF
Page 2 of 5

5. Rule 1.140(f), Fla. R. Civ. P. requires that each defense other than denials shall be stated in a separate count or defense when a separation facilitates the clear presentation of the matter set forth.

6. In Defendants' Affirmative Defenses filed in this action, the Defendants fail to follow basic rules of pleading. The specificity required for pleading defenses is the same as that required to plead claims. Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legal insufficient. Cady v. Chevy Chase Sav. & Loan, 528 So. 2d 136, 138 (Fla. 4th DCA 1988).

7. The Defendants must "set forth the facts in such a manner as to reasonably of what is proposed to be proved" so that Plaintiff has a "fair opportunity to meet it and prepare [its] evidence." Zito v. Washington Fed Sav. & Loan Assoc., 318 So. 2d 175, 176-77 (Fla. 3d DCA 1975). Conclusory statements are plainly insufficient to state a defense to a plaintiff's complaint and should be stricken. Cady 318 So. 2d at 137-38.

8. Defendants failed to set forth ultimate facts, including the grounds and the substantial matters of law intended to be argued upon which Defendants' Affirmative Defenses are based, with specificity and particularity consistent with Rule 1.140(b), Fla. R. Civ. P.

9. Paragraph 29 of Defendants' Affirmative Defenses is inaccurate and without merit. The Association's authority to lien for delinquent assessments is statutory and contained in Chapter 720, Fla. Stat.. The Association is only required to attach to its complaint the documents upon which this action is based consistent with Rule 1.130,

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.: 502020CA004149XXXXMB(AK)
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST'S,
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, MOTION TO STRIKE RESERVATION OF RIGHT TO RAISE
ADDITIONAL RELATED MATTERS AND MOTION TO STRIKE REQUEST FOR RELIEF
Page 3 of 5

Fla. R. Civ. P., and a true and correct copy of Association's claim of lien, the

document upon which this action is based, is attached as Exhibit "A" to the complaint

filed herein.  The Association is not required to attach a copy of the pertinent portions

of its governing documents. If Defendants desire to obtain copies of the Declaration

or other documents, they may propound their requests in the context of discovery.

10. Paragraph 30 of Defendants' Affirmative Defenses is inaccurate and without merit.

Defendants make a general, boilerplate allegation that Plaintiff's Complaint does not

include the necessary jurisdictional allegations, but fail to set forth ultimate facts to

provide what jurisdictional allegations were not contained in the Complaint.

11. Paragraphs 31 through 34 of Defendants' Affirmative Defenses are immaterial,

impertinent and scandalous. Defendants also failed to set forth ultimate facts,

including the grounds and the substantial matters of law intended to be argued upon.

According to the Palm Beach County Property Appraiser's office, the current owner

of the subject property is Robert Gibson who is indicated in the Amended Complaint

as the owner. Any claims Defendants may have against Robert Gibson are not

appropriate as Affirmative Defenses to Association's Amended Complaint.

12. Association moves to strike Paragraph 35 of Defendants' Answer and Affirmative

Defenses whereby Defendants purport to reserve their right to raise additional related

matters. The Defendants may attempt to raise additional matters consistent with Florida

Law and the Florida Rules of Civil Procedure.

13. In Defendants' request for relief, Defendants improperly attempt to request that the

Court "cognize paragraphs 31 through 34, inclusive as necessary crossclaims against

Robert Gibson." To the extent that Defendants desire to file a crossclaim against

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.:  502020CA004149XXXXMB(AK)
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST'S,
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, MOTION TO STRIKE RESERVATION OF RIGHT TO RAISE
ADDITIONAL RELATED MATTERS AND MOTION TO STRIKE REQUEST FOR RELIEF
 Page 4 of 5

Robert Gibson, Defendants will need to do so consistent with Florida Rules of Civil

Procedure and not as part of their Affirmative Defenses or as part of the request for

relief indicated in their Answer and Affirmative Defenses to the Association's

Amended Complaint.

WHEREFORE, Plaintiff, TALAVERA ASSOCIATION, INC., respectfully requests that

the Court strike Defendants', JEFFREY SISKIND and 3485 LAGO DE TALAVERA TRUST'S,

Affirmative Defenses to Amended Complaint, strike Defendants' reservation of right to raise

additional related matters and strike Defendants' request for relief.   Plaintiff requests any other

further relief as may deem just and proper.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
email, if designated, or by U.S. Mail to the following parties on this _____ day of
August_____, 2020.

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

George G. Kurschner, Esq.
The Law Ofice of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkur1@gmail.com
service.ggkur1@gmail.com
Attorney for Jeri L. Maler and George A. Maler

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.:  502020CA004149XXXXMB(AK)
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST'S,
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, MOTION TO STRIKE RESERVATION OF RIGHT TO RAISE
ADDITIONAL RELATED MATTERS AND MOTION TO STRIKE REQUEST FOR RELIEF
 Page 5 of 5

Backer Aboud Poliakoff & Foelster, LLP
Counsel for Association
The Arbor, Ste 420
400 South Dixie Highway
Boca Raton, FL 33432
(561) 361-8535
(561) 361-3491 Fax
DRiggin@BAPFlaw.com
ahenriksen@bapflaw.com
raboud@bapflaw.com

By: _____
Danielle Riggin, Esq.
FBN 85322

Case 9:22-cv-80145-DMM   Document 7   Entered on FLSD Docket 02/01/2022   Page 23 of 143

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

      Plaintiff,

v.                          Case No. 50-2020-CA-004149-XXXX MB

ROBERT GIBSON, et al.,

      Defendants.

_____/

## MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

NOW COMES Jeffrey M. Siskind, successor trustee of the 3485 Lago De Talavera Trust and files this Motion for Extension of Time to Respond to Plaintiff's complaint and states:

1.     I am the successor trustee of the 3485 Lago De Talavera Trust.

2.     I have not been served or waived service of process.

3.     I need additional time to find the documents which attest to my being the appropriate person to serve on behalf of the Trust.

4.     Twenty days should be sufficient time.

WHEREFORE, Jeffrey M. Siskind responds to the Plaintiff's Motion for Default as to the 3485 Lago De Talavera Trust and requests an extension of time to respond to Plaintiff's complaint as more fully described herein.

Dated this 12th day of August, 2020.

**S I S K I N D   L E G A L , P L L C**

_____
/s/ Jeffrey M. Siskind
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565

NOT A CERTIFIED COPY

FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing paper was served upon all appropriate parties by Florida's E-filing Portal on the date of filing first affixed above.

**S I S K I N D   L E G A L , P L L C**

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

NOT A CERTIFIED COPY

Filing # 111771378 E-Filed 08/13/2020 04:39:01 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION        DIV:        "AF"
CASE NO.:        2020CA004149AXX

TALAVERA ASSOCIATION, INC.,

　　　　　　　　Plaintiff,
vs.

ROBERT GIBSON, et al.,

　　　　　　　　Defendants.
_____/

**AGREED ORDER GRANTING DEFENDANTS', SOVEREIGN GAMING &
ENTERTAINMENT, LLC, JUDITH SISKIND, SISKIND LEGAL SERVICES, LLC
AND 3485 LAGO DE TALAVERA TRUST'S, MOTIONS FOR EXTENSION OF
TIME TO RESPOND TO AMENDED COMPLAINT**

**THIS CAUSE** came on to be considered upon Defendants', SOVEREIGN GAMING &
ENTERTAINMENT, LLC, JUDITH SISKIND, SISKIND LEGAL SERVICES, LLC and 3485
LAGO DE TALAVERA TRUST's, Motions for Extension of Time to Respond to Amended
Complaint. The Court has been advised that the Plaintiff and Defendants, SOVEREIGN
GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND, SISKIND LEGAL SERVICES,
LLC and 3485 LAGO DE TALAVERA TRUST, are in agreement to the entry of this Order. It
is, accordingly,

　　　　**ORDERED and ADJUDGED** that:

1.　　That the Defendants, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH
SISKIND,  SISKIND LEGAL SERVICES, LLC and 3485 LAGO DE TALAVERA TRUST's,
Motions for Extension of Time to Respond to Amended Complaint are hereby **GRANTED**.

2.　　That the Defendants, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH
SISKIND,  SISKIND LEGAL SERVICES, LLC and 3485 LAGO DE TALAVERA TRUST,
shall file a response to Plaintiff's Amended Complaint within 20 days from the date of entry of
this Order.

　　　　**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida,
this 13 day of August, 2020.

50-2020-CA-004149-XXXX-MB  08/13/2020
John S. Kastrenakes  Judge

50-2020-CA-004149-XXXX-MB        08/13/2020
John S. Kastrenakes
Judge

Page **1** of **2**

Case No. 50-2020-CA-004149-XXXX-MB

Copies furnished to:

Backer Aboud Poliakoff & Foelster, LLP
The Arbor, Ste 420
400 South Dixie Highway
Boca Raton, FL 33432
RAboud@bapflaw.com
DRiggin@bapflaw.com
AHenriksen@bapflaw.com
SRahilly@bapflaw.com
Attorney for Plaintiff

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

George G. Kurschner, Esq.
The Law Office of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkur1@gmail.com
service.ggkur1@gmail.com
Attorney for Jeri L. Maler and George A. Maler
Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                          Case No. 50-2020-CA-004149-XXXX MB

ROBERT GIBSON, et al.,

        Defendants.

_____/

**OUT-OF-TIME RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Jeffrey M. Siskind ("Movant") on behalf of Sovereign Gaming &

Entertainment, LLC, Judith Siskind, Siskind Legal Services, LLC and 3485 Lago De Talavera

Trust ("Trust"), and files this response to Plaintiff's Amended Complaint, and states:

        1.      Movant needs additional time to respond, chiefly because Movant needs to

investigate its records to ascertain whether Movant can respond on behalf of the Trust..

        2.      There should be no prejudice to any party because service has not been made

upon several other defendants.

        WHEREFORE, Movant files this Out-of-Time Response to Plaintiff's Amended

Complaint and requests additional time to answer or file such other responsive paper as

necessary.

        Dated this 4th day of September, 2020.

                          **S I S K I N D   L E G A L , P L L C**

                          _____*/s/ Jeffrey M. Siskind*_____
                          Jeffrey M. Siskind, Esq.   FBN 138746

                1629 K Street, Ste. 300, NW   Washington, DC  20006
                113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
                3465 Santa Barbara Drive  Wellington, Florida  33414

                    TELEPHONE  (561) 791-9565
                    FACSIMILE  (561) 791-9581

NOT A CERTIFIED COPY

Email:  jeffsiskind@msn.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true copy of the foregoing First Amended Complaint was served upon all appropriate parties by Florida's E-filing Portal on the date of filing first affixed above.

**S I S K I N D   L E G A L , P L L C**

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                          Case No. 50-2020-CA-004149-XXXX MB

ROBERT GIBSON, et al.,

        Defendants.

_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Jeffrey M. Siskind, successor-in-interest to Defendant Siskind Legal Services, LLC and on behalf of and as counsel to Sovereign Gaming & Entertainment, LLC, Judith Siskind and 3485 Lago De Talavera Trust[1], and files this response to Plaintiff's complaint, and states:

1.      Nominal Defendant Judith Siskind was duly served with a Summons and Complaint on April 14, 2020.  Mrs. Siskind is referred to as a Nominal Defendant because she is a notice party against whom no affirmative relief was requested by Plaintiff.

2.      Upon being served, Mrs. Siskind contacted the undersigned who serves as Mrs. Siskind's general counsel to inform him of said service of process.  Mrs. Siskind is undersigned counsel's mother.

3.      Undersigned counsel then accessed the online docket and reviewed Plaintiff's complaint and noted that the real Defendant in interest is Robert Gibson, and that together with Mrs. Siskind, 3485 Lago De Talavera Trust, Siskind Legal Services, LLC (a lapsed Florida limited liability company survived by the undersigned) and Sovereign Gaming & Entertainment, LLC ("Sovereign") are additional Nominal Defendants against whom no affirmative relief is

_____

[1] Counsel believes that he is currently Trustee of 3485 Lago De Talavera Trust.

sought.

4.      By this motion each of the Nominal Defendants request that this matter be

dismissed as to them because they appear to possess no legal interest in the property which is the

subject of this suit, except Sovereign which holds equitable title to the property and is attempting

to enforce its ownership interest as against George and Jeri Maler and Robert Gibson in case no.

2019-CA-006159 which is currently before the Honorable Donald W. Hafele in Division AG;

any determination affecting Sovereign should therefore be deferred.

WHEREFORE, 3485 Lago De Talavera Trust, Judith Siskind and Siskind Legal Services,

LLC request that this matter be dismissed as to them on the basis that they have no apparent

interest in the property and that matters affecting Sovereign Gaming & Entertainment, LLC be

deferred until the matter currently before Judge Hafele is adjudicated.

**S I S K I N D   L E G A L, P L L C**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1ˢᵗ Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing paper was served upon all
appropriate parties by Florida's E-filing Portal on the date of filing first affixed above.

**S I S K I N D   L E G A L, P L L C**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,              CASE NO.: 502020CA004149XXXXMB(AF)

v.

ROBERT GIBSON, et al.,

        Defendant(s).

_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS', JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND AND 3485 LAGO DE TALAVERA TRUST'S, "OUT-OF-TIME RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT" FILED ON SEPTEMBER 4, 2020 AND MOTION TO STRIKE DEFENDANTS' "RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT FILED ON SEPTEMBER 9, 2020"**

Plaintiff, TALAVERA ASSOCIATION, INC., hereafter referred to as "Association," moves the Court for an Order striking Defendants', JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND and 3485 LAGO DE TALAVERA TRUST'S, "Out-of-Time Response to Plaintiff's Amended Complaint" filed on September 4, 2020 and Defendants' "Response to Plaintiff's Amended Complaint" filed on September 9, 2020 and as grounds therefore, states:

1. Plaintiff filed the above-styled lien foreclosure action to collect delinquent homeowner association assessments.

2. On May 22, 2020, Plaintiff filed an Amended Complaint.

3. On July 15, 2020, an Order was entered deeming the Amended Complaint filed.

4. On July 8, 2020, Defendants, JEFFREY SISKIND and 3485 LAGO DE TALAVERA TRUST, filed an Answer and Affirmative Defenses to Amended Complaint.

5. On August 5, 2020, Defendants, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC and JUDITH SISKIND, filed a Motion for Extension of Time to Respond to the Amended Complaint.

NOT A CERTIFIED COPY

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.: 502020CA004149XXXXMB(AK)
Page 2 of 4

6. On August 7, 2020, Plaintiff filed a Motion to Strike Defendants', JEFFREY
   SISKIND and 3485 LAGO DE TALAVERA TRUST, Affirmative Defenses to
   Amended Complaint.

7. On August 13, 2020, an Agreed Order was entered providing Defendants, SISKIND
   LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC
   and JUDITH SISKIND, with 20 days leave to file a response to Plaintiff's Amended
   Complaint.

8. On September 4, 2020, Defendants, JEFFREY SISKIND, SISKIND LEGAL
   SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH
   SISKIND and 3485 LAGO DE TALAVERA TRUST'S, filed an "Out-of-Time
   Response to Plaintiff's Amended Complaint." Yet, Defendants, JEFFREY SISKIND
   and 3485 LAGO DE TALAVERA TRUST, had already filed an Answer and
   Affirmative Defenses to the Plaintiff's Amended Complaint on July 8, 2020.

9. In Defendants' "Out-of-Time Response to Plaintiff's Amended Complaint,"
   Defendants yet again request additional time to respond to Plaintiff's Amended
   Complaint, despite that the document is entitled, in part, "Response" and despite that
   two of the five Defendants listed in the document have already filed an Answer and
   Affirmative Defenses to the Amended Complaint. The remaining Defendants were
   already provided with one extension of time within which to respond to the Amended
   Complaint.

10. On September 9, 2020, Defendants, SISKIND LEGAL SERVICES, LLC,
    SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND and 3485
    LAGO DE TALAVERA TRUST'S, file a "Response to Plaintiff's Amended
    Complaint." Again, Defendant, 3485 LAGO DE TALAVERA TRUST, had already

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.: 502020CA004149XXXXMB(AK)
Page 3 of 4

filed an Answer and Affirmative Defenses on July 8, 2020. This September 9, 2020

Response is requesting that said Defendants be dropped from the action without

providing any legal basis for such request. Defendants have an interest in the property

that is the subject of this lien foreclosure action and are proper parties to the case.

11. Defendants, JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC,

SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND and

3485 LAGO DE TALAVERA TRUST, are exhibiting a pattern of repeated improper

filings and are needlessly causing the Plaintiff to incur additional attorney's fees and

causing unnecessary delays.

WHEREFORE, Plaintiff, TALAVERA ASSOCIATION, INC., respectfully requests that

the Court strike Defendants', JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC,

SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND AND 3485 LAGO

DE TALAVERA TRUST'S, "OUT-OF-TIME RESPONSE TO PLAINTIFF'S AMENDED

COMPLAINT" FILED ON SEPTEMBER 4, 2020 and strike Defendants' "RESPONSE TO

PLAINTIFF'S AMENDED COMPLAINT FILED ON SEPTEMBER 9, 2020.    Plaintiff

requests any other further relief as may deem just and proper.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
email, if designated, or by U.S. Mail to the following parties on this 16th day of September, 2020.

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.:  502020CA004149XXXXMB(AK)
Page 4 of 4

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

George G. Kurschner, Esq.
The Law Office of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkur1@gmail.com
service.ggkur1@gmail.com
Attorney for Jeri L. Maler and George A. Maler

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Backer Aboud Poliakoff & Foelster, LLP
Counsel for Association
The Arbor, Ste 420
400 South Dixie Highway
Boca Raton, FL 33432
(561) 361-8535
(561) 361-3491 Fax
DRiggin@BAPFlaw.com
ahenriksen@bapflaw.com
raboud@bapflaw.com

By: _____
      Danielle Riggin, Esq.
      FBN 85322

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION        DIV:        "AF"
CASE NO.:        2020CA004149AXX

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

vs.

