UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

TALAVERA ASSOCIATION, INC.,

    Petitioner,

Case No. 9:22-cv-80144
State Case No. 502021CA004149XXXXMB

v.

ROBERT GIBSON, et al.,

    Respondents.

_____/

### AMENDED[1] NOTICE OF REMOVAL OF STATE COURT CLAIM

COMES NOW Jeffrey M. Siskind ("Petitioner") and files this Notice of Removal of State Court Claim, and states:

1.    Petitioner removes the Rule to Show Cause ("Rule") rendered on December 29, 2021 in Palm Beach County Circuit Court case no. 2020-CA-004149, which Rule constitutes a separate and independent cause of action against the undersigned Petitioner. Removal is pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343(a)(3) and (4), 28 U.S.C. 1441[2] and Fed. R. Civ. Pro. 11.

---

[1] This Amended Notice of Removal of State Court Claim is filed to clarify the that Judge John S. Kastrenakes is a party Defendant and correct grammatical and typographical errors contained in the original Notice only.

[2] Section 1441 states in pertinent part that except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. If a civil action includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the extra-jurisdictional claim. Only defendants against whom a claim has been asserted are required to join in or consent to the removal.

2. This case arises pursuant to a United States constitutional question pursuant to 28 U.S.C. 1331 and 28 U.S.C.1343(A)(3)[3] and (4)[4] and is timely removed on or before January 28, 2022, which removal is within thirty (30) days of the rendering of the Rule by the Honorable John S. Kastrenakes ("Judge Kastrenakes") on December 29, 2021.

3. The Rule violates the Privileges and Immunities Clause, Amendment 14 of the United States Constitution and thus raises a substantial and disputed federal question.

2. The Privileges and Immunities clause protects rights of U.S. citizens deemed to be fundamental, which rights include *"p*rotection by the government; the enjoyment of life and liberty, with the right to acquire and possess property of every kind, and to pursue and obtain happiness and safety; subject nevertheless to such restraints as the government may justly prescribe for the general good of the whole." *Corfield v. Coryell*, 6 F. Cas. 546 (1823), including the right to sue and to due process of law.

2. Although the Rule is not a separately numbered state court case, it suffices as a new and distinct cause of action brought within a pending underlying case, similar to an adversary case brought within the context of a pending bankruptcy matter.

3. Also similar to a bankruptcy matter, although there are other defendants in the underlying action, Petitioner is the only Defendant subject to the Rule and whose constitutional rights are placed in jeopardy.

4. The allegations brought against Petitioner by Judge Kastrenakes pertain to state court cases which are before other state court judges and are therefore outside of his jurisdiction,

---

[3] Section 1343(a)(3) states in pertinent part that removal may redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

[4] Section 1343(a)(4) states in pertinent part that removal may be obtained to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

and as such were undertaken in bad faith and with a malicious purpose in a manner exhibiting a wanton and willful disregard of Petitioner's rights.  As a consequence, Judge Kastrenakes is therefore not afforded the protection of judicial immunity.[5]

5.      The Rule, attached along with with all other relevant pleadings in the state court case as "Exhibit A"[6] to Petitioner's original Notice of Removal of State Court Case, conflates numerous attenuated allegations and is difficult, if not impossible, for Petitioner to respond to, other than to furnish a blanket denial of any wrongdoing.

6.      Petitioner filed a request for a Statement of Particulars in the state court case on January 5, 2022, only to have the request summarily denied by Judge Kastrenakes.

7.      On January 12, 2022, Petitioner sought to have Judge Kastrenakes recuse himself as a result of apparent bias which Petitioner believed would prevent Petitioner from receiving fair treatment at a hearing which would be administered by Judge Kastrenakes, the same judge who authored the Rule.

