UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA – WEST PALM BEACH DIVISION
CASE NO. 9:22-CV-80145-DMM

TALAVERA ASSOCIATION, INC.,

       Plaintiff,
v.

ROBERT GIBSON, et al.,

       Defendant(s).
_____/.

**<u>PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, MOTION TO REMAND CASE TO STATE COURT</u>**

Plaintiff, TALAVERA ASSOCIATION, INC., hereafter referred to as "Association," through undersigned counsel and pursuant to Title 28 U.S.C.A. §1447(c), moves the Court for an Order remanding these proceedings to State Court and an award of its actual expenses, including attorney's fees, and, as grounds therefore, states:

**I. INTRODUCTION AND FACTUAL BACKGROUND**

The Association is a Florida homeowners association and Florida not-for-profit corporation pursuant to Chapters 720 and 617, Fla. Stat. On April 10, 2020, almost two (2) years ago, the Association filed lien foreclosure proceedings in State Court to collect delinquent homeowner association assessments. The following month, on May 22, 2020, the Association filed a Motion for Leave to File Amended Complaint to join Defendant, JEFFREY SISKIND, hereafter referred to as "Siskind," a Florida-licensed attorney, and other Defendants to extinguish any interests they may have in the subject property. On July 15, 2020, the State Court granted the Association's Motion for Leave to File Amended Complaint. Siskind is also legal counsel to other Defendants who were joined in the Association's lien foreclosure action, including his law Firm, Defendant, Siskind Legal Services, LLC a/k/a Conquest Capital, LLC, and his mother,

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, MOTION TO REMAND CASE TO STATE COURT
Page 2 of 7

Defendant, JUDITH SISKIND.  Siskind's scorched-earth strategy and conduct and the manner in which he is litigating several State Court actions regarding the subject property prompted the State Court to enter a Rule to Show Cause Directed to Jeffrey M. Siskind on December 29, 2021 in which Siskind was ordered to show cause as to why he should not be held in contempt. A true and correct copy of the foregoing Rule to Show Cause Directed to Jeffrey M. Siskind is attached hereto as Exhibit "A."  Siskind subsequently filed a Motion to Recuse/Disqualify the Honorable John S. Kastrenakes, a Circuit Judge of the 15th Judicial Circuit in and for Palm Beach County, Florida, to which the State Court action is assigned. The State Court denied that Motion as legally and procedurally insufficient, denied Siskind's Motion for Rehearing on that Motion and denied Siskind's Amended Emergency Motion for Rehearing on that Motion.  Almost two (2) years after the filing of the Amended Complaint in which Siskind was joined as a Defendant and in a continued pursuit of his scorched-earth litigation strategy, Siskind filed a Notice of Removal (ECF No. 1) and an untimely Amended Notice of Removal (ECF No. 8) attempting to remove the foregoing Rule to Show Cause to Federal Court notwithstanding that he has no legal basis to do so.

    The Association respectfully submits that it is undisputable that the District Court lacks jurisdiction over State Court contempt proceedings and lacks original jurisdiction over the claims and defenses framed by the pleadings.  It is also undisputable from the record that the Court otherwise lacks jurisdiction since parties lack diversity of citizenship and since the amount in controversy does not exceed $75,000.00.  The Association respectfully submits that the instant action should be remanded to State Court in the Foreclosure Proceedings. There is no authority

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, MOTION TO REMAND CASE TO STATE COURT
Page 3 of 7

to remove an order requiring a Defendant (who is also a Florida-licensed attorney) to show cause why he should not be held in contempt of court.

## II. MEMORANDUM OF LAW

### A. Siskind's removal of the State Court contempt proceedings to Federal Court is unauthorized.

There is no law that supports the removal of State Court contempt proceedings to the District Court and the Association respectfully submits that the District Court is required to abstain from interfering in the State Court's contempt proceedings.

