UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

TALAVERA ASSOCIATION, INC.,

    Plaintiff,

v.                                                                        Case No. 9:22-cv-80145-DMM

ROBERT GIBSON, et al.,

    Defendants.
_____/

## DEFENDANT, JEFFREY M. SISKIND'S RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION'S MOTION TO REMAND CASE TO STATE COURT

Defendant, Jeffrey M. Siskind, hereinafter "Siskind" files this response to Plaintiff Talavera Association, Inc.'s Motion to Remand Case to State Court, and states:

1.     This matter arose as a state court foreclosure case which Plaintiff brought against Robert Gibson ("Gibson"), Siskind, Siskind's Law Firm (hereinafter, "Firm") and Siskind's Mother (hereinafter, "Mother").

2.     Plaintiff, a not-for-profit homeowners' association which governs the community within which residential real property located at 3485 Lago De Talavera, Lake Worth, Florida 33467, (hereinafter, the "Property") is located, filed the state court action to foreclose its lien for unpaid periodic assessments against Gibson, who appeared on record as the owner of the Property at the time that the state court case was filed.

3.     Plaintiff joined Siskind, Firm and Mother as additional defendants in the state court action because Plaintiff believed that these defendants might assert an interest in the Property, which interests therefore also needed to be foreclosed.[1]

---

[1] Additional defendants George and Jeri Maler were second mortgagees until they recorded a Warranty Deed that they held in escrow and conveyed the Property to Gibson. The Deed was recorded in derogation of Florida Statute which requires a mortgagee to foreclose rather than negotiate its escrowed deed; therefore Gibson's ultimate claim to title is questionable.

4. However, Siskind never possessed an interest in the Property. Firm once held a subordinate mortgage lien against the Property, but this interest had been assigned to George and Jeri Maler prior to Plaintiff's initiation of its state court foreclosure action. Mother resided in the Property until August, 2021. Mother therefore held only a possessory interest until she vacated.

5. The Property was also subject to a foreclosure by a first secured mortgagee prior to Plaintiff's filing of its foreclosure action, which prior foreclosure ultimately resulted in the sale of the Property to an unrelated third party who purchased the Property for value.

6. Siskind, Firm and Mother ("Defendants") unsuccessfully sought to be dismissed from the state court action when it should have become apparent that they no longer possessed any interest in the Property.

7. Despite numerous demands by Siskind on behalf of Defendants, Plaintiff refused to dismiss Defendants and also refused to articulate a basis for failing to voluntarily dismiss its state court foreclosure action against Defendants.

8. Finally, to resolve Plaintiff's claims against these Defendants, a Quit Claim Deed conveying all interests of these Defendants to Plaintiff was executed, duly recorded among the official records of Palm Beach County, Florida and delivered to Plaintiff's counsel.

9. As a result of the legal operation of the Quit Claim Deed, attached hereto as "Exhibit A," Plaintiff has no claims whatsoever against these Defendants.

10. Notwithstanding receipt of the Quit Claim Deed, Plaintiff still refuses to dismiss its case against these Defendants.

11. Plaintiff's refuses to dismiss its case against Defendants without any basis in law.

12. During the course of the state court litigation, the judicial officer rendered a Rule to Show Cause (hereinafter, "Rule") against Siskind, the basis of which was Siskind's

involvement in this case and Siskind's representation of his Mother in a state court case against Gibson and Maler for wrongfully taking title to the Property and another case against Plaintiff for preventing Mother from accessing he Property in violation of Section 720.305, Florida Statutes.

13. The Rule which describes Siskind in its first sentence as a "W/M" or white male threatens Siskind with incarceration upon a finding of criminal contempt for allegedly violating an order rendered by another judge disqualifying Siskind from representing parties in the now closed foreclosure case involving the Property.

14. Importantly, the foreclosure case disqualification order said nothing about any prospective application to other cases. Nor is there any statute or rule which requires counsel to report his participation in cases that involve the same real property but whose issues are not substantially related.

15. Siskind contends that the Rule was rendered by the state court judge to mitigate damage to his reputation caused by his intemperate decision to incarcerate a 21-year-old black man with no prior record for oversleeping and missing jury duty.

16. This is an election year for that state court judge.

17. After the state court judge simply denied Siskind's motion for a Bill of Particulars filed because of Siskind's inability to associate the Rule's alleged wrongdoing with its threatened penalties without guessing, Siskind unsuccessfully tried to recuse the state court judge who brought serious charges against Siskind and now wants to adjudicate them.

18. Although Florida law permits a judge to render rules to show cause to administer justice in one's own courtroom, it does not permit a state court judge to reach into cases that are before other state court divisions. However, this is exactly what the state court judge did in its

Rule affecting Siskind.

19. It is apparent that the state court judge's behavior with respect to Siskind is motivated by political ambition.

20. Siskind alleges that, as a consequence, the state court judge violated the federal Honest Services Act, which presents a federal question jurisdiction and gives rise to this Court's jurisdiction. This is not a diversity jurisdiction case.

21. Plaintiff argues that *Juidice v. Vail*, 430 U.S. 327, stands for the proposition that state criminal contempt proceedings are a necessary aspect of state court enforcement. However *Juidice* is distinguishable for two reasons; first, because *Juidice* did not involve removal because of a federal question that arose in the state court litigation when the state court judge acted for personal gain, and second, the *Juidice* court was enforcing actions and/or omissions within its jurisdiction as opposed to incorporating cases that were in separate divisions administered by separate judges, each of which is an independent constitutional officer.

