UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA – WEST PALM BEACH DIVISION
CASE NO. 9:22-CV-80145-DMM

TALAVERA ASSOCIATION, INC.,

      Plaintiff,

v.

ROBERT GIBSON, et al.,

      Defendant(s).

_____/.

**PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, REPLY TO "DEFENDANT, JEFFREY M. SISKIND'S RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION'S MOTION TO REMAND CASE TO STATE COURT" AND MOTION TO STRIKE RESPONSE AS UNTIMELY.**

Plaintiff, TALAVERA ASSOCIATION, INC., hereafter referred to as "Association," pursuant to Local Rule 7.1(c), replies to Defendant's, JEFFREY M. SISKIND'S, Response to Plaintiff's Motion to Remand Case to State Court (ECF No. 14) and moves the Court for an order striking the same as untimely and states:

**I. INTRODUCTION AND FACTUAL BACKGROUND**

The Association filed an action in State Court to foreclose its lien for delinquent homeowner association assessments against the owner of record and joined additional Defendants, including, but not limited to, Jeffrey M. Siskind, hereafter referred to as "Siskind," a Florida-licensed attorney, and the various parties that he represents in order to extinguish their interests in the subject property. Siskind removed State Court contempt proceedings that are the subject of a Rule to Show Cause entered by the State Court in the Association's foreclosure action to the District Court. On February 4, 2022, the Association filed a Motion to Remand the Case to State Court (ECF No. 11) since the removal of State Court contempt proceedings to the Federal Court is unauthorized, since any effort to remove any portion of the State Court foreclosure action is untimely (to the extent that the Notice

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, REPLY TO "DEFENDANT, JEFFREY M. SISKIND'S RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION'S MOTION TO REMAND CASE TO STATE COURT" AND MOTION TO STRIKE RESPONSE AS UNTIMELY
Page 2 of 5

of Removal filed by Siskind purports to do so) and since the Court lacks original and diversity jurisdiction over the State Court foreclosure proceedings and the parties thereto. Siskind filed an untimely and unauthorized Response (ECF No. 14) to the Association's Motion to Remand the Case to State Court beyond the fourteen (14) day time period imposed by the Local Rules. In his Response, instead of responding substantively to the Association's Motion for Remand, Siskind argues why he believes various parties should be dismissed from the proceedings and alleges the existence of a federal question, an alleged violation of the Federal Honest Services Act, which is *not* raised by the pleadings and which represents nothing more than unsupported conjecture and speculation. Nothing in Siskind's Response indicates that he was authorized to remove State Court contempt proceedings to Federal Court or that the State Court contempt proceedings so removed should remain pending before this Court.

## MEMORANDUM OF LAW

**A. Defendant's Response is untimely.**

Local Rule 7.1(c)(1) provides that, for all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Local Rule 7.1(c)(1) also provides that a failure to do so may be deemed sufficient cause for granting the motion by default.

The Association's Motion for Remand was filed on February 4, 2022. Siskind filed his Response at ECF No. 14 on March 7, 2022. Since Siskind failed to respond to the Association's Motion to Remand the Case to State Court within fourteen (14) days of its filing on February 4, 2022 and since Siskind only filed his Response in excess of thirty (30) days after the filing of the Association's Motion,

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, REPLY TO "DEFENDANT, JEFFREY M. SISKIND'S RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION'S MOTION TO REMAND CASE TO STATE COURT" AND MOTION TO STRIKE RESPONSE AS UNTIMELY
Page 3 of 5

Siskind's Response is untimely and unauthorized. The Association submits that this Court is authorized to grant the Association's Motion for Remand by default.

**B. Siskind's and does not substantively address the Association's Motion to Remand the Case to State Court.**

The allegations that Siskind raises in his Response concerning the various parties that were joined in the context of the State Court lien foreclosure action and his unsupported allegations that such parties should be dismissed are irrelevant, inapplicable, unrelated and unresponsive to the Association's Motion for Remand. The argument in Siskind's Response concerning his objections to the subject Rule to Show Cause is, likewise, irrelevant, inapplicable, unrelated and unresponsive to the Association's Motion for Remand. While Siskind alleges in his Response that the State Court violated the Federal Honest Services Act which presents a Federal question, Siskind's allegations do not change the fact or law that such question is not framed by the pleadings. The State Court contempt proceedings resulting from Siskind's utter disregard of the ethical and professionally considerations that arise from representing parties with conflicting interests and/or claims are not subject to Removal for the reasons cited in the Association's Motion.

Siskind otherwise fails to demonstrate how this Court otherwise has jurisdiction of the parties' disputes or the contempt proceedings. There is nothing in the record to support the proposition that the State Court Judge is acting for his own personal game other than mere conjecture, extrapolation and unsupported allegations by Siskind. The subject Rule to Show Cause directed at Siskind's conduct for violation a separate Court order prohibiting him from representing certain parties clearly and unambiguously demonstrates the contempt proceedings are directed at

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, REPLY TO "DEFENDANT, JEFFREY M. SISKIND'S RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION'S MOTION TO REMAND CASE TO STATE COURT" AND MOTION TO STRIKE RESPONSE AS UNTIMELY
Page 4 of 5

Siskind, not for any judicial or other gain, and the Rule to Show Cause was entered in an effort to preserve the interest of justice and the interest of Siskind's clients who hold competing or conflicting claims (who Siskind continues to represent).

WHEREFORE, Plaintiff, TALAVERA ASSOCIATION, INC., respectfully requests that the Court Strike Siskind' Response (ECF No. 14), remand the instant case to the State Court and, pursuant to Title 28 U.S.C.A. §1447(c), require Defendant to pay the Association's actual expenses, including attorney's fees, incurred as result of the removal.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by email, if indicated, or, otherwise, by regular U.S. mail this 8th day of March, 2022 upon:

Jeffrey M. Siskind, Esq.
Siskind Legal, PLLC
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, REPLY TO "DEFENDANT, JEFFREY M. SISKIND'S RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION'S MOTION TO REMAND CASE TO STATE COURT" AND MOTION TO STRIKE RESPONSE AS UNTIMELY
Page 5 of 5

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

Sofiye Williams, Esq.
Sofiye Williams, PA
50 E. Broward Blvd., Ste. 1710
Fort Lauderdale, FL 33394
sofiye@comcast.net
williamslawfl@gmail.com
Attorney for Christopher George, George A. Maler and Jeri L. Maler

                              Respectfully submitted,

                              By: /s/ Ryan M. Aboud, Esq.
                                  Ryan M. Aboud, Esq.
                                  FBN 27366
                                  Backer Aboud Poliakoff & Foelster, LLP
                                  400 S. Dixie Highway, Suite 420
                                  Boca Raton FL 33432
                                  Tel. (561) 361-8535
                                  Email: RAboud@BAPFLaw.com
                                  Counsel for Plaintiff,
                                  TALAVERA ASSOCIATION, INC.