**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 22-80145-CV-MIDDLEBROOKS

TALAVERA ASSOCIATION, INC.,

    Plaintiff,

v.

ROBERT GIBSON, *et al.*,

    Defendants.
_____/

**ORDER GRANTING MOTION TO REMAND**

THIS CAUSE comes before the Court Upon Plaintiff Talavera Association, Inc.'s Motion to Remand, filed on February 4, 2022. (DE 11). Defendant Jeffery Siskind filed a Notice of Removal on January 28, 2022. (DE 1), and an Amended Notice of Removal on February 1, 2022. (DE 8).[1] Siskind seeks to remove "Rule to Show Cause Directed to Jeffrey M. Siskind" ("Rule to Show Cause'), an order entered by Circuit Court Judge John Kastrenakes in the underlying state court action ("State Court Action"), in which Siskind is both a defendant and counsel representing himself and other defendants. Siskind filed an out-of-time response on March 7, 2022 (DE 14),[2] and Plaintiff replied on March 8, 2022. (DE 15). For the reasons set forth below, the Motion to Remand is granted.

---

[1] The Amended Notice of Removal is substantively the same as the Notice of Removal originally filed except that it corrects clerical errors and "is filed to clarify the [sic] that Judge Kastrenakes is a party Defendant." (DE 8 at 1 n. 1). For the purposes of this Order, I will cite to the Amended Notice of Removal, located at DE 8.

[2] Local Rule 7.1(c)(1) requires that an opposing memorandum be filed within 14 days after service of a motion. Siskind's response is therefore untimely. In any event, Siskind's response is largely unresponsive and would not change my ruling here, even had I considered it.

The State Court Action was commenced on April 10, 2020 to foreclose a claim of lien for assessments against Defendant Robert Gibson, an owner of property and member of the association. (DE 1-2 at 42; DE 7, Am. Compl. ¶¶ 1–7). Several other defendants, including Siskind, are named because they allegedly may claim a right, title or interest in the property. (*Id.* at ¶¶ 10–22). Siskind, a lawyer licensed to practice in Florida, represents himself and several other defendants in the State Court Action. (DE 1-2, Rule to Show Cause at 3).

On December 29, 2021, Judge Kastrenakes entered the Rule to Show Cause, therein ordering Siskind to show cause why he should not be held in criminal contempt for specific conduct pertaining to his status as counsel. (DE 1-2 at 2–6). Siskind now seeks to remove the Rule to Show Cause pursuant to 28 U.S.C. §§ 1331, 1441, 1343(a)(3), (a)(4). (DE 8). He contends that the Rule to Show Cause violates the Privileges and Immunities Clause of the Fourteenth Amendment and apparently contends that Judge Kastrenakes somehow committed mail fraud, honest services fraud, and obstruction of justice, among other claims. (*Id.* ¶¶ 3, 11–13).

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing jurisdiction and doubts are to be resolved in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

A Rule to Show Cause why a lawyer should not be held in *criminal* contempt issued by a state court judge is not a *civil action* and thus cannot be removed. *See* 28 U.S.C. § 1441(a). Neither § 1331 nor § 1343(a)(3) and (a)(4) fare any better—both statutes also require a civil action. 28

U.S.C. §§ 1331,[3] 1343(a)(3), (a)(4).[4] It is also well settled that district courts assessing the propriety of removal must evaluate "whether the plaintiff could have filed its operative complaint in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). The application of that rule to this removal attempt demonstrates its impropriety—a criminal contempt proceeding initiated by a state court judge could never be brought in federal court. Siskind has not met his burden of demonstrating the existence of jurisdiction.

Further, even if the Rule to Show Cause could be removed, the Court would decline to exercise jurisdiction pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which the Supreme Court has extended to state court contempt proceedings. *Juidice v. Vail*, 430 U.S. 327, 335 (1977). The States' contempt power "lies at the core of the administration of a State's judicial system," *id.*, and "federal-court interference with the State's contempt process . . . is 'an offense to the State's interest.'" *Id.* at 335–36 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). "[S]uch interference with the contempt process not only 'unduly interfere[s] with the legitimate activities of the Stat[e],' but also []can be readily interpreted 'as reflecting negatively upon the state courts' ability to enforce constitutional principles.'" *Id.* at 336 (quoting

---

[3] Section 1331 of Title 28 provides that district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] Section 1343 of Title 28 provides in relevant part that district courts with original jurisdiction over "any civil action authorized by law to be commenced by any person:"

> To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

> To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a)(3), (a)(4).

*Huffman*, 420 U.S. at 604, at 604, and *Younger*, 401 U.S. at 44) (second and third alterations in original). The Supreme Court reached this result despite that *Juidice* involved a civil contempt proceeding, noting that the "offense to the State's interest" is "likely to be every bit as great as it would were this a criminal proceeding." *Id.* (quoting *Huffman*, 420 U.S. at 604). It is therefore "obvious" that "a state court motion for contempt is not removable." *See Asher v. A.G. Edwards & Sons, Inc.*, 272 F. App'x 357, 358 (5th Cir. 2008) (citing *Juidice*, 430 U.S. at 338).

Siskind also appears to suggest that his Notice of Removal constitutes a separate claim or action against Judge Kastrenakes, given that he filed an Amended Notice of Removal to "clarify" that "Judge Kastrenakes is a party Defendant." (DE 8 at 1 n.1). To the extent that Siskind so contends, that is not only procedurally improper but also does not establish subject matter jurisdiction. *See* 28 U.S.C § 1441(a) (permitting removal of civil actions "brought *in a State court*").

Finally, to be sure, this Court also lacks subject matter jurisdiction over the underlying State Court Action. That proceeding involves only state law claims and presents no federal question. *See* 28 U.S.C. § 1331. Nor does this Court have diversity jurisdiction under 28 U.S.C. § 1332, since diversity of citizenship is lacking, and, in any event, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action." 28 U.S.C § 1446(c).

In these circumstances, an award of Plaintiff's attorneys' fees and costs is appropriate. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees incurred as a result of the removal." This inquiry "turn[s] on the reasonableness of removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Attorneys' fees under § 1447(c) may be awarded "only where the removing party lacked

4

an objectively reasonable basis for seeking removal." *Id.* The "objective validity of the removing party's efforts" are assessed "at the time that the party attempted to remove the case." *See Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005). Siskind's removal attempt was plainly frivolous and no objectively reasonable basis for removal existed. Plaintiff is thereore awarded its attorneys' fees and costs incurred by opposing removal.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

(1)  Plaintiff's Motion to Remand (DE 11) is **GRANTED**.

(2)  Plaintiff is **AWARDED** its reasonable attorneys' fees and costs incurred by opposing removal. **On or before March 28, 2022**, Plaintiff may, after conferral with Jeffrey Siskind, file a supplemental memorandum on its expenses incurred. If the reasonableness of the fee amount is contested, Jeffrey Siskind may file a response **on or by April 7, 2022**.

(3)  This action is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

(3)  The Clerk of Court shall **CLOSE THIS CASE** and **DENY ALL PENDING MOTIONS AS MOOT**.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 14th day of March, 2022.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record