UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA – WEST PALM BEACH DIVISION
CASE NO. 9:22-CV-80145-DMM

TALAVERA ASSOCIATION, INC.,

    Plaintiff,

v.

ROBERT GIBSON, et al.,

    Defendant(s).
_____/.

**PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, AMENDED VERIFIED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.**
**(Amended Solely to Correct Typographical/Grammatical Error in paragraph A(3)b and in Paragraph B concerning the number of hours)**

Plaintiff, TALAVERA ASSOCIATION, INC., hereafter referred to as "Association," pursuant to Rule 54, Fed. R. Civ. P., Title 28 U.S.C.A. §1447(c) and this Court's Order Granting Motion to Remand (DE 16), files its Verified Supplemental Memorandum and Motion for Award of Amount of Attorney's Fees and states:

**I. INTRODUCTION AND BACKGROUND**

The Association filed an action in State Court to foreclose its lien for delinquent homeowner association assessments against the owner of record, Defendant, Robert Gibson, and joined additional Defendants, including, but not limited to, Jeffrey M. Siskind, hereafter referred to as "Siskind," a Florida-licensed attorney, and various parties that he represents, in order to extinguish their interests in the subject property. Siskind removed State Court contempt proceedings to the District Court (DE 1). The Association filed a Motion to Remand this case to the State Court (DE 11). On March 14, 2022, this Court granted the Association's Motion to Remand (DE 16) and awarded the Association its reasonable attorney's fees and costs incurred in opposing the removal.

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, VERIFIED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.
Page 2 of 9

      The Court's Order (DE 16) provides that Plaintiff may, after conferral with Jeffrey Siskind, file a supplemental memorandum on its expense incurred. In an effort to confer with Mr. Siskind, undersigned counsel sent Mr. Siskind an email correspondence to provide him with undersigned counsel's timeslips and to request that the parties confer. Undersigned counsel called Mr. Siskind at least three (3) times at what is believed to be his office telephone number identified in his email signature the Florida Bar records. Mr. Siskind's voicemail message states that, "You have reached the Siskinds. Please don't leave a message on this line because no one retrieves messages from this telephone number." The voicemail message requests that the caller email Mr. Siskind. Undersigned counsel also called Mr. Siskind on his mobile telephone number and left a message. While Mr. Siskind responded substantively to undersigned counsel's email correspondences, Mr. Siskind initially ignored undersigned counsel's effort to confer, via telephone, regarding the amount of attorney's fees sought by the Association. In recognition that addressing Mr. Siskind's objections via email is insufficient to comply with the Court's conferral requirement, undersigned counsel made a final request to confer on March 17, 2022. True and correct copies of the foregoing correspondences are attached hereto as Exhibit "A." It was not until March 17, 2022 that Mr. Siskind returned undersigned counsel's telephone calls to confer. Mr. Siskind has no objection to an award of the Association's prevailing party attorney's fees incurred through March 15, 2022 in an amount of $3,000.00; however, Mr. Siskind does not believe he may be required to pay more than half an hour of time at $300.00 per hour for purposes of drafting and filing this Verified Memorandum/Motion (which does not take into account the time incurred seeking Mr. Siskind's cooperation to confer or their actual conferral).

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, VERIFIED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.
Page 3 of 9

## AMOUNT OF ATTORNEY'S FEES

**A. Plaintiff is Entitled to Recover the amount of its Reasonable Prevailing Party Attorney's Fees and Costs Pursuant to Rule 54, Fed. R. Civ. P. and Title 28 U.S.C.A. §1447(c).**

Rule 54(d)(2), Fed. R. Civ. P., provides that a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. The Association sought and pled entitlement to recover its prevailing party attorney's fees pursuant to Title 28 U.S.C.A. §1447(c) in its request for relief contained within its Motion to Remand Case to State Court (DE 11). Title 28 U.S.C.A. §1447(c) provides that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. This Court granted the Association's request for an award of its prevailing party attorney's fees on March 14, 2022 in its Order Granting Motion to Remand (DE 16). Pursuant to Local Rule 7.3, the Association submits the following for the Court's consideration:

1. **The amount sought:**

    The Association is seeking $4,410.00.

