UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

TALAVERA ASSOCIATION, INC.,

    Plaintiff,

v.                                               Case No. 9:22-cv-80145-DMM

ROBERT GIBSON, et al.,

    Defendants.

_____/

**MOTION TO RECONSIDER ORDER GRANTING MOTION TO REMAND AND RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION, INC'S, AMENDED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES**

COMES NOW, Jeffrey M. Siskind, hereinafter "Siskind," and files this Motion to Reconsider Order Granting Motion to Remand and Response to Plaintiff Talavera Association, Inc's, Amended Supplemental Memorandum and Motion for Award of Amount of Attorney's Fees, and states:

1.     Siskind filed a Notice of Removal of a "Rule to Show Cause Directed to Jeffrey M. Siskind" rendered in a state court action pending in Palm Beach County Circuit Court, case no. 2020-CA-004149, on January 28, 2022.

2.     Plaintiff in the state court case filed "Plaintiff's, Talavera Association, Inc.'s Motion to Remand Case to State Court" (hereinafter, the "Remand Motion") on February 4, 2022.

3.     This Court remanded the matter to state court on March 14, 2022 on the basis that it lacks jurisdiction because the Rule to Show Case appeared on its face to be criminal instead of civil in nature, and stated that "a criminal contempt proceeding initiated by a state court judge could never be brought in federal court."

4.  In so ruling, this Court overlooked the entire premise for Siskind's removal; that being the characterization of Siskind's alleged wrongful conduct as criminal without any justifiable facie basis shown therefore, and Siskind's allegation that the state court judge's criminal contempt allegation thus violated the federal Honest Public Services Act.

5.  While Siskind agrees with this Court's recognition that a state court's contempt power should not be interfered with if properly administered by the state court, the facts that Siskind alleged indicate otherwise. Because there is nothing in the Rule to Show Cause that would on its face suffice to serve as a basis for criminal contempt, Siskind alleged the Rule to Show Cause was rendered for an ulterior purpose.

6.  Siskind essentially alleged that the Rule to Show Cause was a pretext for something so concerning that should have merited this Court's finding that it presented a federal question, and Siskind's motion should thus not have been deemed to be frivolous. And, as a consequence, attorney's fees should not have been awarded to Plaintiff.

7.  Alternatively, Plaintiff in the state court case should not have been considered a party in interest with respect to the Rule to Show Cause. Its Remand Motion should have been disregarded or considered as akin to an Amicus Brief, and should not therefore merit an award of sanctions.

8.  Notwithstanding the foregoing arguments, the Remand Motion presented by Plaintiff in the state court case was legally insufficient for the following reasons:

    a.  Local Rule 7.1(a)(3) requires that except in specific types of motions,[1]

---

[1] These specific instances specified in Local Rule 7.1(a)(3) are "injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, for pro hac vice admission, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil

prior to moving for relief, a party must confer or make a reasonable effort to confer with all parties in interest in a good faith effort to resolve by agreement the issues to be raised in its motion. No such conference or attempt to confer ever occurred.

        b.      Local Rule 7.1(a)(3) also requires that the moving party shall certify at the end of its motion above the signature block that it has conferred with all parties in interest in a good faith effort to resolve issues raised or has made reasonable efforts to do so, in which case the reasonable efforts shall be specifically identified. No such certification appeared in the Remand Motion and, as a result of this deficiency and the lack of any conference ot attempt to confer, Siskind submits that the Remand Motion should therefore not have been considered.

9. Local Rule 7.1(a)(3) also provides that failure to comply with the requirements of the rule may be cause to impose appropriate sanctions, which may include reasonable expenses incurred and include a reasonable attorney's fee. Siskind submits that a fair and just result should relieve Siskind from having to pay Plaintiff's attorney's fees.

10. The Court stated that it did not consider Siskind's *Response to Plaintiff Talavera Association's Motion to Remand Case to State Court* because it was late filed in violation of Local Rule 7.1(c)(1), and Siskind submits that Plaintiff should likewise not benefit from its own failure to adhere to the Local Rules; namely Local Rule 7.1(a)(3).

11. For the foregoing reasons, Defendant submits that this Court reconsider its award of attorney's fees to Plaintiff and that any award of attorneys' fees to Plaintiff be deemed to be unreasonable under these facts.

12. Alternatively, Defendant objects to the amount of Plaintiff's fees. After agreeing that Defendant would not object to total fees in the amount of $3,000 (10 hours at the hourly rate

---

Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce 22 or vacate an arbitration award"

of $300), Plaintiff's counsel stated that it would add 3.5 additional hours to prepare and submit a motion for fees, to which Siskind responded that it would only take half an hour to prepare a paper notifying the Court that Defendant believed $3,000 (plus an added $150) constituted a reasonable fee.

13.  In its recent memorandum, Plaintiff complains that it took Defendant an unreasonable amount of time to confer. However, as the several emails which Plaintiff attached plainly show, Defendant responded that it did not object to the reasonableness of $3,000 in fees within one (1) day of Plaintiff's proposal to charge $3,000.

14.  After Defendant promptly communicated that it did not object to the $3,000 proposed amount, Plaintiff's counsel waited until the next day that it needed to charge another $1,050 for 3.5 additional hours of work.

15.  However, rather than agree to submit an agreed motion and order or charge an additional $1,050 for a total fee of $4,050, Plaintiff now seeks $4,410. As a result of these added fees which evidence the lack of any agreement after conferring, and based upon Plaintiff failing to file a legally sufficient Remand Motion and not being a party in interest as to the Rule to Show Cause, Defendant hereby objects to all of the fees sought by Plaintiff as unreasonable.