ROBERT GIBSON, *et. al.,*

        Defendants.

_____/

## ORDER GRANTING DEFENDANT'S, ROBERT GIBSON'S, "RESTATED MOTION FOR EXTENSION OF TIME TO RESPOND TO NOW AMENDED COMPLAINT WITH MULTIPLE ADDED PARTIES."

**THIS CAUSE** came before the Court on December 21, 2020 upon Defendant's, ROBERT GIBSON'S, "Restated Motion for Extension of Time to respond to Now Amended Complaint with Multiple Added Parties." The Court has reviewed the Motion, the court file and record, having heard argument of counsel, and Mr. Gibson, *pro se,* and after being otherwise duly advised in the premises, it is hereby

**ORDERED and ADJUDGED** that Defendant's, ROBERT GIBSON'S, "Restated Motion for Extension of Time to respond to Now Amended Complaint with Multiple Added Parties" is **GRANTED**. Defendant, ROBERT GIBSON, shall answer the Amended Complaint filed herein not later than January 15, 2021.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this 05 day of January, 2021.

50-2020-CA-004149-XXXX-MB     01/05/2021
John S. Kastrenakes
Judge

Case No. 50-2020-CA-004149-XXXX-MB

Copies to:


Danielle Riggin, Esq.
Ryan M. Aboud. Esq.
Backer Aboud Poliakoff & Foelster, LLP
Counsel for Association
The Arbor, Ste 420
400 South Dixie Highway
Boca Raton, FL 33432
(561) 361-8535
driggin@bapflaw.com
RAboud@BAPFLaw.com
epower@bapflaw.com


Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com


Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com


George G. Kurschner, Esq.
The Law Office of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkur1@gmail.com
service.ggkur1@gmail.com
Attorney for Jeri L. Maler and George A. Maler

Carl Stone

628 Edgebrook Lane

West Palm Beach, FL 33411


3485 Lago De Talavera Trust

c/o David Fiore

628 Edgebrook Lane

West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone

Case No. 50-2020-CA-004149-XXXX-MB

628 Edgebrook Lane

West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Sofiye Williams, Esq.
50 Broward Boulevard, Suite 1710
Fort Lauderdale, Florida 33395
sofiye@comcast.net
Attorney for Christopher George

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION        DIV:        "AF"
CASE NO.:        2020CA004149AXX

TALAVERA ASSOCIATION, INC.,

      Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,

      Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, "MOTION TO STRIKE DEFENDANTS', JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND AND 3485 LAGO DE TALAVERA TRUST'S, 'OUT-OF-TIME RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT' FILED ON SEPTEMBER 4, 2020" AND "MOTION TO STRIKE 'DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT' FILED ON SEPTEMBER 9, 2020."**

    **THIS CAUSE** came before the Court on December 21, 2020 upon Plaintiff's, TALAVERA ASSOCIATION, INC.'S, "Motion to Strike Defendants', JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND AND 3485 LAGO DE TALAVERA TRUST'S, 'Out-of-Time Response to Plaintiff's Amended Complaint' filed on September 4, 2020" and Plaintiff's "Motion to Strike 'Defendants' Response to Plaintiff's Amended Complaint' filed on September 9, 2020." The foregoing Defendants and counsel of record, JEFFREY SISKIND, did not appear at the hearing after notice. The Court has reviewed the Motion, the court file and record, having heard argument of counsel, and after being otherwise duly advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1. Plaintiff's, TALAVERA ASSOCIATION, INC.'S, "Motion to Strike Defendants', JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND AND 3485 LAGO DE TALAVERA TRUST'S, 'Out-of-Time Response to Plaintiff's Amended Complaint' filed on September 4, 2020" is **GRANTED**.

Page **1** of **4**

Case No. 50-2020-CA-004149-XXXX-MB

2. Defendants', JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC, JUDITH SISKIND AND 3485 LAGO DE TALAVERA TRUST'S, "Out-of-Time Response to Plaintiff's Amended Complaint" filed on September 4, 2020 is **STRICKEN** from the record as no response since Defendants, JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST, previously answered Plaintiff's Amended Complaint on July 8, 2020.

3. Plaintiff's, TALAVERA ASSOCIATION, INC.'S "Motion to Strike 'Defendants' Response to Plaintiff's Amended Complaint' filed on September 9, 2020" is **GRANTED**.

4. "Defendants' Response to Plaintiff's Amended Complaint" filed on September 9, 2020 is **STRICKEN** as to Defendant, JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST, since those Defendants previously answered Plaintiff's Amended Complaint on July 8, 2020.

5. The Court treats "Defendants' Response to Plaintiff's Amended Complaint" filed on September 9, 2020 as a Motion to Dismiss filed by the other Defendants, SISKIND LEGAL SERVICES, LLC; SOVEREIGN GAMING & ENTERTAINMENT, LLC AND JUDITH SISKIND, named in that filing and hereby **DENIES** the relief requested in "Defendants' Response to Plaintiff's Amended Complaint" filed on September 9, 2020.

6. Defendants, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC AND JUDITH SISKIND, shall answer Plaintiff's Amended Complaint filed herein not later than January 15, 2021.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this 11 day of January, 2021.

50-2020-CA-004149-XXXX-MB    01/11/2021
John S. Kastrenakes    Judge

50-2020-CA-004149-XXXX-MB    01/11/2021
John S. Kastrenakes
Judge

Case No. 50-2020-CA-004149-XXXX-MB

Copies to:

Danielle Riggin, Esq.

Ryan M. Aboud. Esq.

Backer Aboud Poliakoff & Foelster, LLP
Counsel for Association
The Arbor, Ste 420
400 South Dixie Highway
Boca Raton, FL 33432
(561) 361-8535
driggin@bapflaw.com

RAboud@BAPFLaw.com
epower@bapflaw.com

Jeffrey M. Siskind, Esq.

3465 Santa Barbara Dr.

Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

George G. Kurschner, Esq.
The Law Office of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkurl@gmail.com
service.ggkurl@gmail.com

Attorney for Jeri L. Maler and George A. Maler

Carl Stone

628 Edgebrook Lane

West Palm Beach, FL 33411

3485 Lago De Talavera Trust

Case No. 50-2020-CA-004149-XXXX-MB

c/o David Fiore

628 Edgebrook Lane

West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone

628 Edgebrook Lane

West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Sofiye Williams, Esq.
50 Broward Boulevard, Suite 1710
Fort Lauderdale, Florida 33395
sofiye@comcast.net
Attorney for Christopher George

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION        DIV:        "AF"
CASE NO.:        2020CA004149AXX

TALAVERA ASSOCIATION, INC.,

          Plaintiff,

vs.

ROBERT GIBSON, *et. al.,*

          Defendants.

_____/

### <u>ORDER GRANTING PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, "MOTION TO STRIKE DEFENDANTS', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST'S, AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, MOTION TO STRIKE RESERVATION OF RIGHT TO RAISE ADDITIONAL RELATED MATTERS AND MOTION TO STRIKE REQUEST FOR RELIEF."</u>

      **THIS CAUSE** came before the Court on December 21, 2020 upon Plaintiff's, TALAVERA ASSOCIATION, INC.'S, Motion to Strike Defendants', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST'S, Affirmative Defenses to Amended Complaint, Motion to Strike Reservation of Right to Raise Additional Related Matters and Motion to Strike Request for Relief."  Defendant and counsel of record, JEFFREY SISKIND, did not appear at the hearing after notice.  The Court has reviewed the Motion, the court file and record, having heard argument of counsel, and after being otherwise duly advised in the premises, it is hereby

      **ORDERED and ADJUDGED** as follows:

   1. Plaintiff's, TALAVERA ASSOCIATION, INC.'S, Motion to Strike Defendants', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUST'S, Affirmative Defenses to Amended Complaint, Motion to Strike Reservation of Right to Raise Additional Related Matters and Motion to Strike Request for Relief" is **GRANTED**;

   2. Defendant's, JEFFREY SISKIND'S AND 3485 LAGO DE TALAVERA TRUST'S, Affirmative Defense contained in Paragraph 29 of their Answer and Affirmative Defenses to Plaintiff's Amended Complaint filed on July 8, 2020 is **STRICKEN WITH PREJUDICE.**

Case No. 50-2020-CA-004149-XXXX-MB

3.   Defendant's, JEFFREY SISKIND'S AND 3485 LAGO DE TALAVERA TRUST'S, Affirmative Defense contained in Paragraph 30 of their Answer and Affirmative Defenses to Plaintiff's Amended Complaint filed on July 8, 2020 is **STRICKEN WITHOUT PREJUDICE** and with leave to amend to state the ultimate facts and/or grounds upon which such affirmative defense is based not later than January 15, 2021.

4.   Defendant's, JEFFREY SISKIND'S AND 3485 LAGO DE TALAVERA TRUST'S, Affirmative Defenses contained in Paragraphs 31 through 34, inclusive, are **STRICKEN WITH PREJUDICE** since the allegations contained therein are not affirmative defenses with respect to the cause of action stated in Plaintiff's Amended Complaint.

5.   Defendant's, JEFFREY SISKIND'S AND 3485 LAGO DE TALAVERA TRUST'S, Affirmative Defense contained in Paragraph 35 of their Answer and Affirmative Defenses to Plaintiff's Amended Complaint filed on July 8, 2020 is **STRICKEN WITH PREJUDICE** since the allegations contained therein is not an affirmative defense.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this 11 day of January, 2021.

50-2020-CA-004149-XXXX-MB   01/11/2021
John S. Kastrenakes   Judge

50-2020-CA-004149-XXXX-MB   01/11/2021
John S. Kastrenakes
Judge

Copies to:

Danielle Riggin, Esq.

Ryan M. Aboud. Esq.

Backer Aboud Poliakoff & Foelster, LLP
Counsel for Association
The Arbor, Ste 420

Case No. 50-2020-CA-004149-XXXX-MB

400 South Dixie Highway
Boca Raton, FL 33432
(561) 361-8535
driggin@bapflaw.com
RAboud@BAPFLaw.com
epower@bapflaw.com


-

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com


Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com


George G. Kurschner, Esq.
The Law Office of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkur1@gmail.com
service.ggkur1@gmail.com

Attorney for Jeri L. Maler and George A. Maler


Carl Stone

628 Edgebrook Lane

West Palm Beach, FL 33411


3485 Lago De Talavera Trust

c/o David Fiore

628 Edgebrook Lane

West Palm Beach, FL 33411


David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone

628 Edgebrook Lane

West Palm Beach, FL 33411


Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Case No. 50-2020-CA-004149-XXXX-MB

Sofiye Williams, Esq.
50 Broward Boulevard, Suite 1710
Fort Lauderdale, Florida 33395
sofiye@comcast.net
Attorney for Christopher George



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                            Case No. 50-2020-CA-004149-XXXX
MB

ROBERT GIBSON, et al.,

        Defendants.

_____/

**Amended Affirmative Defense**

    COMES NOW Jeffrey Siskind, individually and, in an abundance of caution on behalf of 3485 Lago De Talavera Trust ("Movants"), and files this Amended Affirmative Defense pursuant to leave granted in the third decretal paragraph of the Court's January 11, 2021 order.

    1.    In Movants' initial defense number 30 in the Answer and Affirmative Defenses to Plaintiff's Amended Complaint filed July 8, 2020, Movants affirmatively stated that Plaintiff's complaint failed to include necessary jurisdictional allegations.

    2.    The Court granted leave to Movants to amend the affirmative defense to state ultimate facts and/or grounds upon which the prior filed affirmative defense is based.

    3.    Although Plaintiff filed its case in circuit court, the minimum jurisdictional amount in controversy required is $30,000 pursuant to Section 34.01(c)(2), Florida Statutes, which amount is exclusive of interest, attorneys' fees and costs.

    4.    Notwithstanding, the only evidence as to the amount claimed to be due to Plaintiff is in the recorded Claim of Lien for Assessments ("Claim") which is attached to Plaintiff's complaint as "Exhibit A." The Claim recites under oath[1] that the amount due

is $14,204.08, which amount includes some interest, attorneys' fees and costs.

     5.     Nowhere it its Amended Complaint does Plaintiff allege, nor can it be inferred from the body of Plaintiff's Amended Complaint or its attachments, that the circuit court's minimum required jurisdictional amount in controversy is satisfied.

     6.     Nor is Plaintiff's standing sufficiently alleged.  Plaintiff only alleged that an unreferenced governing declaration permits it to foreclose it claim of lien, but Plaintiff allege that it served notice of its intent to foreclose prior to bringing suit, a condition precedent required by Section 720.3085(5), Florida Statutes.

     7.     Nor does Plaintiff's complaint allege personal or subject matter jurisdiction by specifying that individuals and entities which are parties to the litigation are subject to personal jurisdiction or that the property which is the subject of the litigation is located within Palm Beach County.

     Wherefore, Movants pray that Plaintiff's Amended Complaint be dismissed, and for such other and further relief as appropriate.

**S I S K I N D   L E G A L, P L L C**

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

---

[1] It is worth mentioning that the Claim of Lien was signed by Plaintiff's counsel under oath as "agent" for Plaintiff, which is troubling if said agent might need to be called as a witness in this case.

I HEREBY CERTIFY that a true copy of the foregoing First Amended Complaint was served upon all appropriate parties by Florida's E-filing Portal on the date of filing first affixed above.

**SISKIND LEGAL, PLLC**

*/s/ Jeffrey M. Siskind*

Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION       DIV:       "AF"
CASE NO.:     2020CA004149AXX

TALAVERA ASSOCIATION INC,
    Plaintiff/Petitioner

vs.

JUDITH SISKIND,
GEORGE A MALER,
SOVEREIGN GAMING & ENTERTAINMENT LLC,
et al.,
    Defendant/Respondents.
_____/

### ORDER DENYING MOTION TO RECONSIDER JANUARY 11, 2021 ORDERS

    **THIS CAUSE** came before the Court for review on January 20, 2021. Based upon

review of the Motion to Reconsider January 11, 2021 Orders, a complete review of the court

file, and the Court being otherwise fully advised in the premise, it is

    **ORDERED and ADJUDGED** that the Motion to Reconsider January 11, 2021

Orders is DENIED.

    **DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida this 20th day of January, 2021

                              50-2020-CA-004149-XXXX-MB   01/20/2021
                              John S. Kastrenakes   Judge

                        50-2020-CA-004149-XXXX-MB     01/20/2021
                        John S. Kastrenakes
                        Judge

**COPIES TO:**

| | | |
|---|---|---|
| 3485 LAGO DE TALAVERA TRUST | No Address Available | No E-mail Address Available |
| CARL STONE | No Address Available | No E-mail Address Available |

Page **1** of **2**

NOT A CERTIFIED COPY

Case No. 50-2020-CA-004149-XXXX-MB

| | | |
|---|---|---|
| DANIELLE RIGGIN | No Address Available | DRiggin@BAPFlaw.com |
| DAVID FIORE | No Address Available | No E-mail Address Available |
| DAVID FIORE | No Address Available | No E-mail Address Available |
| DAVID FIORE | No Address Available | No E-mail Address Available |
| DIANNA GEORGE | No Address Available | No E-mail Address Available |
| GEORGE G. KURSCHNER | 3200 NO FEDERAL HWY SUITE 222 BOCA RATON, FL 33431 | SERVICE.GGKUR1@GMAIL.COM george.kakurlaw@gmail.com |
| JEFFREY M. SISKIND | 525 S FLAGLER DR SUITE 500 WEST PALM BEACH, FL 33401 | No E-mail Address Available |
| JEFFREY M. SISKIND | 3465 SANTA BARBARA DR WEST PALM BEACH, FL 33414 | jeffsiskind@msn.com jeffsiskind@gmail.com |
| JENNIFER SCHIAVONE | No Address Available | jschiavone@bapflaw.com |
| KEITH F BACKER | No Address Available | driggin@bapflaw.com ahenriksen@bapflaw.com |
| ROBERT GIBSON | No Address Available | intelexigent@gmail.com |
| ROBERT GIBSON | 1709 22ND AVENUE NORTH LAKE WORTH, FL 33460 | No E-mail Address Available |
| RYAN M. ABOUD, ESQ | 400 S DIXIE HWY STE 420 BOCA RATON, FL 33432 | raboud@bapflaw.com |
| SHANE RAHILLY | No Address Available | SRahilly@bapflaw.com LPasquarelli@bapflaw.com AHenriksen@bapflaw.com |
| SOFIYE WILLIAMS | 500 E BROWARD BLVD SUITE 1710 FORT LAUDERDALE, FL 33394 | SOFIYE@COMCAST.NET williamslawfl@gmail.com |

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                          Case No. 50-2020-CA-004149-XXXX
MB

ROBERT GIBSON, et al.,

        Defendants.

_____/

### Second Amended Affirmative Defense

      COMES NOW Jeffrey Siskind, individually and, in an abundance of caution on behalf of 3485 Lago De Talavera Trust ("Movants"), and files this Second Amended Affirmative Defense pursuant to leave granted in the third decretal paragraph of the Court's January 11, 2021 order.

      1.      In Movants' initial defense number 30 in the Answer and Affirmative Defenses to Plaintiff's Amended Complaint filed July 8, 2020, Movants affirmatively stated that Plaintiff's complaint failed to include necessary jurisdictional allegations.

      2.      The Court granted leave to Movants to amend the affirmative defense to state ultimate facts and/or grounds upon which the prior filed affirmative defense is based.