8.      While Petitioner recognizes that a judge can adjudicate a Rule that arises within a

---

[5] FS 768.28(a)  No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

[6] Copies of all relevant pleadings are attached hereto as "Exhibit A" and a copy of the Docket in the state court case is attached as "Exhibit B" to the original Notice of Removal filed January 28, 2022.

case or cases over which that judge has jurisdiction, Petitioner does not believe that a judge may adjudicate a Rule that alleges bad behavior in other cases that are or were formerly pending before other judges who are independent constitutional officers.

9. Petitioner believes that Judge Kastrenakes' basis for rendering the Rule is politically-motivated, and seeks to adjudicate of matters that are not within his pervue. Judge Kastrenakes was the target of national news media in 2019 for incarcerating a 21-year-old black man with no prior criminal record for ten (10) days for oversleeping and missing jury duty. Petitioner believes that Judge Kastrenakes rendered the Rule against Petitioner in an effort to attempt to cleanse his stained reputation in a year that he is eligible for reelection, essentially by saying 'see, I go after white people too.' This observation is bolstered by language contained in the very first line of the Rule which describes Petitioner as "W/M" (white male).

10. Petitioner shall prove that Judge Kastrenakes acted unethically, in bad faith and with malice, and that his despicable behavior in 2019 and at present reveals that he is unfit to continue to sit as a judge on the Fifteenth Circuit.

11. Petitioner shall further prove that Judge Kastrenakes' actions with respect to Petitioner, which were undertaken purely for personal gain, deprived Petitioner and all Floridians of their intangible right to a public official's honest services, and thereby constitute a criminal violation of the Honest Services Act.[7]

12. Judge Kastrenakes' bad faith actions are actionable because he used email as a means to further his preconceived and scheme that was designed to mitigate the damage caused

---

[7] "The public is not getting what it deserves: honest, faithful, disinterested service from a public official." *United States v. Mangiardi*, 962 F. Supp. 49, 51 (M.D. Penn. 1997), *aff'd*, 202 F.3d 255 (3d Cir. 1999).

by his inappropriate, newsworthy decisions in 2019, which artifice defrauded Florida's citizens.[8] Citizens of a state have a "right to the conscientious, loyal, faithful, disinterested, and unbiased" services of their public officials. *United States v. Mandel*, 591 F.2d 1347, *rev'd on reh'g en banc*, 602 F.2d 653 (4th Cir. 1979). "A fraud is perpetrated upon the public to whom the official owes fiduciary duties, *e.g.*, honest, faithful and disinterested service." Id., at 1362.

13. Federal law criminalizes schemes and artifices intended to obstruct justice. By rendering the Rule against Petitioner to improve his odds of being reelected, Judge Kastrenakes intended to interfere with Petitioner's dutiful representation of his clients and impeded the due administration of justice in violation of 18 U.S.C. 1503, which defines obstruction of justice as an act that "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede any officer in or of any court of the United States . . . or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice," and assigns a penalty of imprisonment for not more than 10 years.

14. Petitioner, a practicing attorney for more than 23 year who has not once even been discourteous to a judge is, as are all Florida-licensed attorneys, by definition an officer of the court.

15. Judge Kastrenakes' self-serving actions are not only reprehensible; they serve to demonstrate that he lacks sufficient judicial temperament and is ill-suited to adjudicate matters, as least those pertaining to Petitioner and our community's members of color to whom public officials owe equal fiduciary and professional duties.

---

[8] The federal mail and wire fraud statutes make it a crime to use the mail or wires in furtherance of any "scheme or artifice to defraud." See 18 U.S.C. §§1341, 1343.

WHEREFORE, Petitioner seeks removal of this matter, and such other and further relief as appropriate.

Respectfully submitted this 2nd day of February, 2022.

**S I S K I N D   L E G A L , P L L C**
ATTORNEYS & CONSULTANTS

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Motion to Remove State Court Case was noticed in the state court case and served upon all parties therein including Ryan Aboud, Robert Gibson and Sofiye Williams, via e-mail to raboud@bapflaw.com, intelexigent @gmail.com and sofiye@comcast.net, respectively via Florida's E-filing Portal on January 28, 2022.

**S I S K I N D   L E G A L , P L L C**

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 13874