In Juidice v. Vail, 430 U.S. 327, 336 (1977), the United States Supreme Court held that Federal-Court interference with the State's contempt process is "an offense to the State's interest" and that "the contempt power lies at the core of the administration of a State's judicial system." In Juidice, a judgment debtor in a state court action was held in contempt of court and fined for failing to comply with a subpoena and for failing to appear at a hearing to show cause why he should not be held in contempt. Id. at 329. The debtor was arrested and jailed after failing to pay the fine. Id. at 330. The debtor subsequently filed suit in Federal Court to enjoin the use of contempt procedures authorized by State law alleging that the procedures leading to imprisonment for contempt of court violates the Fourteenth Amendment of the United States Constitution; however, those allegations were never raised, but could have been raised, in the state court action. Id. The Supreme Court found that it was abundantly clear that the debtor had an opportunity to present his federal claims in the State Court proceedings, found that he failed to so and held that no more was required for the District Court to abstain from interfering with the State Court's contempt proceedings. Id. at 337. The Supreme Court also held that such

interference with the contempt process not only unduly interferes with the legitimate activities of the State, but can also be readily interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles. *Id*. at 336.

While undersigned counsel recognizes the distinction, procedurally, between Siskind's removal of the State Court's contempt proceedings and the debtor's decision in Juidice to file a new action in the District Court, the fact remains that Siskind is attempting to have the District Court impermissibly adjudicate and otherwise interfere with the State Court's contempt proceedings. Like the Debtor in Juidice, Siskind had every opportunity to raise his federal claims in State Court, but failed to do so. Like Juidice, Siskind's attempts, at this juncture, to have the District Court intervene in the State Court's contempt proceedings based upon his allegations that the Rule to Show Cause violates the Fourteenth Amended of the United States Constitution is unauthorized.

The Association respectfully submits that the District Court is required to abstain from interfering with the State's Court's contempt proceedings and respectfully submits that the "Rule to Show Cause" should be remanded to the State Court.

**B. Siskind's Removal of the Rule to Show Cause (or any portion of these proceedings) was otherwise untimely and improper since the District Court lacks original jurisdiction to consider the claims framed by the pleadings, since the parties lack diversity of citizenship and since the amount in controversy does not exceed $75,000.00.**

The District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Title 28 U.S.C.A. §1331.  Any civil action filed in state court may be removed by a defendant to federal court if the case could have been

Case 9:22-cv-80145-DMM   Document 11   Entered on FLSD Docket 02/04/2022   Page 5 of 12

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, MOTION TO REMAND CASE TO STATE COURT
Page 5 of 7

brought originally in federal court. Title 28 U.S.C.A. §1441(a). A case arises under Federal law if it is federal law that creates the cause of action. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Federal courts also have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000.00 and (the action) is between citizens of different states. Title 28 U.S.C.A. §1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). A notice of removal is required to be filed within thirty (30) days after receipt of service of the initial pleading or summons. Title 28 U.S.C.A. §1446(b)(1).

While the Notice of Removal may be timely from the date of entry of the State Court's Rule to Show cause, since the District Court lacks jurisdiction to hear contempt proceedings that are the subject of the Rule to Show Cause, that leaves Siskind in a position to remove the State Court proceedings, to the extent any basis exists, solely within thirty (30) days of the date of service of the Complaint and/or Amended Complaint. Even if Mr. Siskind's Notice of Removal may be construed to remove any portion of the State Court proceedings other than the State Court's contempt proceedings, the Notice is untimely and beyond thirty (30) days from the date of filing and service of the Complaint and Amended Complaint. The Association submits that there exists no other basis exists for removal of the Association's Amended Complaint since that pleading states solely a count for foreclosure of a homeowner association lien for delinquent assessments and a count for damages for those under Florida law. The pleadings state no Federal claims and Federal law did not create the causes of action that are the subject of the State Court proceedings.

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, MOTION TO REMAND CASE TO STATE COURT
Page 6 of 7

The record also demonstrate that there is a complete lack of diversity of citizenship. The Association is a Florida homeowner association pursuant to Chapter 720, Fla. Stat., and a Florida corporation, not-for-profit, pursuant to Chapter 617, Fla. Stat., that manages and operates the Association's community located (and with a principal place of business) in Palm Beach County, Florida. Siskind is a Florida resident/citizen.