22. This case is also distinguishable form *Juidice* because the facts alleged indicate that the state court judge in this case acted for his own personal gain as opposed to *Juidice* where the state court judge was attempting to enforce his own orders, and because Siskind has brought offensive allegations which by their very nature cannot be adjudicated by the state court judge.

23. Citizens of a state have a "right to the conscientious, loyal, faithful, disinterested, and unbiased" services of their public officials. *United States v. Mandel*, 591 F.2d 1347, *rev'd on reh'g en banc*, 602 F.2d 653 (4th Cir. 1979). "A fraud is perpetrated upon the public to whom the official owes fiduciary duties, *e.g.*, honest, faithful and disinterested service." Id., at 1362.

24. Unlike in *Juidice*, the state court judge was acting without jurisdiction when he

attempted to base Siskind;s alleged wrongdoing on matters that were not before him,

25.     Removal of this case was also timely, because Siskind filed his notice of removal within thirty (30) days of the triggering event.

WHEREFORE, Defendant responds to Plaintiff's motion to remand by objecting to same, and requests that this Court dismiss Plaintiff's claims against Defendants and retain jurisdiction over allegations that the state court judge violated the Honest Services Act.

Respectfully submitted this 7th day of March, 2022.

**SISKIND LEGAL, PLLC**
ATTORNEYS & CONSULTANTS

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Notice was served upon Ryan Aboud, Robert Gibson and Sofiye Williams, via e-mail to raboud @bapflaw.com, intelexigent @gmail.com and sofiye@comcast.net, respectively, and to the Honorable John S. Kastrenakes via U.S. Mail and email at cad-divisionAF@pbcgov.org on February 14, 2022.

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 13874

# EXHIBIT A

Prepared by and Return To:
Jeffrey M. Siskind, Esquire
3465 Santa Barbara Drive
Wellington, FL 33414

PCN 00-42-44-19-09-000-0290



```
CFN 20220055316
OR BK 33282 PG 0289
RECORDED 02/04/2022 12:36:50
AMT 10.00
Doc Stamp 0.70
Palm Beach County, Florida
Joseph Abruzzo,Clerk
Pgs 0289 - 290; (2pgs)
```

## Quit Claim Deed

**This Quit Claim** made this 3rd day of February, 2022 between CONQUEST CAPITAL, LLC, a Florida limited liability company (formerly known as SISKIND LEGAL SERVICES, LLC), whose address is 3465 Santa Barbara Drive, Wellington, Florida 33414; JEFFREY MARC SISKIND, a married man, whose address is 3465 Santa Barbara Drive, Wellington, Florida 33414; and JUDITH S. SISKIND, an unmarried woman, whose address is 3465 Santa Barbara Drive, Wellington, Florida 33414 (referred to collectively herein as "Grantors"), and TALAVERA ASSOCIATION, INC., a Florida corporation whose address is 1489 West Palmetto Park Road, Suite 505, Boca Raton, Florida 33486 ("Grantee").

(Whenever used herein the terms "Grantors" and "Grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees.)

**Witnesseth,** that said Grantors, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good valuable consideration to said Grantors in hand paid by said Grantee, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, alienate, remise, release, convey and confirm unto the said Grantee, and Grantee's heirs and assigns forever, all the right, title, interest, claim and demand which Grantors have in and to the following described land, situate, lying and being in Palm Beach County, Florida to-wit:

Lot 29, Talavera P.U.D., according to the Map or Plat thereof, as recorded in Plat Book 105, at Page 44, of the Public Records of Palm Beach County, Florida.

**Non-Homestead.** Grantors warrant and represent that the above-described property is not the business or residential homestead of any Grantor.

**To Have and to Hold,** the same together with all and singular the appurtenances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of Grantors, either in law or equity, for the use, benefit and profit of the said Grantee forever.

**Subject to** zoning, restrictions, prohibitions and other requirements imposed by governmental authority, restrictions and matters appearing on the Plat or otherwise common to the subdivision, easements of record, taxes for the current year and all subsequent years, and all items of record, which are not intended to be re-imposed hereby.

WITNESSETH:

CONQUEST CAPITAL, LLC

By: _____
Jeffrey M. Siskind, Manager

_____
Witness as to all Signors
Print Name: Kent Osborne

_____
Jeffrey Marc Siskind

_____
Witness as to all Signors
Print Name: Timothy R. Mason

_____
Judith S. Siskind

STATE OF FLORIDA

COUNTY OF PALM BEACH

    BEFORE ME this 3rd day of February, 2022 appeared Jeffrey M. Siskind as Manager of Conquest Capital, LLC, Jeffrey Marc Siskind, individually, and Judith S. Siskind, individually, each of which presented a Florida Driver's license as proof of their identity, and acknowledged that they voluntarily affixed their signatures hereto in my presence, and did/did not take an oath.

(SEAL)

CHRISTOPHER WINT
Notary Public - State of Florida
Commission # HH 068704
My Comm. Expires Dec 3, 2024

_____
Notary Public – State of Florida

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office with redactions, if any as required by law.
THIS 4 DAY OF February 2022
JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER
By:_____
Deputy Clerk