2. **Disclosure of the terms of any applicable fee agreement:**

    The Association is obligated to pay the Firm $300.00 per hour in the context of defending Mr. Siskind's removal pursuant to paragraphs 4 and 5 of the Association's Agreement to Retain Legal Counsel with the Firm dated June 1, 2016. A true and correct copy of the foregoing Agreement is attached hereto as Exhibit "B."

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, VERIFIED SUPPLEMENTAL MEMORANDUM AND
MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.
Page 4 of 9

3. **Attorney's Time**

   a. **The identity, experience, and qualifications for each timekeeper for whom fees are sought:**

   Ryan M. Aboud, Esq.: Undersigned counsel is a partner at Backer Aboud Poliakoff & Foelster, LLP and has been licensed to practice law in the State of Florida for over fifteen (15) years since 2006. Undersigned counsel has represented condominium and homeowner association communities in all aspects of litigation, including, but not limited to, complex real estate litigation proceedings and lien foreclosure proceedings, since 2006.

   b. **The number of hours reasonably expended by each such timekeeper;**

   Ryan M. Aboud, Esq.: Fourteen and seven tenths (14.7) hours.

   c. **A description of the tasks done during those hours;**

   True and correct descriptions of the tasks rendered for legal services along with the number of hours expended on such tasks are attached hereto as Exhibit "C."

   d. **The hourly rate(s) claimed for each timekeeper;**

   $300.00 per hour.

4. **Describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920;**

   Not Applicable.

B. **Determination of Lodestar.**

Rule 4.1.5(b)(1) of the Rules Regulating the Florida Bar provides that the following factors are to be considered as guides in determining a reasonable fee:

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, VERIFIED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.
Page 5 of 9

1. The time and labor required, the novelty, complexity, difficulty of the questions involved, and the skill requisite to perform the legal service properly;

2. the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

3. the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

4. the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

5. the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

6. the nature and length of the professional relationship with the client;

7. the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

8. whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

The Association submits that the Association has reasonably expended fourteen and seven tenths (14.7) hours indicated in the timesheets attached hereto as Exhibit "C" and that a reasonable hourly rate for the legal services of undersigned counsel is $300.00 per hour, yielding a lodestar which is subject neither to enhancement for the contingency risk factor, nor reduction based upon the

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, VERIFIED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.
Page 6 of 9

results obtained. Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985). The Association is not requesting any enhancement or multiplier of the lodestar. The prevailing market rate charged in that community by lawyers of reasonably comparable skill, experience and reputation to is $275.00 to $450.00 per hour. Multiplying the amount of reasonable hours (14.7) by the reasonable rate of $300.00 per hour results in a total attorney's fees amount of $4,410.00 for legal services rendered by Ryan M. Aboud, Esq.

## Conclusion

WHEREFORE, Plaintiff, TALAVERA ASSOCIATION, INC., respectfully requests that the Court adjudicate that the amount of its prevailing party attorney's fees sought herein is reasonable, award Plaintiff recovery of its prevailing party attorney's fees in the amount of $4,410.00, enter a judgment against Defendant, JEFFREY M. SISKIND, for its reasonable attorney's fees in the amount of $4,410.00 and enter such further relief as this Court deems just and proper.

## Certification of Good Faith Effort to Confer and Resolve Dispute

I hereby certify that a good faith effort to confer and to resolve issues that are the subject of this Memorandum/Motion by agreement occurred pursuant to Local Rule 7.3(b). While Mr. Siskind does not object to the amount of attorney's fees incurred through March 15, 2022, inclusive, in the amount of $3,000.00, Mr. Siskind objects to the additional attorney's fees incurred subsequent to that date, including, for example, the time incurred to prepare and file this Memorandum/Motion, the time incurred to seek his cooperation to confer and the time incurred to confer. Mr. Siskind believes

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, VERIFIED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.
Page 7 of 9

that the time incurred to prepare and file this Motion should not exceed half an hour of time at $300.00 per hour.