16.  Defendant also objects to Plaintiff's counsel's sworn allegation that Defendant "initially ignored undersigned counsel's efforts to confer, via telephone, regarding the amount of attorney's fees . . .," which allegation followed Plaintiff's counsel's admission that it was instructed by the message on Siskind's office phone line to email Siskind.

17.  Siskind objects to all of the additional billing as unnecessary in light of Siskind timely communicating that he did not object to the $3,000 in fees initially proposed by Plaintiff's counsel, and withdraws its prior acceptance of $3,000 as a reasonable amount of fees in light of

Plaintiff's attempt to charge unwarranted additional unnecessary fees.

18. Siskind also objects to Plaintiff's recovery of any fees based upon Plaintiff's counsel's failure to abide by Local Rule 7.1(a)(3) which required Plaintiff to confer or attempt to confer before it filed its Remand Motion, provide a certification in its Remand Motion stating that it had conferred or attempted to confer, and because it should be deemed not to be a party in interest as to the Rule to Show Cause that was removed.

19. Plaintiff admits that Defendant removed only the Rule to Show Cause, as opposed to the entire state court case, in its Verification by stating that Plaintiff's counsel was "the attorney assigned in this matter to defend Mr. Siskind's removal of the State Court contempt proceedings to the District Court."

20. Plaintiff's counsel fails to state that Plaintiff in the state court case, which is not a party to the Rule to show cause, "assigned" Plaintiff's counsel to undertake a task which pertained to an aspect of the state court case in which it lacked any cognizable interest.

21. Finally, Plaintiff's *Amended Verified Motion Supplemental Memorandum and Motion for Award of Amount of Attorney's Fees* is insufficient as a matter of law because Plaintiff's counsel self-certifies the reasonableness of its fees within and neglectsd to furnish an affidavit from a disinterested party attesting to the reasonableness of said fees.

WHEREFORE, for the foregoing reasons, Siskind requests that the Court reconsider the portion of its order remanding this case awarding fees, and consider Siskind's objection to the amount of attorney's fees sought by Plaintiff.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

Reconsideration of a remand order is appropriate "where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the

Court by the parties, which made an error not of reasoning but of apprehension. *Calderon v. Reno*, 56 F.Supp. 2d 997, 999 (citing *Bank of Waunake v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Consistent with *Calderon*, Siskind submits that this Court should reconsider its Order Granting Motion to Remand to State Court because it misapprehended the following:

1. The Rule to Show Cause should not be considered to be criminal in nature based upon the state court's blanket denial of a motion for Statement of Particulars[2] which filed by Siskind which, were the state court action truly criminal in nature, amounts to a denial of Siskind's due process rights.

2. Facts alleged in the state court's Rule to Show Case could never serve as a basis for a finding of criminal contempt because it did not allege any violation of a court order by Siskind. As a result, the Rule to Show Cause was in actuality a civil matter.

If upon due reconsideration this Court finds that it misapprehended these matters, it should reverse all or part of its Remand Order.

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO FEES

Plaintiff correctly employed the lodestar standard of applying the amount of reasonable hours expended against a hourly reasonable fee. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See also City of Burlington v. Dague, 505 U.S. 557 (1992). However, Plaintiff was not a party in interest with respect to the factual and legal issues raised in the Rule to Show Cause. Therefore, whether or not Plaintiff's attorney's fees were reasonable, they were not necessary.

If the Court finds that Plaintiff was not a party in interest to the Rule to Show Cause, it should reverse that portion of the Remand Order granting attorney's fees to Plaintiff.

---

[2] See "Order on Siskind's Motion for Statement of Particulars," attached as Exhibit A.

Respectfully submitted this 28th day of March, 2022.

**SISKIND LEGAL, PLLC**
ATTORNEYS & CONSULTANTS

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served upon Ryan Aboud, Robert Gibson and Sofiye Williams, via e-mail to raboud @bapflaw.com, intelexigent @gmail.com and sofiye@comcast.net, respectively, and to the Honorable John S. Kastrenakes via U.S. Mail and email at cad-divisionAF@pbcgov.org on March 28, 2022.

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 13874

# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA
CIVIL DIVISION   DIV: "AF"
CASE NO.:   2020CA004149AXX

TALAVERA ASSOCIATION, INC.,
    Plaintiff,

vs.

ROBERT GIBSON, *et. al.*,
    Defendants.
_____/

## ORDER ON SISKIND'S MOTION FOR STATEMENT OF PARTICULARS

**THIS CAUSE** came before the Court on Jeffrey M. Siskind's ("Siskind") Emergency Motion For Statement of Particulars Pertaining to Rule to Show Cause or Alternatively Motion to Dismiss (DE ## 167, 168), filed January 5, 2022. The Court, having reviewed Siskind's Motion, the court file and record, including the detailed Order to Show Cause (DE #164), entered December 29, 2022, and after being otherwise duly advised in the premises, it is hereby

**ORDERED and ADJUDGED** that Jeffrey M. Siskind's Emergency Motion For Statement of Particulars Pertaining to Rule to Show Cause or Alternatively Motion to Dismiss is **DENIED.**

**DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida, this 13 day of January, 2022.

JOHN S. KASTRENAKES
Circuit Judge

COPIES:

All counsel of record

Robert Gibson, *pro se*