      3.      Plaintiff's standing is not sufficiently alleged.  Plaintiff only alleged that an unreferenced governing declaration permits it to foreclose it claim of lien, but Plaintiff failed to allege that it first served notice of its intent to foreclose prior to bringing suit, a condition precedent required by Section 720.3085(5), Florida Statutes which states in pertinent part;

NOT A CERTIFIED COPY

The association may bring an action in its name to foreclose a lien for unpaid assessments secured by a lien in the same manner that a mortgage of real property is foreclosed and may also bring an action to recover a money judgment for the unpaid assessments without waiving any claim of lien. The action to foreclose the lien may not be brought until 45 days after the parcel owner has been provided notice of the association's intent to foreclose and collect the unpaid amount. The notice must be given in the manner provided in paragraph (4)(b), and the notice may not be provided until the passage of the 45 days required in paragraph (4)(a).

The relevant portion of the statute pertaining to notice and service states:

(4)  A homeowners' association may not file a record of lien against a parcel for unpaid assessments unless a written notice or demand for past due assessments as well as any other amounts owed to the association pursuant to its governing documents has been made by the association. The written notice or demand must:
(a)  Provide the owner with 45 days following the date the notice is deposited in the mail to make payment for all amounts due, including, but not limited to, any attorney's fees and actual costs associated with the preparation and delivery of the written demand.
(b)  Be sent by registered or certified mail, return receipt requested, and by first-class United States mail to the parcel owner at his or her last address as reflected in the records of the association, if the address is within the United States, and to the parcel owner subject to the demand at the address of the parcel if the owner's address as reflected in the records of the association is not the parcel address. If the address reflected in the records is outside the United States, then sending the notice to that address and to the parcel address by first-class United States mail is sufficient.

7.  Nor does Plaintiff's complaint allege personal jurisdiction over Movants by specifying that individuals and entities which are parties to the litigation are subject to personal jurisdiction or that the property which is the subject of the litigation is located within Palm Beach County.

Wherefore, Movants pray that Plaintiff's Amended Complaint be dismissed, and for such other and further relief as appropriate.

**S I S K I N D   L E G A L , P L L C**

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing First Amended Complaint was served upon all appropriate parties by Florida's E-filing Portal on the date of filing first affixed above.

**S I S K I N D   L E G A L , P L L C**

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,        CASE NO.: 502020CA004149XXXXMB(AF)

v.

ROBERT GIBSON, et al.,

        Defendant(s).

_____/

### PLAINTIFF'S REPLY TO DEFENDANTS' JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUSTS'S, SECOND AMENDED AFFIRMATIVE DEFENSE FILED ON JANUARY 21, 2021

        Plaintiff, TALAVERA ASSOCIATION, INC., hereafter referred to as "Association," replies to Defendants', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUSTS'S, Second Amended Affirmative Defense filed on January 21, 2021 and, as grounds therefore, states:

1. Plaintiff filed the above-styled lien foreclosure action to collect delinquent homeowners' association assessments.

2. Defendants', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUSTS'S, filed a Second Amended Affirmative Defense on January 21, 2021.

3. An Order was entered on April 30, 2021 providing that Association shall respond to Defendants', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUSTS'S Second Amended Affirmative Defense within 15 days from the date of entry of the Order.

4. In response to Defendants', JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUSTS'S Second Amended Affirmative Defense, Association responds that contrary to Defendants' assertion, Paragraph 23 of Association's Amended Complaint provides that "Association has complied with all conditions

NOT A CERTIFIED COPY

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.: 502020CA004149XXXXMB(AF)
PLAINTIFF'S REPLY TO DEFENDANTS' JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUSTS'S,
SECOND AMENDED AFFIRMATIVE DEFENSE FILED ON JANUARY 21, 2021
Page 2 of 3

precedent to filing this foreclosure action" which would include the mailing of the

presuit notices to the owner. If Defendants desire to see a copy of the notices,

Defendants may propound the relevant discovery requests.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email, if designated, or by U.S. Mail to the following parties on this ‾11‾ day of _____, 2021.

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

George G. Kurschner, Esq.
The Law Office of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkur1@gmail.com
service.ggkur1@gmail.com
Attorney for Jeri L. Maler and George A. Maler

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.: 502020CA004149XXXXMB(AF)
PLAINTIFF'S REPLY TO DEFENDANTS' JEFFREY SISKIND AND 3485 LAGO DE TALAVERA TRUSTS'S,
SECOND AMENDED AFFIRMATIVE DEFENSE FILED ON JANUARY 21, 2021
Page 3 of 3

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Sofiye Williams, Esq.
50 Broward Boulevard, Suite 1710
Fort Lauderdale, Florida 33395
sofiye@comcast.net
Attorney for Christopher George

        Backer Aboud Poliakoff & Foelster, LLP
        Counsel for Association
        The Arbor, Ste 420
        400 South Dixie Highway
        Boca Raton, FL 33432
        (561) 361-8535
        (561) 361-3491 Fax
        DRiggin@BAPFlaw.com
        ahenriksen@bapflaw.com
        raboud@bapflaw.com
        By:
           Danielle Riggin, Esq.
           FBN 85322

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                                Case No. 2020-CA-004149

ROBERT GIBSON, et al.,

        Defendants.

_____/

## MOTION TO DISMISS DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE

COME NOW Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith Siskind and seek dismissal of Plaintiff's claims against them with prejudice, and state:

1.     This is an action to foreclose a homeowner association claim of lien against a residential property located at 3485 Lago De Talavera, Lake Worth, Florida 33467 ("Property") which resulted from a failure to pay periodic assessments against Robert Gibson, the purported owner of the Property.

2.     Plaintiff filed its complaint on April 10, 2020 against Robert Gibson, Sovereign Gaming & Entertainment, LLC, George Maler, Jeri Maler, Siskind Legal Services, LLC and Judith Siskind.

3.     Plaintiff amended its complaint on May 22, 2020 to include Jeffrey Siskind and others as additional defendants.

4.     The complaint seeks payment of past due assessments from Robert Gibson as owner of the Property.  All of the other defendants were included to extinguish any interest they may have had in the Property at the time that Plaintiff filed its complaint.

5.      Since the case was filed, Zokaites Properties, LP  ("Zokaites") foreclosed its first

mortgage lien against the property in Palm Beach County case no. 2016-CA-012892.  Zokaites

was subsequently the successful bidder at the foreclosure sale, after which a Certificate of Title

was issued to Zokaites in August, 2021.

6.      As a result of Zokaites obtaining a Certificate of Title to the Property, all of the

defendants' claims to the Property were extinguished by operation of law.

7.      Dismissal of these defendants against whom Plaintiff has made no claim other

than to extinguish or subordinate their interests is appropriate.

WHEREFORE, Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital,

LLC and Judith Siskind request dismissal with prejudice of Plaintiff's claims against them by

operation of law.

**S I S K I N D   L E G A L , P L L C**

**/s/ Jeffrey M. Siskind**

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1ˢᵗ Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on
the date first affixed above the case style on the first page hereof upon all appropriate parties
by the filing hereof on Florida 's E-filing Portal, which parties are evidenced on the
certificate of service provided by the Portal, and via email to the mediator.

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

NOT A CERTIFIED COPY

IN THE COUNTY COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

     Plaintiff,

v.                                Case No. 50-2020-CA-004149-XXXX-MB

JEFFREY M. SISKIND, et al.,

     Defendants.

_____/

## MOTION TO TAKE JUDICIAL NOTICE

COMES NOW Plaintiff, Jeffrey M. Siskind, by and through undersigned counsel, and files this Motion to Take Judicial Notice, and states:

1.     In accordance with Section 92.202, Florida Statutes, which in pertinent part states that a Court can take judicial notice of "records of any court of this state …," which, pursuant to Section 90.203, is compulsory when a party requests it and gives the adverse party timely written notice of the request to enable the adverse party to prepare to meet the request, proof of which is filed with the court and furnishes the court with sufficient information to enable it to take judicial notice of the matter, Plaintiff requests that this Court judicially notice the following Docket Entries in Palm Beach County case no. 2016-CA-012892, copies of which are attached hereto, together with the Amended Certificate of Title recorded in the public records of Palm Beach County:

| No. | Entry Date | Title of Document |
|-----|------------|-------------------|
| 462 | April 20, 2021 | Final Judgment of Foreclosure |
| 524 | October 18, 2021 | Order on New Trial and Correcting Scrivener's Error |
| 527 | November 2, 2021 | Amended Certificate of Title (and as recorded) |

2.     This motion provides adequate notice to the adverse parties and furnishes the Court with sufficient information to enable it to take judicial notice of the attached documents.

WHEREFORE, Plaintiff respectfully requests that this Court take judicial notice of the court records enumerated above, and for such other and further relief as appropriate.

**SISKIND LEGAL, PLLC**
ATTORNEYS & CONSULTANTS

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Motion to Take Judicial Notice was served to all appropriate parties by Florida's E-filing Portal on the date of filing affixed above.

**SISKIND LEGAL, PLLC**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA
CASE NO.: 50-2016-CA012892XXXXMB
DIVISION: AE

ZOKAITES PROPERTIES, LP,

      Plaintiff,

v.

SOVEREIGN GAMING & ENTERTAINMENT,
LLC; GEORGE MALER; JERI MALER and
THE UNKNOWN PARTIES IN POSSESSION
OF 3485 LAGO DE TALAVERA, WELLINGTON,
FL 33467; and DAVID FIORE, individually and as
assignee for CARL STONE, 3485 Lago De Talavera
Trust and DIANNA GEORGE,

      Defendants.

_____/

## FINAL JUDGMENT OF FORECLOSURE

    This action came before the Court for trial on December 15, 16 and 18, 2020, and

January 7, 2021 and on April 8, 2021 (relating to attorneys' fees).  On the evidence presented,

    IT IS HEREBY ADJUDGED that:

    1.    Plaintiff, ZOKAITES PROPERTIES, LP ("Plaintiff"), 375 Golfside Road,

Wexford, PA 15090, is due:

| | |
|---|---:|
| Principal | 300,000.00 |
| Interest | 238,709.00 |
| Late fees | 7,950.00 |
| Force-placed insurance | 12,354.78 |
| Taxes | 8,977.02 |
| Attorneys' fees | 222,000.00 |
| Trial costs | 6,324.00 |
| Expert fees | 3,280.00 |
| **Total** | **$799,594.80** |
| Per diem after March 31, 2018 - $300,000 x 18%/365 | 147.95   per day |

NOT A CERTIFIED COPY

CASE NO.: 50-2016-CA-012892-XXXX-MB

2.      Plaintiff holds a lien for the total sum superior to all claims or estates of Defendants on the following property located at 3485 Lago De Talavera, Lake Worth, Florida, 33467, in Palm Beach County, Florida:

**Lot 29, Talavera P.U.D., according to the map or plat thereof as recorded in Plat Book 10579, Page 93, Public Records of Palm Beach County, Florida.**

3.      If the total sum with interest at the rate described in Paragraph 1, and all costs accruing subsequent to this Judgment are not paid, the Clerk of the Court shall sell the property at public sale on **June 1, 2021**, to the highest bidder for cash, in accordance with Section 45.031, Florida Statutes, by electronic sale beginning at 10:00 a.m. EST on the prescribed dates, at https://www.mypalmbeachclerk.clerkauction.com.  The foreclosure sale can only be cancelled by Court Order.

4.      Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if the Plaintiff is not the purchaser of the property for sale, provided; however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title.  If Plaintiff is the purchaser, the clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it, as is necessary to pay the bid in full.

5.      On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale to the extent said proceeds are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate of Title; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest from the date of this Judgment until paid; and by retaining any remaining amount pending further order of the Court.

6.      On filing the Certificate of Sale, Defendants and all persons claiming under or

2

CASE NO.: 50-2016-CA-012892-XXXX-MB

against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate

or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Florida

Statues, if any.  Upon the filing of the Certificate of Title, the person named on the Certificate of

Title shall be let into the possession of the property.  If any Defendant remains in possession of

the property, the clerk shall without further order of the court issue forthwith a writ of possession

upon request of the person named on the certificate of title.

7.      Jurisdiction of this action is retained to enter further orders that are proper

including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF.  YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.  PLEASE CHECK WITH THE CLERK OF THE COURT OF PALM BEACH COUNTY WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SERVICE OF PALM BEACH COUNTY, 1500 NW AVENUE L, BELLE GLADE, FL 33430; (561) 993-3836 FOR ASSISTANCE, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR**

CASE NO.: 50-2016-CA-012892-XXXX-MB

**SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT ONE OF THESE SERVICES FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

DONE AND ORDERED in Chambers, West Palm Beach, Palm Beach County, Florida.

502016CA012892XXXXMB _ 04/20/2021
Glenn D. Kelley _ Circuit Judge

502016CA012892XXXXMB   04/20/2021
Glenn D. Kelley
Circuit Judge

**Copies furnished to:**

**Samantha Tesser Haimo, Esq.**
FEIGELES & HAIMO LLP
7900 Peters Road, Suite B-200
Fort Lauderdale, FL  33324
(954) 376-5956 - Telephone
(954) 206-0188 - Facsimile
sth@womenatlawfl.com

**Peter M. Armold, Esq.**
GARY DYTRYCH & RYAN, P.A.
701 U.S. Highway One, Suite 402
North Palm Beach, FL  33408
Telephone – (561) 844-3700
Facsimile – (561) 844-2388
pma@gdr-law.com
lm@gdr-law.com

**Zokaites Properties, LP**
c/o Frank Zokaites
375 Golfside Road
Wexford, PA 15090

**George and Jeri Maler**
12509 World Cup Lane
Wellington, FL  33414 (via U.S. Mail)

**The Unknown Parties n/k/a Judy Siskind in Possession of
3485 Lago De Talavera, Wellington, FL  33467**
(via U.S. Mail)

NOT A CERTIFIED COPY

4

CASE NO.: 50-2016-CA-012892-XXXX-MB

**Sofiye Williams, Esq.**
SOFIYE WILLIAMS, P.A.
500 E. Broward Boulevard, Suite 1710
Fort Lauderdale, FL  33394
Telephone:  954-397-5739
sofiye@comcast.net

**Jeffrey M. Siskind, Esq.**
SISKIND LEGAL
3465 Santa Barbara Drive
Wellington, FL 33414
Telephone: (561) 791-9565
Facsimile: (561) 791-9581
jeffsiskind@msn.com

**Mr. Robert Gibson**
1709 22nd Avenue, N.
Lake Worth, FL  33460
Tel. (561) 868-2100
intelexigent@gmail.com

The moving party is shall furnish this order via US Mail to all parties not represented by counsel.

Case 9:22-cv-80145-DMM Document 7 Entered on FLSD Docket 02/01/2022 Page 66 of 143

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: AE
CASE NO.: 50-2016-CA-012892-XXXX-MB

ZOKAITES PROPERTIES LP,
     Plaintiff/Petitioner
vs.
SOVEREIGN GAMING & ENTERTAINMENT LLC,
GEORGE MALER,
JERI MALER,
et al.,
     Defendant/Respondents.

_____/

**ORDER ON NEW TRIAL AND CORRECTING SCRIVENER'S ERROR**

     **THIS CAUSE** came before the Court by Order of the Fourth District Court of Appeal ("Fourth District") in *Christopher George, et al. v. Zokaites Properties, LP, et al.*, No. 4D21-1244 (Order Sept. 27, 2021). The Fourth District relinquished jurisdiction to the trial court "for the purpose of issuing an order specifying the grounds for granting the new trial and correcting the scrivener's error in the final judgment of foreclosure and certificate of title." [1]

     1.    **New Trial**

     This case was initially heard by Senior Judge Howard Harrison. Judge Harrison is no longer an active senior judge in the Fifteenth Judicial Circuit. It is, therefore, axiomatic that Judge Harrison cannot state the basis for his rulings and the grounds for the so-called "new trial" must be based on the record.[2]

---

[1] This case is currently assigned to the Honorable Bradley Harper, Civil Division AE. However, the undersigned was assigned to Division AE at the time of the trial that resulted in the final judgment under appeal. Therefore, the undersigned is responding to the Fourth's District's Order.
[2] As will be clear, a new trial within the meaning of Fla. R. Civ. P. 1.530 was never actually granted in this case.

1

The initial non-jury trial was conducted on April 3, 2018 and April 6, 2018.  At the conclusion of the hearing, Judge Harrison made rulings from the bench.  Significantly, those rulings were never reduced to writing.  Judge Harrison never entered a final order or judgment. Fla. R. Civ. P 1.530 provides that: "A motion for a new trial or for rehearing shall be served not later than 15 days after the return of the verdict in a jury action **or the date of filing of the judgment in a non-jury action**. . . ."  (Emphasis added.)  It is clear from the record that no judgment was entered or filed following the April 2018 trial.  Therefore, there was no judgment upon which a party could seek a new trial and Judge Harrison did not grant a new trial under Rule 1.350.

Rather than grant a new trial, Judge Harrison declared a mistrial.  *See*, Order filed on June 26, 2018 (D.E. # 126)(attached).  There is no rule or statute requiring the trial court to make specific findings when declaring a mistrial.  A trial court's grant of a mistrial is a matter of discretion. *Gosciminski v. State*, 132 So. 3d 678, 695 (Fla. 2013).  A mistrial is to be granted "when an error is so prejudicial as to vitiate the entire trial." *Id*. at 696 (quoting *England v. State*, 940 So. 2d 389, 401-02 (Fla. 2006)).  Nevertheless, to the extent a basis for the mistrial needs to be stated, the June 26 Order provides sufficient guidance as to the issues considered by Judge Harrison.

Judge Harrison specifically stated that motions to intervene were pending and that additional discovery was necessary to consider whether additional evidence should be presented pursuant to a motion to reopen testimony.  To avoid any confusion concerning his oral non-final pronouncements, Judge Harrison stated: "Any findings by the Court on the merits of the case were not conclusive and are hereby vacated and stricken."