WHEREFORE, Plaintiff, TALAVERA ASSOCIATION, INC., respectfully requests that the Court remand the instant case to the State Court in the Foreclosure Proceedings and, in the order remanding the case, pursuant to Title 28 U.S.C.A. §1447(c), require Defendant to pay the Association's actual expenses, including attorney's fees, incurred as result of the removal.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by email, if indicated, or, otherwise, by regular U.S. mail this 4th day of February, 2022 upon:

Jeffrey M. Siskind, Esq.
Siskind Legal, PLLC
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, MOTION TO REMAND CASE TO STATE COURT
Page 7 of 7


3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Sofiye Williams, Esq.
Sofiye Williams, PA
50 E. Broward Blvd., Ste. 1710
Fort Lauderdale, FL 33394
sofiye@comcast.net
williamslawfl@gmail.com
Attorney for Christopher George, George A. Maler and Jeri L. Maler


                                            Respectfully submitted,

                                  By: /s/ Ryan M. Aboud, Esq.
                                          Ryan M. Aboud, Esq.
                                          FBN 27366
                                          Backer Aboud Poliakoff & Foelster, LLP
                                          400 S. Dixie Highway, Suite 420
                                          Boca Raton FL 33432
                                          Tel. (561) 361-8535
                                          Email: RAboud@BAPFLaw.com
                                          Counsel for Plaintiff,
                                          TALAVERA ASSOCIATION, INC.

<u>Exhibit "A"</u>

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA
CIVIL DIVISION    DIV: "AF"
CASE NO.:   2020CA004149AXX

TALAVERA ASSOCIATION, INC.,
    Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,
    Defendants.
_____/

### **<u>RULE TO SHOW CAUSE DIRECTED TO JEFFREY M. SISKIND</u>**

**IT IS HEREBY COMMANDED** that You, Jeffrey M. Siskind, W/M, 3465 Santa Barbara Drive, Wellington, Florida, 33414, Florida Bar #138746, appear before this Court, on Monday, January 24, 2022 at 3:30 p.m., in Courtroom 9-C, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida, to **SHOW CAUSE** as to why you should not be held in criminal contempt for the following conduct:

    1.    In Case Number 2016CA012892AXX "AE," an action seeking foreclosure of the residence located at 3485 Lago de Talavera, Wellington Florida, you represented defendant Sovereign Gaming and Entertainment, LLC and your mother, Judith A. Siskind as the "unknown tenant." Zokaites Properties, LP ("Zokaites") was later substituted as party Plaintiff. Although Plaintiff Zokaites was represented by separate counsel at that time, you have subsequently represented Zokaites Properties, LP in other matters related to access to, and ownership of, 3485 Lago de Talavera.

    During the pendency of that action, your mother, Judith A. Siskind resided at 3485 Lago de Talavera. Upon motion of counsel, on March 8, 2019, Judge Jeffrey Dana Gillen disqualified you from representing Sovereign Gaming and Entertainment, LLC or any other party in the

foreclosure of 3485 Lago de Talavera due to your obvious and continuing conflicts of interest that "threaten the very foundation of our legal system." *See* DE #230. Yet, subsequently, you sought to intervene on multiple occasions in that same litigation. *See e.g.* DE #302, which efforts were denied by Circuit Judge Glenn D. Kelley. That property was subsequently foreclosed by Court Order and was sold at foreclosure sale on August 19, 2021 to Plaintiff, Zokaites Properties, LP.

2. While 2016CA012892AXX was pending, you brought suit on May 8, 2019 in case number 2019CA006159AXX "AG," seeking injunctive relief on behalf of your mother, Judith A. Siskind to obtain access to the residence located at 3485 Lago de Talavera. In that action, you failed to notify the assigned judge, Circuit Judge Donald G. Haefel of the lower related case. You also took action in direct contravention and violation of Judge Gillen's disqualification Order by inserting yourself in litigation surrounding access to, and ownership of, 3485 Lago de Talavera. You brought this action within two (2) months of Judge Gillen's disqualification Order. Only when *pro se* defendant Robert Gibson brought to Judge Haefel's attention the disqualification order entered in 2016CA012892AXX, was the case transferred to Division "AE." *See* DE #83, February 18, 2021. For unknown reasons, the disqualification issue was not raised again before Judge Kelley after the case was transferred to Division "AE."

Later, during the course of litigation surrounding 2019CA006159AXX, on August 19, 2021, you sought an "Emergency Motion to Restore [your mother's] Access to Home (DE #116). In that Motion, you sought gate access for your mother from Talavera Association, Inc. ("Talavera") claiming her access was improperly terminated by Talavera. On August 20, 2021, Judge Ashley Zuckerman denied your Motion on the merits (DE #121).