### Verification

The statements contained herein and this Verified Supplemental Memorandum and Motion for Award of Amount of Attorney's Fees are true and accurate to the best of my knowledge and information and belief which was acquired in my capacity as the attorney assigned in this matter to defend Mr. Siskind's removal of State Court contempt proceedings to the District Court.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ryan M. Aboud, Esq.

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this 2nd day of March, 2022 by Ryan M. Aboud, Esq. who is personally known to me or who has produced _____ (type of identification) as identification.

[Notary Seal]

_Elizabeth Power_
(Signature of person taking acknowledgment)

_Elizabeth Power_
(Name typed, printed or stamped)

ELIZABETH POWER
Notary Public - State of Florida
Commission # GG 352939
My Comm. Expires Sep 3, 2023
Bonded through National Notary Assn.

_____
(Title or rank)

_____
(Serial number, if any)

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, VERIFIED SUPPLEMENTAL MEMORANDUM AND
MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.
Page 8 of 9

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by email, if indicated, or, otherwise, by regular U.S. mail this 22nd day of March, 2022 upon:

Jeffrey M. Siskind, Esq.
Siskind Legal, PLLC
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411

David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, VERIFIED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES.
Page 9 of 9

Sofiye Williams, Esq.
Sofiye Williams, PA
50 E. Broward Blvd., Ste. 1710
Fort Lauderdale, FL 33394
sofiye@comcast.net
williamslawfl@gmail.com
Attorney for Christopher George, George A. Maler and Jeri L. Maler

Respectfully submitted,

By: _____
Ryan M. Aboud, Esq.
FBN 27366
Backer Aboud Poliakoff & Foelster, LLP
400 S. Dixie Highway, Suite 420
Boca Raton FL 33432
Tel. (561) 361-8535
Email: RAboud@BAPFLaw.com
Counsel for Plaintiff,
TALAVERA ASSOCIATION, INC.

<u>**Exhibit "A"**</u>

**Ryan Aboud**
___

| | |
|---|---|
| **From:** | Ryan Aboud |
| **Sent:** | Monday, March 21, 2022 10:07 AM |
| **To:** | Jeffrey Siskind |
| **Cc:** | jeffsiskind@gmail.com |
| **Subject:** | RE: Talavera Association, Inc. v. Gibson (Removal - Case No. 22-80145-CV-MIDDLEBROOKS) |

Good Morning Mr. Siskind,

I just tried calling you and, once again, received the same voicemail message indicating that no one receives messages from the phone number. Feel free to call me back when you can.

You are correct that no hard costs were incurred. Filing a motion for attorney's fees is not as simple as filing timeslips along with a statement that you agree. It requires a motion/memorandum in the form that I will be noticed to you when filed at which point in time you will see it is not as simple a filing as you suggest. I also assure that you that I am not attempting to raise my claim unnecessarily.

Give that I have made several efforts to confer with you, I will be filing the motion.

Ryan M. Aboud, Attorney at Law

**Backer Aboud Poliakoff & Foelster**
400 South Dixie Highway Suite 420
Boca Raton FL 33432
(561) 361-8535 – Voice
(800) 251-3562 – Toll Free
raboud@bapflaw.com
www.bapflaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.
COLLECTION OF DEBTS: A part of our practice involves the collection of debts for our clients. This notice is for those from whom we are seeking to collect a claimed debt. This communication is from a debt collector, is an attempt to collect a debt and any information obtained as a result of this letter or further communications with this office will be used for the purpose of collection of a debt.

Click on the following link for the latest BackerReport Newsletter: *BackerReport November 2021*



**From:** Jeffrey Siskind <jeffsiskind@msn.com>
**Sent:** Saturday, March 19, 2022 4:36 PM
**To:** Ryan Aboud <raboud@bapflaw.com>
**Cc:** jeffsiskind@gmail.com
**Subject:** RE: Talavera Association, Inc. v. Gibson (Removal - Case No. 22-80145-CV-MIDDLEBROOKS)

If you read the order literally, it states that you may file a supplemental memorandum in support of "expenses" incurred. I presume this means your reasonable attorney's fees and costs. I did not object to your representation of

1

$3,000 for attorney's fees as reasonable.  I don't believe that you incurred any costs.  So, if you file anything, wouldn't you just state that Plaintiff's counsel sent Defendants' counsel its time slips which totaled $3,000 on Thursday, March 17, 2022, to which amount Defendants' counsel consented by responsive email the next day.  Plaintiff's counsel did not incur any costs, so the only possible attached exhibit would be the timeslips summary that you sent to me.  I can't see where this would take more than ½ hour to produce and file.  Your 3.5 hour estimate looks to me like nothing other than an attempt to raise your claim by adding unnecessary fees, so I object to anything more exceeding ½ hour at $300/hr.