2.     **Correction of Scrivener's Error**

The second issue is the correction of a scrivener's error in the final judgment and certificate of title.  The final judgment of foreclosure and the certificate of title incorrectly state the plat book and page reference as "10579/93" when the correct plat book and page reference is "105/44."  The Court has reviewed the record and agrees that these are scrivener's errors that should be corrected. Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

(A)     The Final Judgment of Foreclosure filed on April 20, 2021 (D.E. # 462) is hereby amended, *nunc pro tunc* to April 20, 2021, so that the property description contained in paragraph 2 of that Order shall read, "Lot 29, Talavera P.U.D., according to the map or plat thereof as recorded in Plat Book 105, Page 44, Public Records of Palm Beach County, Florida."

(B)     The Clerk is directed to amend the Certificate of Title filed on August 19, 2021 (currently recorded at Title Book 32800, Page 691) so that the property description contained in the certificate shall read, "Lot 29, Talavera P.U.D., according to the map or plat thereof as recorded in Plat Book 105, Page 44, Public Records of Palm Beach County, Florida." and to issue and record an amended Certificate of Title reflecting these corrections.

**DONE and ORDERED** at West Palm Beach, Palm Beach County, Florida this 18th day of October, 2021.

502016CA012892XXXXMB _ 10/18/2021

*Glenn D. Kelley _ Circuit Judge*

502016CA012892XXXXMB     10/18/2021
Glenn D. Kelley
Circuit Judge

Copies to:

| Name | Address | Email |
|------|---------|-------|
| GEORGE MALER | 12509 WORLD CUP LANE WELLINGTON, FL 33414 | |
| SISKIND LEGAL GROUP | 525 S FLAGLER DR, SUITE 500 WEST PALM BEACH, FL 33401 | siskindlegal@gmail.com; jeffsiskind@msn.com |
| JERI MALER | 12509 WORLD CUP LANE WELLINGTON, FL 33414 | |
| KOPELOWITZ OSTROW PA | SAMANTHA TESSER HAIMO ONE WEST LAS OLAS BLVD, STE 500 FORT LAUDERDALE, FL 33301 | tesser@kolawyers.com; way@kolawyers.com; yannizze@kolawyers.com |
| SIDNEY E. LEWIS PA | 300 W ADAMS ST, SUITE 300 JACKSONVILLE, FL 32202 | lori@sidneyelewis.com; julie@sidneyelewis.com; lynea@sidneyelewis.com; slewis@sidneyelewis.com |
| SOFIYE WILLIAMS PA | 500 E BROWARD BLVD SUITE 1710 FORT LAUDERDALE, FL 33394 | sofiye@comcast.net |
| JUDY SISKIND | 3485 LAGO DE TALAVERA WELLINGTON, FL 33467 | |

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AO
CASE NO. 50-2016-CA-012892-XXXX-MB

TATAROW FAMILY PARTNERS LTD,

     Plaintiff/Petitioners

vs.

SOVEREIGN GAMING & ENTERTAINMENT LLC,
GEORGE MALER, JERI MALER, et al.,

     Defendant/Respondents.

_____/

## ORDER ON ZOKAITES PROPERTIES LP'S MOTION FOR RECONSIDERTATION AND/OR MOTION TO REOPEN THE TESTIMONY

     THIS CAUSE came before the Court on Zokaites Properties LP's Motion for Reconsideration and/or to Reopen the Testimony. The Court being advised of the premises finds the following.

     1. The hearing set for June 26 & 27, 2018 has been cancelled by separate order;

     2. Proceeding with that hearing without affording time to complete discovery     would have been prejudicial to the parties;

     3. There are additional motions to intervene that should be resolved before proceeding;

     3. Any findings by the Court on the merits of the case were not conclusive and are hereby vacated and stricken. It is

     **ORDERED AND ADJUDGED** that the Court declares a **MISTRIAL**. The trial shall be reset upon proper notice by the parties. It is

     **FURTHER ORDERED AND ADJUDGED** that Zokaites Properties LP's Motion for Reconsideration and/or to Reopen the Testimony is denied as **MOOT**.

     **DONE AND ORDERED**, in West Palm Beach, Palm Beach County, Florida this 26 day of June, 2018.

                                            _____
                                          SENIOR JUDGE HOWARD HARRISON

COPIES TO:

| | |
|---|---|
| GEORGE MALER | 12509 WORLD CUP LANE<br>WELLINGTON, FL 33414 |
| SISKIND LEGAL GROUP | 525 S FLAGLER DR, SUITE 500    siskindlegal@gmail.com<br>                              jeffsiskind@msn.com<br>WEST PALM BEACH, FL |

NOT A CERTIFIED COPY

Case No. 50-2016-CA-012892-XXXX-MB

| | | |
|---|---|---|
| | 33401 | |
| JERI MALER | 12509 WORLD CUP LANE WELLINGTON, FL 33414 | |
| KOPELOWITZ OSTROW PA | SAMANTHA TESSER HAIMO ONE WEST LAS OLAS BLVD, STE 500 FORT LAUDERDALE, FL 33301 | tesser@kolawyers.com way@kolawyers.com yannizze@kolawyers.com |
| SIDNEY E. LEWIS PA | 300 W ADAMS ST, SUITE 300 JACKSONVILLE, FL 32202 | lori@sidneyelewis.com julie@sidneyelewis.com lynea@sidneyelewis.com slewis@sidneyelewis.com |
| SOFIYE WILLIAMS PA | 500 E BROWARD BLVD SUITE 1710 FORT LAUDERDALE, FL 33394 | sofiye@comcast.net |
| JUDY SISKIND | 3485 LAGO DE TALAVERA WELLINGTON, FL 33467 | |

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

**CASE NO. 2016CA012892**

ZOKAITES PROPERTIES LP
        Plaintiff (s) / Petitioner (s)
vs.
SOVEREIGN GAMING & ENTERTAINMENT LLC; GEORGE MALER; JERI MALER; UNKNOWN
PARTIES IN POSSESSION OF 3485 LAGO DE TALAVERA WELLINGTON FL 33467; DAVID
FIORE AKA DAVID FIORE AS ASSIGNEE FOR CARL STONE 3485 LAGO DE TALAVERA
TRUST AND DIANA GEORGE; DIANA GEORGE; CHRISTOPHER GEORGE; DIANNA GEORGE;
3485 LAGO DE TALAVERA TRUST
        Defendant (s) / Respondent (s)

**AMENDED CERTIFICATE OF TITLE**
(Corrects legal description, per order dated 10/18/2021)

        THE UNDERSIGNED CLERK OF this Circuit Court Certifies that a Certificate of Sale was
executed and filed in this action on **June 1, 2021**, for the property described herein and that objections to
the sale have either not been filed within the time allowed by statutory law or, if filed, have been heard by
the court. The property in Palm Beach County, Florida is described as follows:

**LOT 29, TALAVERA P.U.D., ACCORDING TO THE MAP OR PLAT THEREOF AS
RECORDED IN PLAT BOOK 105, PAGE 44, PUBLIC RECORDS OF PALM BEACH COUNTY,
FLORIDA.**

was sold to:

**ZOKAITES PROPERTIES LP**
375 Golfside Drive
Wexford, Pa 15090-9419

                WITNESS my hand and seal of this Court on **November 2, 2021**,

                        **Joseph Abruzzo**, Clerk of the Circuit Court &
                        Comptroller, Palm Beach County

                        By: _____
                        Deputy Clerk, Duncan MacDonald

NOT A CERTIFIED COPY

CFN 20210504952
OR BK 33016 PG 1736
RECORDED 11/02/2021 13:24:30
Palm Beach County, Florida
AMT
Joseph Abruzzo
Clerk
Pg 1736; (1Pgs)

IN THE CIRCUIT COURT OF THE JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2016CA012892

ZOKAITES PROPERTIES LP
      Plaintiff (s) / Petitioner (s)
vs.

SOVEREIGN GAMING & ENTERTAINMENT LLC; GEORGE MALER; JERI MALER; UNKNOWN
PARTIES IN POSSESSION OF 3485 LAGO DE TALAVERA WELLINGTON FL 33467; DAVID
FIORE AKA DAVID FIORE AS ASSIGNEE FOR CARL STONE 3485 LAGO DE TALAVERA
TRUST AND DIANA GEORGE; DIANA GEORGE; CHRISTOPHER GEORGE; DIANNA GEORGE;
3485 LAGO DE TALAVERA TRUST
      Defendant (s) Respondent (s)

## AMENDED CERTIFICATE OF TITLE
### (Corrects legal description, per order dated 10/18/2021)

THE UNDERSIGNED CLERK OF this Circuit Court Certifies that a Certificate of Sale was
executed and filed in this action on **June 1, 2021**, for the property described herein and that objections to
the sale have either not been filed within the time allowed by statutory law or, if filed, have been heard by
the court. The property in Palm Beach County, Florida is described as follows:

**LOT 29, TALAVERA P.U.D., ACCORDING TO THE MAP OR PLAT THEREOF AS
RECORDED IN PLAT BOOK 105, PAGE 44, PUBLIC RECORDS OF PALM BEACH COUNTY,
FLORIDA.**

was sold to:

**ZOKAITES PROPERTIES LP**
375 Golfside Drive
Wexford, Pa 15090-9419

WITNESS my hand and seal of this Court on **November 2, 2021**,

**Joseph Abruzzo**, Clerk of the Circuit Court &
Comptroller, Palm Beach County

By: _____
Deputy Clerk, Duncan MacDonald

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

           Plaintiff,                    CASE NO.:  502020CA004149XXXXMB(AF)

v.

ROBERT GIBSON, et al.,

           Defendant(s).

_____/

### PLAINTIFF'S RESPONSE TO "MOTION TO DISMISS DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE"

        Plaintiff, TALAVERA ASSOCIATION, INC., hereafter referred to as "Association," responds to "Motion to Dismiss Defendants Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith Siskind with Prejudice" and states:

1. The Association filed the above-styled lien foreclosure action to collect delinquent homeowner association assessments.

2. While the Association acknowledges that Zokaites Properties, LP, hereafter referred to as "Zokaites," foreclosed what appears to be a first mortgage of record, Zokaites failed to join the Association as a defendant in the context of its mortgage foreclosure proceedings that had been pending in Case No. 502016CA012892XXXXMB in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, hereafter referred to as "First Mortgage Foreclosure Action."

3. Since Zokaites failed to join the Association as a Defendant in its First Mortgage Foreclosure Action, Zokaites failed to extinguish the Association's lien interest.[1]

_____

[1] Zokaites likewise failed to duly record a Lis Pendens in the context of its First Mortgage Foreclosure Action.

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.:  502020CA004149XXXXMB(AK)
PLAINTIFF'S RESPONSE TO "MOTION TO DISMISS DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL
SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE"
Page 2 of 4

4.  Undersigned counsel was unable to locate any pleading in the context of the First

Mortgage Foreclosure Action that evidences that Jeffrey Siskind, Siskind Legal Services,

LLC a/k/a Conquest Capital, LLC and Judith Siskind were joined as Defendants by

Zokaites for purposes of extinguishing their interests.

5.  Zokaites's failure to join the Association, Jeffrey Siskind, Siskind Legal Services, LLC

a/k/a Conquest Capital, LLC and Judith Siskind in its First Mortgage Foreclosure Action

necessarily means that their interests were not, as a matter of law, extinguished or

otherwise adjudicated.

6.  Since the Association's lien was not extinguished and since the rights of the Association,

Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith

Siskind were not adjudicated in the First Mortgage Foreclosure Action, the dismissal of

Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith

Siskind as requested by Mr. Siskind in his Motion to Dismiss is inappropriate and

unsupported.

WHEREFORE, Plaintiff, TALAVERA ASSOCIATION, INC., respectfully requests that

the Court deny the "Motion to Dismiss Defendants Jeffrey Siskind, Siskind Legal Services, LLC

a/k/a Conquest Capital, LLC and Judith Siskind with Prejudice" and enter any further Orders as

this Court may deem appropriate and just.


(This space intentionally left blank)

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.: 502020CA004149XXXXMB(AK)
PLAINTIFF'S RESPONSE TO "MOTION TO DISMISS DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL
SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE"
Page 3 of 4

        I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

email, if designated, or by U.S. Mail to the following parties on this 22nd day of December, 2021.

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

George G. Kurschner, Esq.
The Law Office of George Kurschner, PA
3200 N. Federal Hwy, Suite 222
Boca Raton, FL 33431
Ggkur1@gmail.com
service.ggkur1@gmail.com
Attorney for Jeri L. Maler and George A. Maler

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

TALAVERA ASSOCIATION, INC. v. ROBERT GIBSON, et al.,
CASE NO.:   502020CA004149XXXXMB(AK)
PLAINTIFF'S RESPONSE TO "MOTION TO DISMISS DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL
SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE"
Page 4 of 4

Sofiye Williams, Esq.
Sofiye Williams, PA
50 E. Broward Blvd., Ste. 1710
Fort Lauderdale, FL 33394
sofiye@comcast.net
williamslawfl@gmail.com
Attorney for Christopher George

Backer Aboud Poliakoff & Foelster, LLP
Counsel for Association
The Arbor, Ste 420
400 South Dixie Highway
Boca Raton, FL 33432
(561) 361-8535 (561) 361-3491 Fax
driggin@BAPFlaw.com
ahenriksen@bapflaw.com
raboud@bapflaw.com
By: /s/ Ryan M. Aboud, Esq.
        Ryan M. Aboud, Esq.
        FBN 27366

Filing # 140875090 E-Filed 12/22/2021 10:15:07 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,             CASE NO.: 502020CA004149XXXXMB(AF)

v.

ROBERT GIBSON, et al.,

        Defendant(s).

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC A/K/A
CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE**

        COME NOW Defendants Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest

Capital, LLC and Judith Siskind and file this Reply to Plaintiff's Response to Defendants'

Motion to Dismiss, and state:

        1.      Plaintiff's Response was filed just fifteen minutes prior to this morning's Uniform

Motion Calendar ("UMC") hearing which was coordinated and noticed more than a month

earlier on November 18, 2021.

        2.      As a result of the late filing, Defendants' counsel did not first see the filing until

after 2:30 pm today, long after the 8:30 am UMC hearing.

        3.      It is abundantly clear that Plaintiff herein had actual knowledge of filings in the

Zokaites foreclosure case (case no. 2016-CA-012892) which informed Plaintiff in this case and

provided a basis for Plaintiffs' addition of parties from the Zokaites case to its service list in this

case, some of which are wrong.

        4.      For instance, David Fiore and Dianna George filed an answer and affirmative

defenses by and through their counsel, Sofiye Williams, in the Zokaites foreclosure action on

February 28, 2017 at Docket Entry 34, after the original Plaintiffs in the Zokaites foreclosure

action filed an amended complaint adding "David Fiore, individually and as Assignee for Carl Stone, 3485 Lago De Talavera Trust ("Trust") and Dianna George" but David Fiore was never related in any way to the Trust and has never provided anyone with any proof of assignments.

5. It should be noted that Sofiye Williams also represented Christopher George and purported to represent the 3485 Lago De Talavera Trust in the Zokaites foreclosure action but apparently did not appear for these named parties in this case.

6. More importantly, Plaintiff's demonstrated awareness of the Zokaites foreclosure action provided Plaintiff with actual knowledge of the existence and progression of that case when Plaintiff filed the instant action, yet Plaintiff did not include Zokaites as a defendant.

7. As such, Plaintiff's protestation that a Lis Pendens was not recorded (but was filed) in the Zokaites foreclosure action may prove to be without merit.

WHEREFORE, Defendants provide this Reply to so inform the Court and any parties of the matters presented herein.

**SISKIND LEGAL, PLLC**
Attorneys and Consultants
**/s/ Jeffrey M. Siskind**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq. FBN 138746
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the date first affixed above the case style on the first page hereof upon all appropriate parties by the filing hereof on Florida 's E-filing Portal, which parties are evidenced on the certificate of service provided by the Portal, and via email to the mediator.

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq. FBN 138746

Case 9:22-cv-80145-DMM   Document 7   Entered on FLSD Docket 02/01/2022   Page 80 of 143

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

       Plaintiff,       CASE NO.: 502020CA004149XXXXMB(AF)

v.

ROBERT GIBSON, et al.,

       Defendant(s).

_____/

## NOTICE OF FILING

Defendant Jeffrey Siskind hereby files the attached ORDER DENYING "MOTION TO DISMISS DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE" AND ORDER GRANTING, IN PART, "MOTION TO TAKE JUDICIAL NOTICE" dated December 22, 2021.

**SISKIND LEGAL, PLLC**
Attorneys and Consultants

/s/ Jeffrey M. Siskind
_____
Jeffrey M. Siskind, Esq.   FBN 138746
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the date first affixed above the case style on the first page hereof upon all appropriate parties by the filing hereof on Florida 's E-filing Portal, which parties are evidenced on the certificate of service provided by the Portal, and via email to the mediator.

/s/ Jeffrey M. Siskind
_____
Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION     DIV:   "AF"
CASE NO.:   2020CA004149AXX

TALAVERA ASSOCIATION, INC.,

      Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,

      Defendants.