3. In case number 2020CA004149AXX "AF," Talavera Association, Inc. sued numerous defendants, including Sovereign Gaming and Entertainment, LLC and Judith A. Siskind

2

for foreclosure of 3485 Lago de Talavera based on alleged unpaid assessments due and owing to the Association.[1] Although you alerted the originally-assigned judge (Division "AK," Judge James L. Martz) of one of the lower case numbers then in front of Judge Haefel, you failed to seek transfer to Judge Kelley, despite that case being the lowest number involving foreclosure of the same property. After Judge Martz was disqualified from presiding in this matter due to a motion filed by co-defendant Robert Gibson, the case was randomly assigned to Division "AF."

In this case, you answered the complaint on behalf of Defendant 3485 Lago de Talavera Trust and in August 2020 sought additional time to respond to the complaint on behalf of defendants Judith Siskind and Sovereign Gaming and Entertainment, LLC. All three of those defendants were defendants in the 2016 foreclosure case (Judith Siskind as the "unknown person in possession of 3485 Lago de Talavera"), yet you did not abide by Judge Gillen's disqualification order despite the obvious overlap and relatedness of this case and the 2016 foreclosure action. You failed to notify Judge Kastrenakes of Judge Gillen's disqualification order and failed to seek leave to represent the same defendants you were removed from representing by Judge Gillen in the same, or substantially related litigation involving the foreclosure of the same property at 3485 Lago de Talavera.

During the course of the litigation before Judge Kastrenakes in Division "AF," on August 20, 2021, you filed an "Emergency Motion for Limited Intervention and to Mandate Plaintiff to Provide Gate Access." DE #138. In that Motion, in which you inexplicably now claim to represent Zokaites Properties, LP (the party Plaintiff in the 2016 foreclosure action), you failed to disclose that this same request was denied on the merits by Judge Zuckerman. You also failed to seek

---

[1] The 2016 foreclosure for the same property was based on the alleged failure to pay on a promissory note to a private lender, which note was secured by the property.

permission to represent a party from who Judge Gillen disqualified you in the same or a substantially related matter and to represent the party who was a party opponent of your previous clients in the foreclosure of 3485 Lago de Talavera. This Court denied your request on August 25, 2021 as an emergency. DE #142.

4.  Undaunted by two prior orders on seeking access to 3485 Lago de Talavera, on September 1, 2021 you filed another case in county court, case number 2021CC009447 ("RA") in which you sought injunctive relief to restore gate access to Zokaites Properties LP to the residential property. In that case, on September 6, 2021, you filed an "Emergency Motion for Preliminary Injunction to Permit Owner Access to Community." DE #7. In that Motion, you failed to notify and disclose to presiding Judge Sara Alijewicz that: (1) you were disqualified from representing Zokaites Properties, LP by Judge Gillen in the 2016 foreclosure case for the same property; (2) your purported representation of Zokaites Properties LP was related to the exact same subject matter in which you represented defendant Sovereign Gaming and Entertainment, LLC and your mother who were adverse parties to Zokaites Properties LP in the 2016 foreclosure case; and (3) the relief you were seeking was already twice rejected by other judges in related matters. Because of this deception and non-disclosure you were able to persuade Judge Alijewicz to grant your requested relief on September 8, 2021 (DE #8). Only when Talavera notified Judge Alijewicz of the prior litigation and denials in a Motion to Dismiss on September 15, 2021 (DE #13), did the presiding judge vacate her earlier Order (DE #16).

Only after Talavera brought to Judge Alijewicz's attention that you had previously sought the same relief in case number 2020CA004149, did you file a Notice of Withdrawal of your sought-after relief in that case on September 17, 2021. *See* DE #146, case #2020CA004149AXX).

This conduct, if true, amounts to multiple concerted and premeditated actions to impede the due administration of justice through violations of court orders, misrepresentation by omission, failures to disclose to the tribunal, blatant forum shopping, and conflicts of interest. This conduct, if true, also directly violates multiple Rules governing the Florida Bar, including violations of Rule 4-3.3 relating to Candor Toward the Tribunal, Rule 4-8.4 by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, and the Rules regarding Conflict of Interests. You are advised that if found in contempt of court you are subject to punishment in the Palm Beach County Jail of up to five months and twenty nine days, and a $500 fine as well as a probationary term.

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida this 29 day of December, 2021.

JOHN S. KASTRENAKES
Circuit Judge

COPIES:

All counsel of record

Robert Gibson, *pro se*