Thank you,

Jeffrey M. Siskind, Esquire
**S I S K I N D   L E G A L , P L L C**
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE (561) 791-9565  FACSIMILE   (561) 791-9581
Emails:   jeffsiskind@msn.com & jeffsiskind@gmail.com

**Note: Because of the possibility that emails may be automatically sent to a junk mail folder by our servers, or our unavailability to timely review all emails, you should NOT presume your email to this writer has been received AND READ unless a reply from the recipient to your email has been received by you, which contains the full contents of the email you provided to this writer.**

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments), was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter addressed herein. THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.   **** PLEASE NOTE **** Delivery of this communication is not intended to create, and receipt does not constitute, an Attorney-Client relationship. We cannot serve as your counsel in any matter unless we mutually agree that I will represent you. No Attorney-Client relationship is formed unless specifically agreed to and signed in writing. The information contained in this message and any documents accompanying this transmission are protected under the Electronic Communication Privacy Act, 18 U.S.C. S2510-2521, and may be Attorney-Client Privileged and confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use of, disclosure, dissemination, distribution, reliance on the contents or copying of this communication is strictly prohibited and may result in legal action against you. If you have received this message in error, please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Alternatively, you may notify us by telephone immediately. No liability is accepted for any loss or damage resulting from a computer virus, or resulting from a defect in transmission of this email or any attached file.  If you reply to this communication, it is the duty and obligation of the sender to take practical measures to purge or safeguard and avoid providing sensitive metadata embedded in any electronic document to prevent the disclosure of confidential information.  **A part of this law firm's practice involves the collection of debts** on behalf of our clients. If you are someone against whom one of our clients has a claim, please be aware that this communication is from a Debt Collector as defined by the Fair Debt Collection Practices Act and any information obtained from you may be used for the purpose of collecting a debt. Because e-mail can be altered electronically, the integrity of this communication cannot be guaranteed.

> **From:** Ryan Aboud <raboud@bapflaw.com>
> **Sent:** Saturday, March 19, 2022 3:04 PM
> **To:** Jeffrey Siskind <jeffsiskind@msn.com>
> **Cc:** jeffsiskind@gmail.com
> **Subject:** Re: Talavera Association, Inc. v. Gibson (Removal - Case No. 22-80145-CV-MIDDLEBROOKS)

That is not accurate. Please reread the order. I need to file a memorandum and motion after we confer regardless of your agreement. I would need to file it anyway. As I requested, please provide let me know when you are available to confer.

Ryan M. Aboud, Attorney at Law
Backer Aboud Poliakoff & Foelster, LLP.

> On Mar 19, 2022, at 3:00 PM, Jeffrey Siskind <jeffsiskind@msn.com> wrote:
>
> I do object to these additional fees because the additional work is needed only if I object to your fees.
>
> Thank you,
>
> Jeffrey M. Siskind, Esquire
> **S I S K I N D   L E G A L , P L L C**
> 1629 K Street, Ste. 300, NW  Washington, DC  20006
> 113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
> 3465 Santa Barbara Drive  Wellington, Florida  33414
> TELEPHONE (561) 791-9565  FACSIMILE   (561) 791-9581
> Emails:   jeffsiskind@msn.com & jeffsiskind@gmail.com
>
> ***Note: Because of the possibility that emails may be automatically sent to a junk mail folder by our servers, or our unavailability to timely review all emails, you should NOT presume your email to this writer has been received AND READ unless a reply from the recipient to your email has been received by you, which contains the full contents of the email you provided to this writer.***
>
> IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments), was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter addressed herein. THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.   **** PLEASE NOTE **** Delivery of this communication is not intended to create, and receipt does not constitute, an Attorney-Client relationship. We cannot serve as your counsel in any matter unless we mutually agree that I will represent you. No Attorney-Client relationship is formed unless specifically agreed to and signed in writing. The information contained in this message and any documents accompanying this transmission are protected under the Electronic Communication Privacy Act, 18 U.S.C. S2510-2521, and may be Attorney-Client Privileged and confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use of, disclosure, dissemination, distribution, reliance on the contents or copying of this communication is strictly prohibited and may result in legal action against you. If you have received this message in error, please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Alternatively, you may notify us by telephone immediately. No liability is accepted for any loss or damage resulting from a computer virus, or resulting from a defect in transmission of this email or any attached file.  If you reply to this communication, it is the duty and obligation of the sender to take practical measures to purge or safeguard and avoid providing sensitive metadata embedded in any electronic document to prevent the disclosure of confidential