_____/

## ORDER DENYING "MOTION TO DISMISS DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE" AND ORDER GRANTING, IN PART, "MOTION TO TAKE JUDICIAL NOTICE"

**THIS CAUSE** came before the Court on December 22, 2021 upon a "Motion to Dismiss Defendants Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC, and Judith Siskind with Prejudice" filed by Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith Siskind on November 17, 2021 (DE #147), and a "Motion to Take Judicial Notice" filed by Jeffrey Siskind on November 18, 2021 (DE #149).  The Court has reviewed the foregoing Motions, the court file and record regarding the above-styled litigation, as well as the court files regarding the litigation matters pending (or that had been pending) regarding the real property located in Plaintiff's homeowner association community in Case No. 2016CA0012892AXX  and  Case No. 2019CA006159AXX  filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida and Case No. 2021CC009447AXX filed in the County Court of the Fifteenth Judicial Circuit in and for Palm

Beach County, Florida.  The Court, having heard argument of counsel, and after being otherwise duly advised in the premises, it is hereby

**ORDERED and ADJUDGED** that the Motion to Dismiss Defendants Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith Siskind with Prejudice is **DENIED**.  It is further

**ORDERED and ADJUDGED** that the Motion to Take Judicial Notice is **GRANTED IN PART**.  The Court shall take Judicial Notice of the Certificate of Title filed at Docket Entry No. 499 and the Amended Certificate of Title filed at Docket Entry No. 527 in the context of the first mortgage foreclosure proceedings that had been pending in Case No. 2016CA012892AXX in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Defendant, Jeffrey Siskind, Esq., shall serve a copy of this Order upon those parties indicated in the service list below who are not being served by email and shall file a Certificate of Service with the Court confirming the same.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this 22 day of December, 2021.

502020CA004149XXXXMB   12/22/2021
John S. Kastrenakes
Circuit Judge

2

Copies to parties on attached Service List:

## Service List

Ryan M. Aboud, Esq.
Danielle Riggin, Esq.
Backer Aboud Poliakoff & Foelster, LLP
Counsel for Association
The Arbor, Ste 420
400 South Dixie Highway
Boca Raton, FL 33432
driggin@BAPFlaw.com
ahenriksen@bapflaw.com
raboud@bapflaw.com

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Sofiye Williams, Esq.
Sofiye Williams, PA
50 E. Broward Blvd., Ste. 1710
Fort Lauderdale, FL 33394
sofiye@comcast.net
williamslawfl@gmail.com
Attorney for Christopher George, George A. Maler and Jeri L. Maler



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                                  Case No. 2020-CA-004149

ROBERT GIBSON, et al.,

        Defendants.

_____/

**MOTION TO REHEAR DENIAL OF DEFENDANTS JEFFREY SISKIND, SISKIND
LEGAL SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH
SISKIND MOTION TO DISMISS CLAIMS WITH PREJUDICE**

        COME NOW Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC
and Judith Siskind ("Defendants"), by and through undersigned counsel, and request rehearing of
the denial of their motion to dismiss Plaintiff's claims against them with prejudice, and state:

        1.      In a pending action to foreclose a homeowner association claim of lien against a
residential property located at 3485 Lago De Talavera, Lake Worth, Florida 33467 ("Property")
which resulted from a failure to pay periodic assessments against Robert Gibson, the purported
record owner of the Property, Plaintiff also brought non-monetary claims against Defendants.

        2.      While the complaint seeks payment of past due assessments from Robert Gibson
as record owner of the Property, Defendants were included only to extinguish any possible
interests they may have had in the Property.

        3.      Zokaites Properties, LP  ("Zokaites") foreclosed its first mortgage lien against the
property in Palm Beach County case no. 2016-CA-012892 and was subsequently the successful
bidder at the foreclosure sale, after which a Certificate of Title was issued to Zokaites in August,
2021.

6.      At all times relevant, Defendants had actual notice, by and through undersigned counsel, of the Zokaites foreclosure case.  Defendants, by and through undersigned counsel informed Plaintiff's counsel that they no longer possessed any claims against the Property and should therefore be dismissed from this action.  By denying Defendants relief, the Court permits Plaintiff to pursue frivolous claims and engage in malicious prosecution and elder abuse.

7.      As a consequence of their actual knowledge, and even though they were not included as named defendants in the Zokaites foreclosure case, any claims possessed by Defendants with respect to the Property were extinguished by operation of law when a Certificate of Title to the Property was issued after a foreclosure judgment was obtained and a sale was conducted, all of which Defendants possessed actual knowledge.

WHEREFORE, Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith Siskind request that the Court rehear its December 22, 2021 decision and dismiss Plaintiff's non-monetary claims against them with prejudice.

**S I S K I N D   L E G A L , P L L C**

**/s/ Jeffrey M. Siskind**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1ˢᵗ Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the date first affixed above the case style on the first page hereof upon all appropriate parties by the filing hereof on Florida 's E-filing Portal, which parties are evidenced on the certificate of service provided by the Portal, and via email to the mediator.

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                         Case No. 50-2020-CA-004149-XXXX MB

ROBERT GIBSON, et al.,

        Defendants.

_____/

**DEFENDANT JEFFREY SISKIND'S ANSWER AND AFFIRMATIVE DEFENSES**

    NOW COMES Jeffrey Siskind ("Siskind"), individually and on behalf of 3485 Lago De

Talavera Trust ("Trust"), together "Defendants," and state in response to Plaintiff's Amended

Complaint filed of even date:

    1.      Admitted.

    2.      Admitted.

    3.      Denied. Owner's claim to title is false.

    4.      Denied, and strict proof is demanded, except that Owner is personally liable for

all accrued assessments associated with the subject property.

    5.      Denied, and strict proof is demanded.

    6.      Defendants lack independent knowledge of payment history associated with the

subject property since it was transferred to George and Jeri Maler, and subsequently to Robert

Gibson.

    7.      Admitted as to Plaintiff's recorded lien; denied as to all else for lack of

knowledge.

    8.      Denied, and strict proof is demanded.

    9.      Admitted only as to the language of the statute; denied as to all else.

    10.    Admitted only as to a valid claim by Sovereign Gaming & Entertainment, LLC

NOT A CERTIFIED COPY

("SG&E"); denied as to all else.

11.     Denied, and strict proof is demanded.

12.     Denied, and strict proof is demanded.

13.     Admitted that Siskind Legal Services. LLC may have an interest in the proceeds of any recovery resulting from a foreclosure sale of the subject property; denied sa to all else.

14.     Upon information and belief, Judith Siskind's rights, title and interest in the subject property derive from her exercise of an elective share to SG&E and as an occupant.

15.     Denied as to Siskind individually, but admitted as to Siskind's role as trustee of the Trust.

16.     Denied.

17.     Denied.

18.     Admitted as to the Trust's claim to have a right, title or interest in the subject property; denied as to all else.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied for lack of knowledge, and strict proof is demanded.

24.     Denied for lack of knowledge, and strict proof is demanded.

25.     Admitted.

26.     Defendants likewise reallege their foregoing responses.

27.     Denied, except as to those expenses specifically permitted by the Plaintiff's governing documents and only provided that they run with the land.

28.     Denied for lack of knowledge, and strict proof is demanded.

WHEREFORE, Defendants request that the Court determine that Plaintiff's complaint is deficient for failure to attach documents referred to therein, to find in Defendants' favor, and for such other and further relief as appropriate.

## DEFENDANTS' AFFIRMATIVE DEFENSES

29.   Plaintiff's Amended Complaint is fatally deficient for Plaintiff's failure to attach a copy of Plaintiff's Declaration and documents attesting to alleged unpaid assessments.

30.   Plaintiff's complaint is also defective for its failure to include all necessary jurisdictional allegations.

31.   Defendant Robert Gibson' s claim to title because it resulted from a transaction which violated Section 697.01, Florida Statutes.

32.   Robert Gibson's claim to title has thwarted the efforts of other defendant(s) to obtain funds to satisfy Plaintiff's outstanding assessments, if any, and have jeopardized the interests of Defendants.

33.   The Court should determine that Gibson's claim to title is fraudulent so that other defendants may obtain funds necessary to satisfy any obligations to Plaintiff.

34.   Robert Gibson's false claim to be Owner of the subject property is belied by the fact that he has not paid property taxes, insurance, maintenance and assessments since obtaining bare legal title by means of a transaction which violated Section 687.01, Florida Statutes.

35.   Defendants specifically reserve on raising additional related matters.

WHEREFORE, the Court should consider the affirmative defenses expressed in paragraphs 29 and 30 as fatal to Plaintiff's complaint, and cognize paragraphs 31 through 34, inclusive as necessary crossclaims against Robert Gibson, and administer such relief as the Court deems proper in the circumstances.

Dated this 8th day of July, 2020.

**S I S K I N D   L E G A L , P L L C**

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true copy of the foregoing First Amended Complaint was served upon all appropriate parties by Florida's E-filing Portal on the date of filing first affixed above.

**S I S K I N D   L E G A L , P L L C**

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION     DIV:   "AF"
CASE NO.:    2020CA004149AXX

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,

        Defendants.

_____/

**ORDER DENYING "MOTION TO DISMISS DEFENDANTS JEFFREY SISKIND, SISKIND LEGAL SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC AND JUDITH SISKIND WITH PREJUDICE"**
**AND**
**ORDER GRANTING, IN PART, "MOTION TO TAKE JUDICIAL NOTICE"**

**THIS CAUSE** came before the Court on December 22, 2021 upon a "Motion to Dismiss Defendants Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC, and Judith Siskind with Prejudice" filed by Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith Siskind on November 17, 2021 (DE #147), and a "Motion to Take Judicial Notice" filed by Jeffrey Siskind on November 18, 2021 (DE #149). The Court has reviewed the foregoing Motions, the court file and record regarding the above-styled litigation, as well as the court files regarding the litigation matters pending (or that had been pending) regarding the real property located in Plaintiff's homeowner association community in Case No. 2016CA0012892AXX and Case No. 2019CA006159AXX filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida and Case No. 2021CC009447AXX filed in the County Court of the Fifteenth Judicial Circuit in and for Palm

Beach County, Florida.  The Court, having heard argument of counsel, and after being otherwise duly advised in the premises, it is hereby

**ORDERED and ADJUDGED** that the Motion to Dismiss Defendants Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith Siskind with Prejudice is **DENIED**.  It is further

**ORDERED and ADJUDGED** that the Motion to Take Judicial Notice is **GRANTED IN PART**.  The Court shall take Judicial Notice of the Certificate of Title filed at Docket Entry No. 499 and the Amended Certificate of Title filed at Docket Entry No. 527 in the context of the first mortgage foreclosure proceedings that had been pending in Case No. 2016CA012892AXX in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Defendant, Jeffrey Siskind, Esq., shall serve a copy of this Order upon those parties indicated in the service list below who are not being served by email and shall file a Certificate of Service with the Court confirming the same.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this 22 day of December, 2021.

502020CA004149XXXXMB   12/22/2021
John S. Kastrenakes
Circuit Judge

Copies to parties on attached Service List:

<u>**Service List**</u>

Ryan M. Aboud, Esq.
Danielle Riggin, Esq.
Backer Aboud Poliakoff & Foelster, LLP
Counsel for Association
The Arbor, Ste 420
400 South Dixie Highway
Boca Raton, FL 33432
driggin@BAPFlaw.com
ahenriksen@bapflaw.com
raboud@bapflaw.com

Jeffrey M. Siskind, Esq.
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Sofiye Williams, Esq.
Sofiye Williams, PA
50 E. Broward Blvd., Ste. 1710
Fort Lauderdale, FL 33394
sofiye@comcast.net
williamslawfl@gmail.com
Attorney for Christopher George, George A. Maler and Jeri L. Maler



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

       Plaintiff,

v.                                  Case No. 2020-CA-004149

ROBERT GIBSON, et al.,

       Defendants.

_____/

## MOTION TO CLARIFY AND AMEND THE SERVICE LIST

COMES NOW Jeffrey Siskind and files this Motion to Clarify and Amend the Service List in this case, and states that:

1.      There appear to be errors in the Service List which undersigned counsel brought to the attention of Plaintiff's counsel but which were not corrected, and concern that one of the defendants may currently be subject to the jurisdiction of the United States Bankruptcy Court. For the sake of clarity, all defendants are shown below.

2.      The original complaint in this case was filed on April 10, 2020, and listed Robert Gibson, Sovereign Gaming & Entertainment, LLC ("Sovereign"), George Maler, Jeri Maler, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC ("Siskind Legal") and Judith Siskind as defendants.

3.      Robert Gibson is pro se.

4.      Siskind Legal and Judith Siskind are represented by undersigned counsel.

5.      Sovereign is in a Chapter 7 bankruptcy case and is believed to be represented by Jesus Suarez, Esquire.

6.      George Maler and Jeri Maler are represented by Sofiye Williams, Esquire.

7.     An Amended Complaint was filed on May 22, 2020 which added the following defendants; Jeffrey Siskind, David Fiore, David Fiore as Assignee for Dianna Carl Stone, 3485 Lago De Talavera Trust, David Fiore as Successor Trustee of the 3485 Lago De Talavera Trust, Dianna George, Carl Stone and Christopher George.

8.     Jeffrey Siskind represents himself.

9.     Service upon David Fiore as Assignee for Dianna Carl Stone is believed to be defective because there is no individual named of Dianna Carl Stone.

10.     Service upon 3485 Lago De Talavera Trust ("Trust") was defective.

11.     Service upon David Fiore as Successor Trustee of the Trust is defective because David Fiore is not now and has never been Successor Trustee of the Trust.

12.     Service upon Carl Stone is believed to be defective because service was purportedly effected upon a "PARTNER" at David Fiore's residence address (Docket Entry 55) but Carl Stone resides in Pennsylvania.

13.     Diana George is apparently pro se.

14.     Christopher George is represented by Sofiye Williams.

15.     Service defects appear to affect those defendants shown in paragraphs 5, 9, 10, 11 and 12.

WHEREFORE, undersigned counsel files this Motion to Clarify and Amend the Service List to bring these matters to the Court's attention.

**S I S K I N D   L E G A L , P L L C**

**/s/ Jeffrey M. Siskind**

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the date first affixed above the case style on the first page hereof upon all appropriate parties by the filing hereof on Florida 's E-filing Portal, which parties are evidenced on the certificate of service provided by the Portal, and via email to the mediator.

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

              Plaintiff,                  CASE NO.: 502020CA004149XXXXMB(AF)

v.

ROBERT GIBSON, et al.,

              Defendant(s).

_____/

**MOTION TO PERMIT COUNSEL TO SHOW CAUSE**

      COME NOW counsel for Defendants Jeffrey Siskind, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC and Judith Siskind ("Counsel") and files this Motion to Permit Counsel to Show Cause, and states:

      1.     At a Uniform Calendar Hearing on December 22, 2021, the Court observed that Counsel may have violated its duty of candor to the Court by failing to notify judges in several cases involving the same real property that the cases are related.

      2.     The Court stated that it would render an order to show cause requiring Counsel to appear in person to address the Court's concerns but as of today no such order was of record.

      3.     Counsel adamantly disagrees with the Court's observations and on-the-record statements and desires an immediate opportunity to address them, especially because opposing counsel indicated that a transcript was prepared by a court reporter that counsel believes is likely to be misused if the Court's observations and concerns are left unaddressed.

      4.     Counsel requests that the Court set in a two-hour evidentiary hearing in mid-January, 2021  to resolve these matters.

      WHEREFORE, counsel for Defendants requests that the Court schedule said hearing, and for such other and further relief as appropriate.

**S I S K I N D   L E G A L , P L L C**
Attorneys and Consultants

## /s/ Jeffrey M. Siskind

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the date first affixed above the case style on the first page hereof upon all appropriate parties by the filing hereof on Florida 's E-filing Portal, which parties are evidenced on the certificate of service provided by the Portal, and via email to the mediator.

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.  FBN 138746

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA
CIVIL DIVISION     DIV:  "AF"
CASE NO.:     2020CA004149AXX

TALAVERA ASSOCIATION, INC.,
        Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,
        Defendants.
_____/.

## RULE TO SHOW CAUSE DIRECTED TO JEFFREY M. SISKIND

**IT IS HEREBY COMMANDED** that You, Jeffrey M. Siskind, W/M, 3465 Santa Barbara

Drive, Wellington, Florida, 33414, Florida Bar #138746, appear before this Court, on Monday,

January 24, 2022 at 3:30 p.m., in Courtroom 9-C, Palm Beach County Courthouse, 205 North

Dixie Highway, West Palm Beach, Florida, to **SHOW CAUSE** as to why you should not be held

in criminal contempt for the following conduct:

1.      In Case Number 2016CA012892AXX "AE," an action seeking foreclosure of the

residence located at 3485 Lago de Talavera, Wellington Florida, you represented defendant

Sovereign Gaming and Entertainment, LLC and your mother, Judith A. Siskind as the "unknown

tenant." Zokaites Properties, LP ("Zokaites") was later substituted as party Plaintiff.  Although

Plaintiff Zokaites was represented by separate counsel at that time, you have subsequently

represented Zokaites Properties, LP in other matters related to access to, and ownership of, 3485

Lago de Talavera.

During the pendency of that action, your mother, Judith A. Siskind resided at 3485 Lago

de Talavera.  Upon motion of counsel, on March 8, 2019, Judge Jeffrey Dana Gillen disqualified

you from representing Sovereign Gaming and Entertainment, LLC or any other party in the

NOT A CERTIFIED COPY

foreclosure of 3485 Lago de Talavera due to your obvious and continuing conflicts of interest that "threaten the very foundation of our legal system." *See* DE #230. Yet, subsequently, you sought to intervene on multiple occasions in that same litigation. *See e.g.* DE #302, which efforts were denied by Circuit Judge Glenn D. Kelley. That property was subsequently foreclosed by Court Order and was sold at foreclosure sale on August 19, 2021 to Plaintiff, Zokaites Properties, LP.