information.  **A part of this law firm's practice involves the collection of debts** on behalf of our clients. If you are someone against whom one of our clients has a claim, please be aware that this communication is from a Debt Collector as defined by the Fair Debt Collection Practices Act and any information obtained from you may be used for the purpose of collecting a debt. Because e-mail can be altered electronically, the integrity of this communication cannot be guaranteed.

> **From:** Ryan Aboud <raboud@bapflaw.com>
> **Sent:** Saturday, March 19, 2022 1:46 PM
> **To:** Jeffrey Siskind <jeffsiskind@msn.com>
> **Cc:** jeffsiskind@gmail.com
> **Subject:** Re: Talavera Association, Inc. v. Gibson (Removal - Case No. 22-80145-CV-MIDDLEBROOKS)
>
> There is an additional 3.5 hours of time at $300.00 per hour to prepare the motion/memorandum that was ordered by the court. Do you object to those fees as well? The total fee should be $4050.00. Please confirm whether those additional fees are acceptable or, provide me with your availability so that we may confirm. Thank you.
>
> Ryan M. Aboud, Attorney at Law
> Backer Aboud Poliakoff & Foelster, LLP.
>
>> On Mar 18, 2022, at 4:24 PM, Jeffrey Siskind <jeffsiskind@msn.com> wrote:
>>
>> I don't object to the amount of your fees.
>>
>> Sent from my iPhone
>> Thank you,
>> Jeffrey M. Siskind
>>
>>> On Mar 17, 2022, at 12:29 PM, Ryan Aboud <raboud@bapflaw.com> wrote:
>>>
>>> Dear Mr. Siskind,
>>>
>>> In follow up to my email below and in an effort to confer, I called your office telephone number twice and your cell phone number once.  No one picked-up at your office and your office's voicemail indicates that the callers should *not* leave voicemails since no one retrieves them.  I left a voicemail anyway at your office and also left a voicemail on your cell.  Please call me to discuss the award of the Association's attorney's fees and costs.
>>>
>>> Thank you,

Ryan M. Aboud, Attorney at Law
**Backer Aboud Poliakoff & Foelster**
400 South Dixie Highway Suite 420
Boca Raton FL 33432
(561) 361-8535 – Voice
(800) 251-3562 – Toll Free
raboud@bapflaw.com
www.bapflaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, an[d] the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby dissemination, distribution or copying of this communication is strictly prohibited. If you have received this tran[s] immediately reply to the sender that you have received this communication in error and then delete it. Thank y[ou] COLLECTION OF DEBTS: A part of our practice involves the collection of debts for our clients. This notice is for th[e] to collect a claimed debt. This communication is from a debt collector, is an attempt to collect a debt and any in[formation] of this letter or further communications with this office will be used for the purpose of collection of a debt.