2.　　While 2016CA012892AXX was pending, you brought suit on May 8, 2019 in case number 2019CA006159AXX "AG," seeking injunctive relief on behalf of your mother, Judith A. Siskind to obtain access to the residence located at 3485 Lago de Talavera. In that action, you failed to notify the assigned judge, Circuit Judge Donald G. Haefel of the lower related case. You also took action in direct contravention and violation of Judge Gillen's disqualification Order by inserting yourself in litigation surrounding access to, and ownership of, 3485 Lago de Talavera. You brought this action within two (2) months of Judge Gillen's disqualification Order. Only when *pro se* defendant Robert Gibson brought to Judge Haefel's attention the disqualification order entered in 2016CA012892AXX, was the case transferred to Division "AE." *See* DE #83, February 18, 2021. For unknown reasons, the disqualification issue was not raised again before Judge Kelley after the case was transferred to Division "AE."

Later, during the course of litigation surrounding 2019CA006159AXX, on August 19, 2021, you sought an "Emergency Motion to Restore [your mother's] Access to Home (DE #116). In that Motion, you sought gate access for your mother from Talavera Association, Inc. ("Talavera") claiming her access was improperly terminated by Talavera. On August 20, 2021, Judge Ashley Zuckerman denied your Motion on the merits (DE #121).

3.　　In case number 2020CA004149AXX "AF," Talavera Association, Inc. sued numerous defendants, including Sovereign Gaming and Entertainment, LLC and Judith A. Siskind

for foreclosure of 3485 Lago de Talavera based on alleged unpaid assessments due and owing to the Association.[1]   Although you alerted the originally-assigned judge (Division "AK," Judge James L. Martz) of one of the lower case numbers then in front of Judge Haefel, you failed to seek transfer to Judge Kelley, despite that case being the lowest number involving foreclosure of the same property.  After Judge Martz was disqualified from presiding in this matter due to a motion filed by co-defendant Robert Gibson, the case was randomly assigned to Division "AF."

In this case, you answered the complaint on behalf of Defendant 3485 Lago de Talavera Trust and in August 2020 sought additional time to respond to the complaint on behalf of defendants Judith Siskind and Sovereign Gaming and Entertainment, LLC.  All three of those defendants were defendants in the 2016 foreclosure case (Judith Siskind as the "unknown person in possession of 3485 Lago de Talavera"), yet you did not abide by Judge Gillen's disqualification order despite the obvious overlap and relatedness of this case and the 2016 foreclosure action.  You failed to notify Judge Kastrenakes of Judge Gillen's disqualification order and failed to seek leave to represent the same defendants you were removed from representing by Judge Gillen in the same, or substantially related litigation involving the foreclosure of the same property at 3485 Lago de Talavera.

During the course of the litigation before Judge Kastrenakes in Division "AF," on August 20, 2021, you filed an "Emergency Motion for Limited Intervention and to Mandate Plaintiff to Provide Gate Access." DE #138.  In that Motion, in which you inexplicably now claim to represent Zokaites Properties, LP (the party Plaintiff in the 2016 foreclosure action), you failed to disclose that this same request was denied on the merits by Judge Zuckerman.  You also failed to seek

---

[1]   The 2016 foreclosure for the same property was based on the alleged failure to pay on a promissory note to a private lender, which note was secured by the property.

3

permission to represent a party from who Judge Gillen disqualified you in the same or a substantially related matter and to represent the party who was a party opponent of your previous clients in the foreclosure of 3485 Lago de Talavera. This Court denied your request on August 25, 2021 as an emergency. DE #142.

4.      Undaunted by two prior orders on seeking access to 3485 Lago de Talavera, on September 1, 2021 you filed another case in county court, case number 2021CC009447 ("RA") in which you sought injunctive relief to restore gate access to Zokaites Properties LP to the residential property. In that case, on September 6, 2021, you filed an "Emergency Motion for Preliminary Injunction to Permit Owner Access to Community." DE #7. In that Motion, you failed to notify and disclose to presiding Judge Sara Alijewicz that: (1) you were disqualified from representing Zokaites Properties, LP by Judge Gillen in the 2016 foreclosure case for the same property; (2) your purported representation of Zokaites Properties LP was related to the exact same subject matter in which you represented defendant Sovereign Gaming and Entertainment, LLC and your mother who were adverse parties to Zokaites Properties LP in the 2016 foreclosure case; and (3) the relief you were seeking was already twice rejected by other judges in related matters. Because of this deception and non-disclosure you were able to persuade Judge Alijewicz to grant your requested relief on September 8, 2021 (DE #8). Only when Talavera notified Judge Alijewicz of the prior litigation and denials in a Motion to Dismiss on September 15, 2021 (DE #13), did the presiding judge vacate her earlier Order (DE #16).

Only after Talavera brought to Judge Alijewicz's attention that you had previously sought the same relief in case number 2020CA004149, did you file a Notice of Withdrawal of your sought-after relief in that case on September 17, 2021. *See* DE #146, case #2020CA004149AXX).

4

This conduct, if true, amounts to multiple concerted and premeditated actions to impede the due administration of justice through violations of court orders, misrepresentation by omission, failures to disclose to the tribunal, blatant forum shopping, and conflicts of interest. This conduct, if true, also directly violates multiple Rules governing the Florida Bar, including violations of Rule 4-3.3 relating to Candor Toward the Tribunal, Rule 4-8.4 by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, and the Rules regarding Conflict of Interests. You are advised that if found in contempt of court you are subject to punishment in the Palm Beach County Jail of up to five months and twenty nine days, and a $500 fine as well as a probationary term.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida this __29__ day of December, 2021.

_____
JOHN S. KASTRENAKES
Circuit Judge

COPIES:

All counsel of record

Robert Gibson, *pro se*

5

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                                             Case No. 502020CA004149XXXXMB(AF)

ROBERT GIBSON, et al.,

        Defendants,

_____/

**ACCEPTANCE OF SERVICE AND PRELIMINARY RESPONSE TO RULE TO SHOW CAUSE**

COMES NOW, Jeffrey M. Siskind ("Respondent"), and files this Acceptance of Service and Preliminary Response to Rule to Show Cause, and states:

1.      Respondent verifies that the Rule to Show Cause rendered by the Court on December 29, 2021 was received by Respondent who files this Preliminary Response, subject to Respondent reserving its right to later assert any and all additional defenses.

2.      Respondent states for the record that **Respondent did not violate any court order**, which appears to be the only allegation contained within the Rule to Show Cause upon which a charge of criminal contempt could be based.

3.      The Order of Disqualification ("Order") rendered by the Honorable Jeffrey Dana Gillen in case no. 2016-CA-012892 stated in pertinent part that "Jeffrey M. Siskind is disqualified from representing Sovereign Gaming & Entertainment, LLC or any other party in this action from this point forward" due to "Siskind's previous representation of some of the defendants in this matter regarding the property . . . ."

4.      The Order did not prohibit Respondent from representation in any action other than the case at bar.  Nor did the Court explicitly state or even infer that Respondent would be precluded from representation in any other cases that involve the property that was the subject of that case.

5.      Respondent's motion to intervene as a pro se party also did not violate the court's disqualification order which only precluded Respondent from representing other parties as attorney.

WHEREFORE, Respondent requests that the Court amend its Rule to Show Cause by striking the language contained therein that refers to criminal, as opposed to civil, contempt.

**S I S K I N D   L E G A L, P L L C**

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565    FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing notice was served to all appropriate parties this 30th day of December, 2021 by Florida's E-filing Portal.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

       Plaintiff,

v.                               Case No. 2020-CA-004149

ROBERT GIBSON, et al.,

       Defendants.

_____/

**EMERGENCY MOTION FOR STATEMENT OF PARTICULARS PERTAINING
TO RULE TO SHOW CAUSE OR ALTERNATIVELY MOTION TO DISMISS**

      COMES NOW Jeffrey Siskind ("Defendant"), pro se, and files this Emergency Motion

for Statement of Particulars Pertaining to Rule to Show Cause or Alternatively Motion to

Dismiss Rule to Show Cause, and states:

      1.     On December 29, 2021, this Court rendered a Rule to Show Cause ("Order")

which, in pertinent part, purported to make a case for criminal contempt against the undersigned.

      2.     A hearing on the Order is scheduled for January 24, 2022 which requires the

undersigned's attendance to defeat all of the well pled allegations.

      3.     If, after review of the allegations, a defendant cannot ascertain that the required

elements on which each and every allegation are set forth, and related to operative facts with

sufficient certainty to enable the framing of an answer, the defendant has the right pursuant to Fl.

R. Crim. Pro. Rule 3.140(n) to demand that a statement of particulars be provided, which

statement of particulars must establish operative facts and relate them to the elements of each

and every allegation stated with sufficient particularity.

      4.     Any allegation brought against a defendant that cannot be clearly stated consistent

with the requirements set forth as in paragraph 3 above should be dismissed as insufficient, and a

defendant has the right to request dismissal of any insufficiently established allegations pursuant to Fl. R. Crim. Pro. Rule 3.190(c).

5.     Due process requires that the court timely respond in good faith to any motion brought pursuant to Rules 3.140(n) and/or 3.190(c) so that a respondent may have sufficient time to file an answer and adequately prepare a defense.

6.     For this reason, it was necessary for Defendant to bring this motion as an emergency in order that the court will have sufficient time to respond to the motion in good faith, and then allow Defendant sufficient time to file an answer if necessary.

7.     Because of the following listed infirmities, the Order is impermissibly vague, indistinct and indefinite, and cannot be adequately answered or defended against:

a.     The Order fails to describe with particularity allegations upon which it bases its allegation of criminal contempt against Defendant. Instead, various facts are conflated and over-broad allegations are made without specific reference to supporting facts. Absent presentation of specific facts that relate to the criminal contempt allegation, Defendant will be tasked with making assumptions about what the court believes are the facts upon which the court relies.

b.     The Court must articulate the basis for its allegation that Defendant could not represent parties in Palm Beach County case nos. 2019-CA-006159 (the "2019 Case"), 2020-CA-004149 (the "2020 Case") and 2021-CC-009447 (the "2021 Case"). If the Court contends that Judge Gillen's order in Palm Beach County case no. 2016-CA-012892 bars Defendant from representing parties in that case in other cases despite the absence of any language stating so in Judge Gillen's order, Defendant submits that the Court must express its contention with specificity so that Defendant may answer and adequately defend against a well pled allegation.

c.     Defendant submits that the Court's recitation of a partial quote from Judge

Gillen's order in the 2016 case is inaccurate, unfair and unduly prejudicial, and should be amended to include the full text of the reasoning in Judge Gillen's order to protect against misinterpretation of the 2016 order and permit Defendant to frame an adequate response.

      d.    The Court should explain why Defendant's motions to intervene as a party in the 2016 Case are of any import whatsoever.

      e.    The Court should explain why Defendant's failure to notify Judge Hafele in the 2019 Case of the 2016 Case is of any import whatsoever.

      f.    The Court should state with specificity why it adopts the position that the 2016 Case is "related" to the 2019 Case when prevailing law states otherwise.

      g.    The Court should express the basis for its allegation that Robert Gibson brought Defendant's disqualification in the 2016 Case, which is likely to be Gibson's disqualification motion filed at Docket Entry No. 72 but that was never adjudicated.

      h.    The Court should clarify whether it faults Defendant for the absence of any record showing that the 2019 Case disqualification issue was raised in Division AE after transfer, especially in light of Defendant's recollection that Judge Hafele stated in open court on February 2, 2021 that he had discussed the prospect of transferring the case with Judge Kelley.

      i.    The Court should state with specificity the import of Defendant's representation of his mother in the 2019 Case and the relevance of Judge Zuckerman's proper denial of a motion seeking access that was filed by Defendant before a Certificate of Title ("CT") was issued to Zokaites Properties, LP ("Zokaites") but which was ruled upon after the CT was issued.

      j.    The Court should explain why it believes that Defendant (instead of the filing attorney) had an obligation to seek transfer of the 2020 case to a lower numbered foreclosure case involving a Plaintiff that was not included as a Defendant in the 2020 case, and within

which lower numbered case the Plaintiff in the 2020 case was not a party.  The Court should

consider why its attempt to find Defendant at fault for a duty that arguably fell on the shoulders

of Plaintiff's counsel does not amount to selective enforcement of a non-existent duty.

k.      The Court should express its rationale of faulting Defendant for failing to seek

leave to violate a court order in the 2016 Case and why it believes two cases which are

independent foreclosures of the same real property for unrelated reasons are "the same, or

substantially related litigation."

l.      The Court should amend its erroneous assertion that the intervention motion that

was denied by Judge Zuckerman was the same as that which Defendant brought on behalf of

Zokaites, when the latter motion was not filed until after transfer of ownership to Zokaites.

m.      The Court should state why it used the term 'inexplicably' with reference to its

characterization of Defendant's nonconflicting current representation of Zokaites.

n.      The Court should explain why the denial of an intervention motion would

somehow prevent the filing of an independent motion for emergency relief on behalf of an

aggrieved party in a court of competent jurisdiction, and why it was improper to first seek to

intervene the aggrieved party in already pending litigation.

o.      The Court should state why denial of a motion as an emergency in pending

litigation should preclude a party from bringing an independent action for emergency relief

where circumstances are of an exigent nature and where relief through litigation could only be

obtained on an emergency basis pursuant to Chapter 720, Florida Statutes.

p.      The Court should state with specificity why Defendant had a duty to disclose its

disqualification litigation that involved the same real property but different issues.

q.      The Court should amend its erroneous assertions that the matters raised in the

2016 and 2021 cases were "the exact same subject matter" and that relief sought in the 2021 case was the same as that already rejected in two other cases, where one rejection was only as to whether the case constituted an emergency and the other involved relief sought by another party.

      r.     The Court should state with specificity which of Defendant's actions constitute the basis for "deception and non-disclosure" and specifically identify each instance where Defendant violated any duty to disclose.

      s.     The Court should state the basis for its erroneous assertion that Defendant did not disclose to Judge Alejewicz all three prior cases involving the real property.  See Docket Entry No. 7 at Paragraph No. 15 and the Certificate of Title in Palm Beach County case no. 2016-CA-012892 which was attached as an Exhibit B in Palm Beach County case no. 2021-CC-009447.

      t.     The Court should correct its erroneous inference that Judge Alejewicz was not notified of the 2016, 2019 and 2021 cases before she vacated her order granting emergency relief on September 15, 2021.

      u.     The Court should correct its erroneous inference that Defendant's withdrawal of a substantively different motion in the 2020 case was relevant or causally related to this Court's erroneous evaluation of the record in the 2021 case.

      v.     The Court should state with particularity and support with legal citation alleged actions on the part of Defendant were either "concerted or premeditated" or were undertaken for the purpose of impeding justice.

      w.     The Court should state with particularity and support with legal citation alleged actions by Defendant which constituted actions of omission or violated any duty to disclose, and support its assertions that Defendant engaged in "blatant forum shopping" and violated conflicts.

      y.     The Court should state with specificity the basis for its assertions that Defendant

violated the Florida Bar's Rules of Professional Conduct and the basis for its jurisdiction to determine whether said rules were in fact violated which Defendant submits are within the exclusive province of Bar Counsel.

z.       The Court should state with particularity the basis for its offensive and false assertions of Defendant's "dishonesty, fraud, deceit or misrepresentation" and explain the basis for its exercising jurisdiction over Defendant's actions in other case and judicial divisions.

8.       The Order suffers from multiple mistaken or misrepresented facts, unsupported and conclusive allegations, numerous general allegations not tied to any factual bases, conflated assertions of both law and fact, and alleges violations of duties that do not exist, most of which allegations are also missing required elements and are not expressed in separate counts.

9.       Absent suitable amendment of the Rule to Show Cause, the Court, which is prosecuting the Order, has failed to make out a prima facie case for Defendant's contempt and other improper conduct, and the Order must therefore be dismissed.

10.      This motion for a statement of particulars permits the Court an opportunity to amend its Order to comport with rules of pleading and correct misstated facts.

11.      However, absent immediate action by the Court which would be required to permit Defendant adequate time prior to the January 24, 2021 hearing by filing an answer and allowing preparation of a suitable defense, this cause should be dismissed.

WHEREFORE, Jeffrey M. Siskind requests that the Court immediately respond to this emergency motion and prepare and file a statement of particulars, or dismiss the Order forthwith.

**S I S K I N D   L E G A L , P L L C**

**/s/ Jeffrey M. Siskind**

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the date first affixed above the case style on the first page hereof upon all appropriate parties by the filing hereof on Florida 's E-filing Portal, which parties are evidenced on the certificate of service provided by the Portal, and by email to the Honorable John S. Kastrenakes via Chambers.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

Case 9:22-cv-80145-DMM   Document 7   Entered on FLSD Docket 02/01/2022   Page 114 of 143

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICAIL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION        DIV:        "AF"
CASE NO.:        2020CA004149AXX

TALAVERA ASSOCIATION INC,
        Plaintiff/Petitioner
vs.
JUDITH SISKIND,
GEORGE A MALER,
SOVEREIGN GAMING & ENTERTAINMENT LLC,
et al.,
        Defendant/Respondents.
_____/

**ORDER DENYING MOTION TO REHEAR DENIAL OF DEFENDANT'S, JEFFREY
SISKIND, SISKIND LEGAL SERVICES, LLC A/K/A CONQUEST CAPITAL, LLC
AND JUDITH SISKIND MOTION TO DISMISS CLAIMS WITH PREJUDICE**

THIS CAUSE came before the Court for review on January 07, 2022. Based upon

review of the Motion to Rehear Denial of Defendant's Jeffrey Siskind, Siskind Legal

Services, LLC A/K/A Conquest Capital, LLC and Judith Siskind Motion to Dismiss Claims

with Prejudice, a complete review of the court file, and the Court being otherwise fully

advised in the premise, it is

ORDERED AND ADJUDGED that the Motion to Rehear Denial of Defendant's,

Jeffrey Siskind, Siskind Legal Services, LLC A/K/A Conquest Capital, LLC and Judith

Siskind Motion to Dismiss Claims with Prejudice is **DENIED**.