Click on the following link for the latest BackerReport Newsletter: *BackerReport November 2021*



**From:** Ryan Aboud
**Sent:** Thursday, March 17, 2022 7:59 AM
**To:** Jeffrey Siskind <jeffsiskind@msn.com>
**Cc:** jeffsiskind@gmail.com
**Subject:** Talavera Association, Inc. v. Gibson (Removal - Case No. 22-80145-CV-MIDDLEBROOKS)

Dear Mr. Siskind,

Please find attached our timeslips as of this morning in the context of the above referenced matter. I am reaching out to you in an effort to confer regarding the Court's award of the Association's entitlement to recover its reasonable attorney's fees and costs. The Association is seeking to recover solely its attorney's fees and has incurred no hard costs in these proceedings. The time reflected in the attached does not include any additional time to file the supplemental memorandum required by the Court's Order Granting Motion to Remand (ECF No. 16).

I have a hearing this morning at 8:45 a.m., but will call you right after to discuss the attached.

Thank you,

Ryan M. Aboud, Attorney at Law
Backer Aboud Poliakoff & Foelster
400 South Dixie Highway Suite 420
Boca Raton FL 33432
(561) 361-8535 – Voice
(800) 251-3562 – Toll Free
raboud@bapflaw.com
www.bapflaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby dissemination, distribution or copying of this communication is strictly prohibited. If you have received this tran immediately reply to the sender that you have received this communication in error and then delete it. Thank y COLLECTION OF DEBTS: A part of our practice involves the collection of debts for our clients. This notice is for th to collect a claimed debt. This communication is from a debt collector, is an attempt to collect a debt and any in of this letter or further communications with this office will be used for the purpose of collection of a debt.

Click on the following link for the latest BackerReport Newsletter: *BackerReport* November 2021



## **Exhibit "B"**



**Backer Aboud Poliakoff & Foelster**

A LIMITED LIABILITY PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS

### Agreement to Retain Legal Counsel

Backer Aboud Poliakoff & Foelster, LLP, (the Firm) and Talavera Association, Inc. (Client), in exchange of mutual promises and other valuable consideration receipt of which is acknowledged, enter into this Agreement to Retain Legal Counsel to describe the terms of their attorney/client relationship.

1. This agreement is for a term of one year from the date hereof and renewable automatically for additional consecutive years, but subject to termination by either the client or the Firm at any time upon providing of written notice of such termination.

2. Unlike with some other firms, Client will not be obliged to pay a "retainer fee" to secure the services of the Firm. Client will be responsible only for paying for the services rendered. Periodic newsletters prepared for all of this firm's clients with updates of the law, as necessary, in the sole opinion of the Firm, will be provided at no charge.

3. Legal services consisting of general counsel (legal advice, whether written or otherwise, other than during litigation in court or in an alternative dispute resolution forum) will be provided to the client at an hourly rate of **$300.00.** The time will be billed in increments of tenths of an hour.

4. Litigation of covenant enforcement matters, foreclosures and contract disputes will be provided at the hourly rate of **$300.00.** The time will be billed in increments of tenths of an hour. Costs incurred in litigation matters will be paid from a sum deposited with the Firm in an amount determined to be appropriate for the individual matter by the Firm. The Firm is not responsible for advancing costs on behalf of the Client.

5. Litigation of construction defect matters and other cases not described above will be determined on a case-by-case basis among the Client and Firm.

6. Legal services for collections and foreclosures of liens will be performed on a modified contingency basis at an hourly rate of **$150.00. In most cases, the Client does not pay the attorneys' fees as they are incurred;** the Firm is paid by the property owner when the debt to the Client is paid. The client may be asked to advance costs incurred in collections and foreclosure matters or the Firm may advance such costs in its discretion. Where payments are made by debtors and the sums are deposited in the Firm's trust account, upon disbursal of the amounts paid, the Firm may retain sufficient sums to pay for attorneys fee and advanced costs incurred in pursuing collection from that debtor. Client hereby authorizes employees of the Firm to execute claims of lien and satisfactions of claims of lien on Client's behalf.