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County,

Florida this 07 day of January, 2022.

50-2020-CA-004149-XXXX-MB        01/07/2022
John S. Kastrenakes
Circuit Judge

COPIES TO:

Case No. 50-2020-CA-004149-XXXX-MB

| | | |
|---|---|---|
| 3485 LAGO DE TALAVERA TRUST | No Address Available | No E-mail Address Available |
| CARL STONE | No Address Available | No E-mail Address Available |
| DANIELLE RIGGIN | No Address Available | DRiggin@BAPFlaw.com |
| DAVID FIORE | No Address Available | No E-mail Address Available |
| DAVID FIORE | No Address Available | No E-mail Address Available |
| DAVID FIORE | No Address Available | No E-mail Address Available |
| DIANNA GEORGE | No Address Available | No E-mail Address Available |
| FRANK ZOKAITES | No Address Available | frank@zokaites.com |
| GEORGE G KURSCHNER | No Address Available | service.ggkur1@gmail.com ggkur1@gmail.com |
| JEFFREY M. SISKIND | 525 S FLAGLER DR SUITE 500 WEST PALM BEACH, FL 33401 | No E-mail Address Available |
| JEFFREY M. SISKIND | 3465 SANTA BARBARA DR WEST PALM BEACH, FL 33414 | jeffsiskind@msn.com jeffsiskind@gmail.com |
| JENNIFER SCHIAVONE | No Address Available | jschiavone@bapflaw.com |
| KEITH F BACKER | No Address Available | driggin@bapflaw.com ahenriksen@bapflaw.com |
| ROBERT GIBSON | No Address Available | intelexigent@gmail.com |
| ROBERT GIBSON | 1709 22ND AVENUE NORTH LAKE WORTH, FL 33460 | No E-mail Address Available |
| RYAN M. ABOUD, ESQ | 400 S DIXIE HWY STE 420 BOCA RATON, FL 33432 | raboud@bapflaw.com |
| SHANE RAHILLY | No Address Available | SRahilly@bapflaw.com LPasquarelli@bapflaw.com AHenriksen@bapflaw.com |
| SOFIYE WILLIAMS | 500 E BROWARD BLVD SUITE 1710 FORT LAUDERDALE, FL 33394 | SOFIYE@COMCAST.NET williamslawfl@gmail.com |

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

Talavera Association,

        Plaintiff,

V.                               Case No. 2020-CA-004149

Judith Siskind, et al.,

        Defendant.

_____/

## MOTION TO RECUSE/DISQUALIFY THE HONORABLE JOHN S. KASTRENAKES

    Defendant, Jeffrey M. Siskind ("Movant"), brings this Motion to Recuse/Disqualify the Honorable John S. Kastrenakes, the trial judge in this matter, and states:

    1.      Pursuant to Section 38.10, Florida Statutes, a party that fears that it will not receive fair treatment may request recusal/disqualification of the judge in a matter, at which point the judge must review the recusal motion for legal sufficiency.

    2.      A Rule to Show Cause ("Rule") was rendered by Judge Kastrenakes on December 29, 2021 following the Judge's making of unsolicited accusatory statements concerning Movant during a Uniform Motion Calendar hearing on December 22, 2021.

    3.      Because of the nature of the Judge's serious but unsustainable allegations against Movant, including alleged direct contempt for behavior that did not occur before this Court, allegations of Movant's improper behavior by Movant in matters that are before other judges in other divisions, assertions that Movant violated rules which do not exist and cannot be inferred to exist, a factual analysis containing numerous errors and the severity of threatened punishment which includes possible incarceration, Movant fears that it will not receive a fair hearing on the Rule and all other matters before Judge Kastrenakes due to bias.

Also, Judge Kastrenakes' history of incarceration of others who, like Movant, had no prior criminal records, for perceived first offenses cannot be ignored.

4.     The Rule which was presumably authored by Judge Kastrenakes contained allegations that were not sufficiently pled to inform Movant as to exactly what allegedly improper conduct warranted a penalty so severe as to deprive Movant, who has never in nearly 25 years of practice been even discourteous to a tribunal, of his liberty.  Movant is also alarmed that these insufficiently pled allegations were authored by a judge with more than 20 years of experience, first as a prosecutor and then as a jurist, resulting in Movant possessing a reasonable fear of bias.

5.     The Rule was prepared in a prosecutorial fashion by a judge that served as a prosecutor for almost his entire career before obtaining a seat on the bench of the Fifteenth Judicial Circuit.  Movant reasonable believes that he will be denied due process if he is tasked with defending himself before a tribunal officiated by a judge who was the author of such unsustainable allegations, and that the manner in which the allegations were drafted indicates sufficient bias on the part of Judge Kastrenakes to indicate bias against Movant.

6.     In the Rule's concluding paragraph, Judge Kastrenakes stated that Movant's conduct, if true, constitutes contempt and violation of rules of professional responsibility, without also considering whether Movant's alleged conduct violates any rules of court or professionalism.  This indicates that Judge Kastrenakes has prejudged the outcome of a hearing to permit Movant to explain his behavior and Movant, as a result of the Court's apparent prejudgment, believes that he will not receive fair treatment before Judge Kastrenakes because of apparent bias ont eh part of the judge against Movant.

5.     To address the Court's insufficient allegations in a manner permitted by law,

pursuant to Fl. R. Crim Pro. 3.140(n), and to allow the Court to correct inaccuracies and to properly plead its allegations of wrongdoing, Movant filed an Emergency Motion for Statement of Particulars Pertaining to Rule to Show Cause or Alternatively Motion to Dismiss on January 5, 2022, which paper was filed as an emergency to permit the Court to respond in time sufficient to allow Movant sufficient time to file an answer and prepare a defense. Movant submits that in any case where the prosecutor is not also the judge, Judge Kastrenakes' inartful allegations would be dismissed, and Movant therefore alternatively requested dismissal pursuant to Fl. R. Crim. Pro 3.190(c).  Not surprisingly, the Court has not responded to Movant's motion, again due to bias.

6.      Despite the emergency nature of Movant's request and the passage of sufficient time to respond, there has been no response from the Court to Movant's Request for Statement of Particulars which would permit Movant to answer and prepare an adequate defense.  As a result, Movant reasonably fears that Judge Kastrenakes will not permit Movant a fair hearing on the Rule due to bias.

7.      Movant's filing of this motion in good faith based upon Movant's belief that Judge John S. Kastrenakes is biased against Movant and that as a result of that bias, Movant will not receive fair treatment at a hearing on the Rule to Show Cause in this case and on all other matters which are before the Court in this case.

WHEREFORE, the undersigned moves for the immediate recusal/disqualification of the Honorable John S. Kastrenakes in this matter, and for such other and further relief as appropriate.

STATE OF FLORIDA

COUNTY OF PALM BEACH

### AFFIDAVIT ATTESTING TO MOVANT'S GOOD FAITH BELIEF IN BIAS

AFFIANT, Jeffrey M. Siskind, attests under penalty of perjury that Movant filed this motion for recusal/disqualification of the Honorable John S. Kastrenakes in good faith based upon Movant's belief that Judge John S. Kastrenakes is biased against Movant and that as a result of that bias, Movant will not receive fair treatment at a hearing on the Rule to Show Cause in this case and on all other matters which are before the Court in this case.

FURTHER AFFIANT SAYETH NOT.

Affiant – Jeffrey M. Siskind

BEFORE ME appeared Jeffrey M. Siskind, who presented his Florida Driver's License as identification and voluntarily affixed his signature hereto in my presence, and did also state under oath that he attests to the truthfulness of the representations made herein.

(SEAL)



YVONNE R. PHILLIPS
Notary Public - State of Florida
Commission # HH 098512
My Comm. Expires Mar 5, 2025

Notary Public – State of Florida

## SISKIND  LEGAL, PLLC

*/s/ Jeffrey M Siskind*
Jeffrey M. Siskind, Esq.  FBN 138746

3465 Santa Barbara Drive Wellington, Florida 33414
TELEPHONE (561) 791-9565 FACSIMILE (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing motion was served upon the Honorable John S. Kastrenakes via the Division AF email, and upon Sofiye Williams, Esq., counsel for Defendant George Maler and Jeri Maler; Ryan Aboud, Esq., counsel for Defendant Talavera Association, Inc.; and Defendant Robert Gibson, pro se, via email upon the filing hereof



_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.  FBN 138746

Filing # 141900131 E-Filed 01/13/2022 08:08:32 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA
CIVIL DIVISION    DIV: "AF"
CASE NO.:    2020CA004149AXX

TALAVERA ASSOCIATION, INC.,
    Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,
    Defendants.
_____/

## ORDER ON SISKIND'S MOTION FOR STATEMENT OF PARTICULARS

**THIS CAUSE** came before the Court on Jeffrey M. Siskind's ("Siskind") Emergency

Motion For Statement of Particulars Pertaining to Rule to Show Cause or Alternatively Motion to

Dismiss (DE ## 167, 168), filed January 5, 2022.  The Court, having reviewed Siskind's Motion,

the court file and record, including the detailed Order to Show Cause (DE #164), entered December

29, 2022, and after being otherwise duly advised in the premises, it is hereby

    **ORDERED and ADJUDGED** that Jeffrey M. Siskind's Emergency Motion For

Statement of Particulars Pertaining to Rule to Show Cause or Alternatively Motion to Dismiss is

**DENIED.**

    **DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida,

this 13 day of January, 2022.

                         JOHN S. KASTRENAKES
                         Circuit Judge

COPIES:

All counsel of record

Robert Gibson, *pro se*

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                                        Case No. 2020-CA-004149

ROBERT GIBSON, et al.,

        Defendants.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S,
JEFFREY SISKIND'S, MOTION TO RECUSE/DISQUALIFY THE
HONORABLE JOHN S. KASTRENAKES**

      COMES NOW Jeffrey Siskind ("Defendant"), and files this Defendant's Reply to

Plaintiff's Response to Defendant's, Jeffrey Siskind's, Motion to Recuse/Disqualify the

Honorable John S. Kastrenakes ("Response" to Defendant's "Motion"), and states:

      1.      Defendant's Motion was timely filed within twenty (20) days of the Court's

rendering on a Rule to Show Cause, which is when Defendant discovered bias.

      2.      A timely filed Motion, which is expressly permitted by Rule 2.330(g), Fla. R. Jud.

Admin., cannot be perceived as forum shopping.

      3.      Contrary to Plaintiff's assertion that the facts constituting the grounds for

Defendant's Motion were discovered at a hearing in this case on another matter, it was not until

the Court rendered its Rule to Show Cause that Defendant believed that bias is exhibited by the

Court.

      4.      Plaintiff's Response is comprised of bare allegations without any proof as could

only be obtained by the Court's review of the official transcript of the December 22, 2021

hearing, but which Plaintiff has not filed as an exhibit in support of its Response.

      5.      Should Plaintiff file the hearing transcript, it will clearly show an appreciable

difference between what the Court stated at the December 22, 2021 hearing and allegations that were first alleged in the Rule to Show Cause.

6.      Plaintiff's argument that Defendant's Motion fails to state any basis for recusal and mistakenly cites to subsection (g) which is the wrong subsection of the applicable Rule. Instead, subsection (h) provides that the Court may review the Motion only to determine legal sufficiency.

7.      Defendant has adequately argued for recusal and its Motion is therefore legally sufficient.

8.       Contrary to Plaintiff's assertions, there was no forum shopping in any case mentioned by the Court in its Rule to Show Cause.

9.      Defendant's Motion cannot be shown to be based upon any adverse decision by this Court, and Plaintiff's inference is disingenuous.

10.      Contrary to Plaintiff's assertion that Defendant desires to escape accountability for any actions undertaken in litigation, Defendant looks forward to complete exoneration from wrongdoing in matters raise by the Rule to Show Cause for reasons that will be elucidated in an answer which will be filed once Defendant is able to obtain a better explanation of rules which were allegedly broken by Defendant.

11.      It should be noted that Defendant filed a motion which in pertinent part requested a Statement of Particulars to permit the Court to better explain its allegations which was denied today, which denial is further evidence of bias.

WHEREFORE, the Court should not consider Plaintiff's Response because it is an incorrect interpretation of the law affecting a motion for recusal/disqualification, and find that Defendant's Motion is legally sufficient.

# SISKIND LEGAL, PLLC

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing motion was served upon the Honorable John S. Kastrenakes via the Division AF email, and upon Sofiye Williams, Esq., counsel for Defendant George Maler and Jeri Maler; Ryan Aboud, Esq., counsel for Defendant Talavera Association, Inc.; and Defendant Robert Gibson, pro se, via email upon the filing hereof on Florida's E-filing Portal.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq. FBN 138746

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

      Plaintiff,

v.                                   Case No. 2020-CA-004149

ROBERT GIBSON, et al.,

      Defendants.

_____/

**MOTION FOR PROTECTION AGAINST DISQUALIFICATION CONFIRMING
DEFENDANT'S ELIGIBILITY TO CONTINUE TO REPRESENT HIS
<u>FORMER LAW FIRM AND JUDITH SISKIND AS DEFENDANTS</u>**

      COMES NOW Jeffrey Siskind ("Movant"), and files this Motion for Protection Confirming Defendant's Eligibility to Continue to Represent His Former Law Firm and Judith Siskind as Defendants, and states:

      1.      This matter is a foreclosure case brought by Plaintiff, a homeowner association, against defendants Robert Gibson ("Gibson"), Sovereign Gaming & Entertainment, LLC ("Sovereign"), George A. Maler, Jeri L.Maler, Siskind Legal Services, LLC, Judith Siskind and Movant, which was filed on April 20, 2020. Judith Siskind is Defendant's mother.

      2.      Plaintiff filed an amended complaint on May 22, 2020 to add additional defendants. The basis of Plaintiff's suit are unpaid association assessments due and owing to Plaintiff by Gibson for the Property located at 3485 Lago De Talavera, Lake Worth Florida 33467.

      3.      Movant timely filed its Answer and Affirmative Defenses on July 8, 2020.

      4.      After Movant filed its Answer, Plaintiff obtained additional summonses for added defendants 3485 Lago De Talavera Trust, Carl Stone, Dianna George and Christopher George on July 16, 2020.

4.      The additional defendants were added to foreclose any interests they may have claimed to the Property, while monetary relief was only sought against Gibson who purported to own the Property.

5.      Although the property was in foreclosure at the time that Plaintiff filed this foreclosure case due to Sovereign's failure to make all but the first six payments on a first mortgage due to Zokaites Properties, LP ("Zokaites"), Plaintiff chose not to include the first mortgagee as a defendant.

6.      Zokaites' foreclosure case was filed in 2016 by its predecessor-in-interest.  On August 19, 2021, Zokaites obtained a Certificate of Title to the Property as a result of its credit bid purchase at sale.

7.      All of the additional defendants except Dianna George and Christopher George were served on or before July, 2020, both of whom were then served on or before September, 2020.

8.      Despite the passage of more than fifteen months since the last defendant was served, no party has sought to disqualify Movant from representing his former law firm or Judith Siskind.

9.      No party has sought to disqualify Movant despite said counsel being disqualified in the 2016 Zokaites foreclosure case, within which Plaintiff was not named as a party.

10.     The law pertaining to attorney disqualification sets temporal limits on when a party must seek to disqualification of counsel, which limits have long since passed in this case.

11.     The issues in this case are sufficiently distinct from those raised in the Zokaites foreclosure matter and, although both cases pertained to the same Property, they are not related cases because of the independent nature of the claims asserted.

WHEREFORE, Movant seeks a protective order against disqualification, thereby confirming his eligibility to continue to represent his former law firm and Judith Siskind in this matter.

**S I S K I N D   L E G A L , P L L C**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE  OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing motion was served upon all registered parties via email on the date first affixed above upon the filing hereof on Florida's E-filing Portal.   Additional unregistered parties could not be served due to continuing errors in the Service List prepared by Plaintiff.

*/s/ Jeffrey M. Siskind*
Jeffrey M.  Siskind, Esq.  FBN 138746

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                             Case No. 2020-CA-004149

ROBERT GIBSON, et al.,

        Defendants.

_____/

**MOTION FOR REHEARING TO RECONSIDER AND VACATE ORDER**

        COMES NOW Jeffrey Siskind ("Movant"), and files this Motion for Rehearing to

Reconsider and Vacate Order, and states:

        1.      On January 12, 2022, undersigned counsel filed and served a legally sufficient

Motion to Recuse/Disqualify the Honorable John S. Kastrenakes.

        2.      Rule 2.330(f), Fla. R. Jud. Admin. Provides that, upon receipt of a legally

sufficient motion to disqualify, "the judge shall immediately enter an order granting

disqualification and proceed no further in the action."

        3.      Despite the filing of a legally sufficient Motion and a clear Rule which requires

otherwise, this Court has continued to preside over this matter.

        4.      On January 14, 2021, this Court rendered an Oder on Talavera [A]ssociation,

Inc.'s Motion to Cancel January 26, 2022 UMC Hearing on Defendant Jeffrey Siskind's Motion

to Clarify and Amend the Service List ("Order") that granted Plaintiff's motion to reschedule a

hearing set for January 26, 2021 on Movant's Motion to Clarify and Amend the Service List and

requires Movant to schedule a hearing with notice to all parties after meeting to confer with

Plaintiff's counsel.

        5.      The Court found "good cause" to continue the hearing which Movant had

scheduled after coordination and agreement with Plaintiff's counsel, after reviewing Plaintiff's counsel's motion (the "Rescheduling Motion") and "the court file and the record" because Plaintiff's counsel failed to check its "personal" calendar which it maintains separately from his "work calendar."