The Client does not become responsible for paying the attorneys' fees incurred before payment is received from the owner except under the following circumstances:

A. The Client accepts payment directly from the owner without collecting the attorneys fee, agrees to enter into a payment arrangement over a period of time or otherwise decides not to promptly pursue recovery of unpaid attorneys' fees;

B. A mortgagee with a superior interest to the Client is foreclosing on the property or the Client otherwise provides instructions to stop pursuing foreclosure or collection;

THE ARBOR, SUITE 420, 400 SOUTH DIXIE HIGHWAY, BOCA RATON FL 33432
(561) 361-8535
FAX (561) 361-3491
WWW.BAPFLAW.COM

Agreement to Retain Legal Counsel for Talavera Association, Inc.
Page 2 of 2

C. The property owner files a petition in bankruptcy;

D. 60 days passes from the date a lien is recorded and the Client has, for any reason, not instructed the Firm to proceed with foreclosure; or

E. The relationship between the Client and Firm is terminated.

The attorneys fee rates described in this agreement are subject to adjustment periodically. In the event the Client does not elect to terminate its relationship with Firm in writing, Client agrees that services will be billed at the adjusted rate.

7. Client will be billed for services rendered on a monthly basis (except in collection/foreclosure matters). Client agrees to pay bills within 30 days of receipt. Unpaid invoices accrue interest at the highest rate permissible under the law. Any attorney fees and costs incurred in efforts to collect unpaid invoices will likewise be the Client's responsibility.

8. Client acknowledges that it is imperative for the Firm to have a full and complete set of those documents recorded in the public records or which are otherwise the governing documents of the community. Client authorizes Firm to order the complete document set from the public records and bill the Client for this service.

9. In addition to attorneys' fees and court costs, Client acknowledges it will pay the Firm for costs such postage, fax charges, long distance telephone and photocopies.

10. Client authorizes the Firm to register as Client's registered agent with the Florida Department of State, Division of Corporations. The Firm does not charge the Association for the service of acting as Client's registered agent. Only the fee charged by the State to make the change is billed to Client.

The Undersigned officer of the Client hereby represents and certifies that he/she is authorized by the board of directors to execute this agreement and, on behalf of the Client, agrees to the terms of this agreement.

Talavera Association, Inc.:

By: _Caren Fry_ Date: 5·27·16

Print: _Caren Freigenberg_ Title: President HOA Talvera
As its Authorized Officer

The above engagement is accepted on the terms set forth above without modification unless in writing executed by the undersigned.

BACKER ABOUD POLIAKOFF & FOELSTER, LLP

By _____ Date 6/1/16
Ryan M. Aboud
For the Firm

BACKER ABOUD POLIAKOFF & FOELSTER, LLP
THE ARBOR, SUITE 420, 400 SOUTH DIXIE HIGHWAY, BOCA RATON FL 33432
(561) 361-8535
FAX (561) 361-3491
WWW.BAPFLAW.COM

# Time Entries
## Backer Aboud Poliakoff & Foelster LLP

**Exhibit "C"**

Professional = All (Inactive Included)
Group By Professional Group
Client - Matter = Collections - Gibson - 3485 Lago De Talavera (REMOVAL TO FEDERAL COURT) (Active Only)
Task Code = All
View = Original
From 02-01-2022 To 03-21-2022