5.      Remarkably, Plaintiff's counsel asserted in its Resheduling Motion that the matters which pertain to proper service have "no bearing on the legal issues in this case." This inappropriate assertion is tantamount to stating that persons who Plaintiff's counsel chose to include on the service list because they may have an interest in this litigation do not need to be kept informed about the case.

6.      In addition to the sheer incorrectness of that assertion, what the Court was not able to review are numerous efforts on Movant's part to try to convince Plaintiff's counsel that the Service List contained errors and the importance of correcting it.

7.      Plaintiff's counsel's knowing continued perpetuation of an inaccurate Service List only became apparent to this Court when Movant was ordered to serve a Rule to Show Cause to persons on a Service List that Movant knew was inaccurate, as a result of language included in this Court's order to which Movant objected, but as proved by returned mail when Movant subsequently provided notice to the Court.

8.      Movant requests that this court reconsider its Order, first because it is based upon Plaintiff's counsel's claim that he is unable to manage his calendar, and second, because correcting the Service List is a matter that should have sufficiently concerned Plaintiff's counsel, an officer of the court, to recognize the need for notice to interested parties is a matter which should have been addressed long before now and without wasting the Court's valuable time.

9.      Hidden from the Court's view are Movant's repeated attempts to obtain cooperation from Plaintiff's counsel to make necessary corrections to the Service List, only to be ignored, rebuffed and insulted.  Movant submits that Plaintiff's counsel's offensive behavior warrants the imposition of the sanction of dismissal of this matter without prejudice.

10.     Still, although Movant can only inform Plaintiff's counsel of several entries on the Service List known to Movant to be incorrect, it is without means to provide information necessary to make corrections.

11.     The third and most important reason why this Court should reconsider and vacate its Order is that this Court currently is without authority to act in this matter pursuant to Rule 2.330(f), Fla. R. Jud. Admin.  While the Court should be aware that it lacks authority to proceed further in this matter, Movant's adherence to the Order could be construed as waiver of its pending recusal motion.

WHEREFORE, Movant requests that the Court rehear, reconsider and vacate, its Order on Talavera [A]ssociation, Inc.'s Motion to Cancel January 26, 2022 UMC Hearing on Defendant Jeffrey Siskind's Motion to Clarify and Amend the Service List

**S I S K I N D   L E G A L , P L L C**

_____/s/ Jeffrey M. Siskind_____

Jeffrey M. Siskind, Esq.   FBN 138746

3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565  FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE  OF  SERVICE

I  HEREBY  CERTIFY  that  a  true  copy  of  this  motion  was  served  upon  all registered  parties  via  email  on  the  date  first  affixed  above  upon  the  filing  hereof  on Florida's  E-filing  Portal  and  via  email  to  Judge  John  S.  Kastrenakes'  chambers. Additional  unregistered  parties  could  not  be  served  due  to  continuing  errors  in  the  Service List  prepared  by  Plaintiff.

_____/s/ Jeffrey M  Siskind_____

Jeffrey M. Siskind, Esq. FBN 138746



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION    DIV:  "AF"
CASE NO.:    2020CA004149AXX


TALAVERA ASSOCIATION, INC.,
        Plaintiff,
vs.

ROBERT GIBSON, *et. al.*,
        Defendants.
_____/

## ORDER DENYING JEFFREY M. SISKIND'S MOTION TO RECUSE/DISQUALIFY THE HONORABLE JOHN S. KASTRENAKES

**THIS CAUSE** came before the Court on Jeffrey M. Siskind's ("Siskind") Motion to Recuse/Disqualify the Honorable John S. Kastrenakes (DE #174), filed January 12, 2022,[1] pursuant to the Florida Rule of Judicial Administration 2.330, and the Court having reviewed Siskind's Motion, the pertinent Rule and applicable case law, and after being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** that Jeffrey M. Siskind's Motion to Recuse/Disqualify the Honorable John S. Kastrenakes is **DENIED** as legally and procedurally insufficient.  *See* Florida Rules of Judicial Administration 2.330; F.S. § 38.10; *Rodgers v. State*, 948 So. 2d 655, 673 (Fla. 2006); *Williams v. State*, 987 So. 2d 1, 10 (Fla. 2008); *Rodriguez v. State*, 919 So. 2d 1252, 1274 (Fla. 2005); *see also Ellis v. Henning*, 678 So. 2d 825, 827 (Fla. 4th DCA 1996) (comment about attorney behavior insufficient); *Nassetta v. Kaplan*, 557 So. 2d 919, 920-21 (Fla. 4th DCA 1990) (same).  The Court need not be disqualified from presiding over possible indirect criminal contempt

---

[1] The Motion was apparently filed on January 12, 2022 but was inexplicably not delivered to the Court's Chambers until 4:45 p.m. on January 19, 2022.

allegations initiated by the Court which do not involve disrespect to, or criticism of, the presiding judge. *Lowe v. State*, 468 So. 2d 258, 259 (Fla. 2d DCA 1985). Furthermore, disqualification is not proper based on adverse rulings of the trial judge. *Santisteban v. State*, 72 So. 3d 187, 194 (Fla. 4th DCA 2011); *Lambrix v. State*, 124 So. 3d 890, 903-04 (Fla. 2013). The Motion is also untimely. *See e.g. Rivera v. State*, 717 So.2d 477 (Fla. 1998) (judge's public statements made 5 months prior to motion for disqualification untimely); *Pendelton v. State*, 933 So. 2d 1291 (Fla. 4th DCA 2006).

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this ___20___ day of January, 2022.

JOHN S. KASTRENAKES
Circuit Judge

COPIES FURNISHED:

All counsel of Record

Robert Gibson, *pro se*

2

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA
CIVIL DIVISION     DIV:  "AF"
CASE NO.:    2020CA004149AXX

TALAVERA ASSOCIATION, INC.,
          Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,
          Defendants.
_____/

### ORDER ON SISKIND'S MOTION FOR
### REHEARING TO RECONSIDER AND VACATE ORDER

**THIS CAUSE** came before the Court on Jeffrey M. Siskind's ("Siskind") Motion for

Rehearing and Vacate Order (DE #182), filed January 15, 2022.  The Court, having reviewed

Siskind's Motion, the court file and record, including the Order Granting Talavera Association,

Inc's Motion to Cancel and Postpone Hearing on the accuracy of the service list (DE #181), entered

January 14, 2022, and the bases therefore, and after being otherwise duly advised in the premises,

it is hereby

**ORDERED and ADJUDGED** that Jeffrey M. Siskind's Motion for Rehearing and Vacate

Order is **DENIED.**  As stated by the Court in its Order Denying Siskind's Motion to Disqualify

(DE #178), the Court did not receive Siskind's Motion to Disqualify until January 19, 2022, a fact

borne out by a perusal of the Clerk's Docket.  Nevertheless, now that the Court has adjudicated

the Motion to Disqualify, the Court re-affirms its decision to postpone Siskind's Motion to Clarify and Amend Service List until the week of January 31, 2022.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this _____ day of January, 2022.

JOHN S. KASTRENAKES
Circuit Judge

COPIES:

All counsel of record

Robert Gibson, *pro se*

2

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

TALAVERA ASSOCIATION, INC.,

        Plaintiff,

v.                                Case No. 2020-CA-004149

ROBERT GIBSON, et al.,

        Defendants.

_____/

**AMENDED EMERGENCY MOTION FOR REHEARING OF ORDER DENYING
JEFFREY M. SISKIND'S MOTION TO RECUSE THE HONORABLE
JOHN S. KASTRENAKES (AMENDED TO INCLUDE EXHIBIT A)**

COMES NOW Jeffrey Siskind ("Movant"), and files this *Amended Emergency Motion
for Rehearing of Order Denying Jeffrey M. Siskind's Motion to Recuse the Honorable John S.
Kastrenakes* ("Order"), and states:

1.      On January 20, 2022, the Court rendered its Order, within which it held that
Movant's Recusal/Disqualification Motion ("Recusal Motion") filed by Movant on January 12,
2022 was "legally and procedurally insufficient."

2.      However, Movant submits that its Recusal Motion was both legally and
procedurally sufficient, for the following reasons:

      a.      The Recusal Motion, supported by Movant's Affidavit, was legally
sufficient because it sufficiently alleged that Judge Kastrenakes exhibited unfair bias which
would preclude Movant from receiving a fair hearing, first because of the very nature of the
allegations contained in the Rule to Show Cause ("Rule") rendered on December 29, 2021 and
possible prejudgment of matters, and then because of the Court's apparent reluctance to provide
a substantive response to Movant's January 5, 2022 *Emergency Motion for Statement of
Particulars Pertaining to Rule to Show Cause or Alternatively Motion to Dismiss* (the

"Particulars Motion'). The Recusal Motion was legally sufficient, because it alleged facts which "would cause the movant to have a well-grounded fear that he or she will not receive a fair trial at the hands of the judge." *State v. Shaw,* 643 So. 2d 1163, 1164 (Fla. 4th DCA 1994).

      b.    Movant's filing of its Emergency Particulars Motion, withing which Movant expressed 26 separate concerns that it believed the Court should address promptly to assure due process by allowing Movant sufficient time to answer and prepare a defense to the Rule was an effort by Movant to allay its fear of possible bias. Had the Court responded substantively to the Emergency Particulars Motion, due process would have been served and there would be no need to seek Judge Kastrenakes' recusal. The Recusal Motion stated in pertinent part:

> 6.    Despite the emergency nature of Movant's request and the passage of sufficient time to respond, there has been no response from the Court to Movant's Request for Statement of Particulars which would permit Movant to answer and prepare an adequate defense. As a result, Movant reasonably fears that Judge Kastrenakes will not permit Movant a fair hearing on the Rule due to bias.

      c.    The Recusal Motion was procedurally sufficient because it was filed <u>six days</u> after Movant filed its Emergency Particulars Motion which at that date went unanswered, and was the date on which Movant first reasonably determined that the Court did not intend to furnish a substantive response to Movant's Emergency Particulars Motion, despite knowing that its failure to do so would only serve to disadvantage Movant. Movant thus first <u>discovered the facts constituting the grounds</u> for its Recusal Motion. Florida Rule of Judicial Administration 2.330(e) provides that a "motion to disqualify shall be filed within a reasonable time not to exceed 10 days after <u>discovery of the facts constituting the grounds</u> for the motion." *State v. Cam Voong Leng*, 987 So.2d 236 (Fla. 4th DCQA 2008). Then coincidentally, on January 13,

2022, the day after the Recusal Motion was filed with a copy sent to Chambers, the Court simply denied the Emergency Particulars Motion.[1]

3.      Movant's Motion was timely filed because it was filed on the date that Movant because overwhelmingly convinced that Movant would not receive a fair trial before Judge Kastrenakes due to bias as a result of Movant's perception that the Court would not further due process by furnishing a substantive response to Movant's Emergency Particulars Motion.

4.      The Court's inattention to Movant's Emergency Particulars Motion was a separate and independent event that served to restart anew the 10-day statutory limitations period.

5.      Movant submits that it should be apparent that it did not rely upon any adverse rulings or previous "comments" about Movant's behavior as a basis for its Motion.

6.      A footnote which stated that the Motion was not delivered to Chambers until January 19, 2022 also is worth noting for its inference of bias.  On January 12, 2022, the same day that Movant filed the Motion, Movant served a copy of the Motion by email to Chambers, a copy of which is attached hereto as "Exhibit A."  Movant is aware that the Court also stated in its January 25, 2022 *Order on Siskind's Motion for Rehearing to Reconsider and Vacate Order* (pertaining to Plaintiff's continued use of an incorrect Service List) that the Court's perusal of the docket supported its allegation that the Motion was not delivered until January 19, 2022, but Movant submits that the docket only shows that the recusal Motion was filed on January 12, 2022.  Thus, the Court's inadvertent incorrect inference may reveal yet additional bias.

7.      Judge Kastrenakes should also consider how his continued participation in adjudicating the Rule which he authored and which contains allegations that incorporate references to cases which are not before him, but are instead before other independent

---

[1] Although the Court states that it did not receive the Recusal Motion until January 19, 2022, attached as "Ex. A" is a copy of the courtesy email sent to Chambers on January 12, 2022.

constitutional officers, may affect the public's perception of fairness and equity in the overall judicial process, and the resulting violation of his ethical duties as a judicial officer.

WHEREFORE, Movant requests that this Court rehear Movant's Recusal Motion on an emergency basis, and that the Honorable Kastrenakes recuse himself immediately to permit the random reassignment of this cause.

**SISKIND LEGAL, PLLC**

*/s/ Jeffrey M. Siskind*

Jeffrey M. Siskind, Esq.   FBN 138746

3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE  OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing motion was served upon all registered parties via email on the date first affixed above upon the filing hereof on Florida's E-filing Portal, which specifically included Ryan Aboud, Robert Gibson and Sofiye Williams, via e-mail to raboud@bapflaw.com, intelexigent@gmail.com and sofiye@comcast.net, respectively.  Additional unregistered parties could not be served due to continuing errors in the Service List prepared by Plaintiff.

*/s/ Jeffrey M  Siskind*

Jeffrey M.  Siskind, Esq.  FBN 138746

NOT A CERTIFIED COPY

## EXHIBIT A

-----Original Message-----
From: Jeffrey Siskind
Sent: Wednesday, January 12, 2022 4:41 PM
To: CAD-Division AF <CAD-DivisionAF@pbcgov.org>
Cc: Sofiye Williams (sofiye@comcast.net) <sofiye@comcast.net>; Robert Gibson (intelexigent@gmail.com) <intelexigent@gmail.com>; Ryan Aboud <raboud@bapflaw.com>
Subject: Talavera Assoc. v. Siskind; case no. 2020CA004149

Good afternoon - please provide the attached Motion to Recuse/Disqualify to Judge Kastrenakes.

Thank you,

Jeffrey M. Siskind, Esquire
S I S K I N D   L E G A L , P L L C
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE (561) 791-9565  FACSIMILE  (561) 791-9581
Emails:  jeffsiskind@msn.com & jeffsiskind@gmail.com

Note: Because of the possibility that emails may be automatically sent to a junk mail folder by our servers, or our unavailability to timely review all emails, you should NOT presume your email to this writer has been received AND READ unless a reply from the recipient to your email has been received by you, which contains the full contents of the email you provided to this writer.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments), was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter addressed herein.
THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.   **** PLEASE NOTE ****
Delivery of this communication is not intended to create, and receipt does not constitute, an Attorney-Client relationship. We cannot serve as your counsel in any matter unless we mutually

agree that I will represent you. No Attorney-Client relationship is formed unless specifically agreed to and signed in writing. The information contained in this message and any documents accompanying this transmission are protected under the Electronic Communication Privacy Act, 18 U.S.C. S2510-2521, and may be Attorney-Client Privileged and confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use of, disclosure, dissemination, distribution, reliance on the contents or copying of this communication is strictly prohibited and may result in legal action against you. If you have received this message in error, please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Alternatively, you may notify us by telephone immediately. No liability is accepted for any loss or damage resulting from a computer virus, or resulting from a defect in transmission of this email or any attached file.  If you reply to this communication, it is the duty and obligation of the sender to take practical measures to purge or safeguard and avoid providing sensitive metadata embedded in any electronic document to prevent the disclosure of confidential information.  A part of this law firm's practice involves the collection of debts on behalf of our clients. If you are someone against whom one of our clients has a claim, please be aware that this communication is from a Debt Collector as defined by the Fair Debt Collection Practices Act and any information obtained from you may be used for the purpose of collecting a debt. Because e-mail can be altered electronically, the integrity of this communication cannot be guaranteed.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA
CIVIL DIVISION   DIV: "AF"
CASE NO.:   2020CA004149AXX


TALAVERA ASSOCIATION, INC.,
    Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,
    Defendants.

_____/

**ORDER ON SISKIND'S AMENDED EMERGENCY MOTION FOR
REHEARING OF ORDER DENYING JEFFREY M. SISKIND'S MOTION TO RECUSE
THE HONORABLE JOHN S. KASTRENAKES**

**THIS CAUSE** came before the Court on Jeffrey M. Siskind's ("Siskind") Amended

Emergency Motion for Rehearing of Order Denying Jeffrey M. Siskind's Motion to Recuse The

Honorable John S. Kastrenakes (DE #185), filed January 26, 2022. The Court, having reviewed

Siskind's Motion, the court file and record, including the Order Denying Siskind's Motion to

Recuse (DE #178), entered January 20, 2022, and the bases therefore, and after being otherwise

duly advised in the premises, finds as follows:

First, counsel is reminded that a Motion for Rehearing is not a proper vehicle to re-argue

positions already taken and rejected by the trial judge. *Lawyers Title Ins. Corp. v. Reitzes*, 631 So.

2d 1100 (Fla. 4th DCA 1993). The proper function of a Motion for Rehearing is to call the Court's

attention to some point of law or fact that the court overlooked or misapprehended. *See Goter v.

Brown*, 682 So. 2d 155, 157-58 (Fla. 4th DCA 1996). Secondly, to the extent counsel is raising

new and different grounds not previously raised, such arguments are also improper in a Motion for

Rehearing. Those new grounds will not be entertained in a motion for rehearing. *Ayer v. Bush*,

775 So. 2d 368 (Fla. 4th DCA 2000); *Dabbs v. State*, 230 So. 3d 475, 476 (Fla. 4th DCA 2017).

**WHEREFORE,** it is hereby

**ORDERED and ADJUDGED** that Jeffrey M. Siskind's Amended Emergency Motion for Rehearing of Order Denying Jeffrey M. Siskind's Motion to Recuse the Honorable John S. Kastrenakes is **DENIED**.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this __27__ day of January, 2022.

JOHN S. KASTRENAKES
Circuit Judge

COPIES:

All counsel of record

Robert Gibson, *pro se*

2