| Date | Status | Approval | BillableType | Task | Professional | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| **Talavera Association, Inc.** | | | | | | | | | | |
| **Collections - Gibson - 3485 Lago De Talavera (REMOVAL TO FEDERAL COURT)** | | | | | | | | | | |
| 02-01-2022 | Billed | | Billable | | Aboud, Ryan | | | 0.100 | 300.00 | 30.00 |
| | receipt and review of Notice of FIling State Court Process | | | | | | | | | |
| 02-01-2022 | Billed | | Billable | | Aboud, Ryan | | | 1.700 | 300.00 | 510.00 |
| | review and analysis of notice and amended notice of removal; review and analysis of relevant United States Codes re: removal of contempt proceedings; initial preparation of statement of facts and background and outline for motion to remand case to state court. | | | | | | | | | |
| 02-02-2022 | Billed | | Billable | | Aboud, Ryan | | | 3.400 | 300.00 | 1,020.00 |
| | review and analysis of trial docket and verification as to whether Siskind raised federal claims previously; conduct legal research concerning removal of contempt proceedings to federal court; review and analysis of timeline and whether notice of removal is timely; review and analysis of code re: deadlines to remove case or contempt proceedings; review and analysis of case law re: removal of contempt proceedings and requirement of District Court to abstain from intervening; preparation of revisions to statement of facts and legal argument re: District Court's obligation to abstain from intervening in state court contempt proceedings. | | | | | | | | | |
| 02-02-2022 | Billed | | Billable | | Aboud, Ryan | | | 0.200 | 300.00 | 60.00 |
| | review and analysis of code and preparation of notes to file re: outline for untimeliness of second notice of removal. | | | | | | | | | |
| 02-04-2022 | Billed | | Billable | | Aboud, Ryan | | | 2.000 | 300.00 | 600.00 |
| | additional review and analysis of case law and USCA and preparation of revisions to and filing of motion to remand case. | | | | | | | | | |
| 03-08-2022 | Approved | | Billable | | Aboud, Ryan | | | 2.200 | 300.00 | 660.00 |
| | review and analysis of Response to Motion for Remand filed by Siskind; review and analysis of local rules and federal rules re: deadline to respond to motion; review and analysis of motion for remand and analysis re: how to respond; preparation of reply to response to motion for remand and filing of same; preparation of correspondence to John re: same. | | | | | | | | | |
| 03-15-2022 | Approved | | Billable | | Aboud, Ryan | | | 0.400 | 300.00 | 120.00 |
| | receipt, review and analysis of order remanding case; analysis re: Court's rationale; preparation of correspondence to John re: same and winning removal proceedings | | | | | | | | | |
| 03-17-2022 | Approved | | Billable | | Aboud, Ryan | | | 0.400 | 300.00 | 120.00 |
| | review and analysis of rules of procedure and local rules; review and analysis of timeslips; preparation of correspondence to attorney Siskind re: time incurred and effort to confer. | | | | | | | | | |
| 03-17-2022 | Approved | | Billable | | Aboud, Ryan | | | 3.500 | 300.00 | 1,050.00 |
| | review and analysis of order granting motion for remand; review and analysis of local rules, federal rules and analysis re: drafting memorandum ordered by Court re: attorney's fees recovery; analysis re: whether expert is required; telephone calls to attorney Siskind and preparation of additional correspondence to attorney Siskind re: inability to confer with him; review and analysis of file, docket and timeslips; preparation of verified memorandum and motion for award of amount of attorney's fees. | | | | | | | | | |
| 03-19-2022 | Approved | | Billable | | Aboud, Ryan | | | 0.100 | 300.00 | 30.00 |
| | receipt and review of correspondence from attorney Siskind re: agreement re: fees; preparation of response to attorney Siskind re: additional fees incurred to prepare motion. | | | | | | | | | |
| 03-21-2022 | Approved | | Billable | | Aboud, Ryan | | | 0.400 | 300.00 | 120.00 |
| | preparation of revisions to fact section; preparation of revisions to memorandum and motion for award of amount of fees. | | | | | | | | | |
| 03-21-2022 | Approved | | Billable | | Aboud, Ryan | | | 0.300 | 300.00 | 90.00 |
| | conferral with attorney Siskind re: amount of attorney's fees sought and requirements of memorandum/motion seeking amount of fees; preparation of notes to file re: same. | | | | | | | | | |

# Time Entries

**Backer Aboud Poliakoff & Foelster LLP**

Professional = All (Inactive Included)
Group By Professional Group
Client - Matter = Collections - Gibson - 3485 Lago De Talavera (REMOVAL TO FEDERAL COURT) (Active Only)
Task Code = All
View = Original
From 02-01-2022 To 03-21-2022

| Date | Status | Approval | BillableType | Task | Professional | Start | Stop | Duration | Rate | Amount |
|------|--------|----------|--------------|------|--------------|-------|------|----------|------|--------|

### *Talavera Association, Inc.*

#### Collections - Gibson - 3485 Lago De Talavera (REMOVAL TO FEDERAL COURT)

|  |  |  |  |  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|--|--|--|--|
|  |  |  |  |  |  |  | **Matter Total** | 14.700 |  | 4,410.00 |
|  |  |  |  |  |  |  | **Client Total** | 14.700 |  | 4,410.00 |
|  |  |  |  |  |  |  | **Grand Total** | 14.700 |  | 4,410.00 |