UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA – WEST PALM BEACH DIVISION
CASE NO. 9:22-CV-80145-DMM

TALAVERA ASSOCIATION, INC.,

      Plaintiff,

v.

ROBERT GIBSON, et al.,

      Defendant(s).

_____/.

**PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, RESPONSE (AND REPLY) TO JEFFREY M. SISKIND'S "MOTION TO RECONSIDER ORDER GRANTING MOTION TO REMAND AND RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION, INC'S, AMENDED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES"**

Plaintiff, TALAVERA ASSOCIATION, INC., hereafter referred to as "Association," responds and replies to Jeffrey M. Siskind's "Motion to Reconsider Order Granting Motion to Remand and Response to Plaintiff Talavera Association, Inc's, Amended Supplemental Memorandum and Motion for Award of Amount of Attorney's Fees" (DE 21), hereafter referred to as "Motion and Response," and states:

1. Jeffrey M. Siskind's Motion and Response (DE 21) is not authorized by Federal Rules of Civil Procedure or by this Court's Local Rules.

2. Jeffrey M. Siskind, hereafter referred to as "Siskind," is using his Motion and Response to raise arguments for the first time and to continue litigating the issues raised in the Association's Motion to Remand Case to State Court (DE 11) even though that time has come and gone.

3. In the Court's Order Granting Motion to Remand (DE 16), the Court found that Siskind's Response to the Association's Motion for Remand (DE 14) was untimely and

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, RESPONSE (AND REPLY) TO JEFFREY M. SISKIND'S "MOTION TO RECONSIDER ORDER GRANTING MOTION TO REMAND AND RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION, INC'S, AMENDED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES"
Page 2 of 6

    unresponsive such that it would not have changed the Court's ruling even to the extent that the Court considered the Response.

4. Even if the Court had considered Siskind's Response (DE 16), Siskind did not object therein to the Association's claim for entitlement to attorney's fees and did not allege that undersigned counsel had failed to confer with him prior to the filing of the Motion for Remand.

5. Undersigned counsel was under the impression that, pursuant to Local Rule 7.1(a)(3), conferral was not required on the basis that the Association was, essentially, seeking a dismissal of Siskind's removal (and, of course, remand) and that motions to dismiss for failure to state a claim upon which relief can be granted are not subject to pre-filing conferences contained in the Rule; however, notwithstanding the foregoing and notwithstanding that undersigned counsel inadvertently omitted the certification required by Local Rule 7.1(a)(3) in the Association's Motion for Remand, undersigned counsel had, in fact, conferred with Mr. Siskind prior to filing the Association's Motion for Remand as required.

6. Undersigned counsel specifically recalls indicating to Siskind via telephone that, even to the extent the parties' reach a global amicable settlement (of all the cases in which Siskind is involved), which would include an agreement to Remand these proceedings and an agreement in the context of the underlying State Court proceedings, it is questionable whether the parties may resolve the State Court contempt proceedings which have been initiated by the State Court, not the parties. Undersigned counsel is not

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, RESPONSE (AND REPLY) TO JEFFREY M. SISKIND'S "MOTION TO RECONSIDER ORDER GRANTING MOTION TO REMAND AND RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION, INC'S, AMENDED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES"
Page 3 of 6

attaching certain email correspondences which may be considered privileged and confidential settlement correspondences, but is disclosing that the parties had, in fact, conferred on the issues herein in the context of global settlement discussions.

7. Siskind's unsupported allegation that undersigned counsel failed to confer is disingenuous since it was Siskind who failed to confer with undersigned counsel prior to the filing of his Motion for Reconsideration [and it is Siskind's Motion for Reconsideration that fails to contain the required certification pursuant to Rule 7.1(a)(3)].

8. Siskind waived his right to object to the initial $3,000.00 in attorney's fees when he agreed that those amounts are reasonable [See Exhibit "A" to the Association Supplemental Memorandum (DE 19)].

9. While Siskind alleges that the Association is not a party in interest in the context of the contempt proceedings (and while that argument should have been made in the context of a timely filed Response to the Association's Motion for Remand), the State Court ordered undersigned counsel, on behalf of the Association, to appear at the hearing on the Rule to Show Cause. A true and correct copy of the pertinent page of the transcript from the December 22, 2021 hearing on Siskind's Motion to Dismiss before the State Court, the hearing at which the State Court indicated it will be entering its Rule to Show Cause, is attached hereto as Exhibit "A." A full copy of the transcript is available upon request.

10. Undersigned counsel never indicated that it took opposing counsel an unreasonable amount of time to confer regarding the supplemental memorandum/motion for attorney's fees; undersigned counsel simply intended to demonstrate that several email

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, RESPONSE (AND REPLY) TO JEFFREY M. SISKIND'S "MOTION TO RECONSIDER ORDER GRANTING MOTION TO REMAND AND RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION, INC'S, AMENDED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES"
Page 4 of 6

correspondences requested a conferral, that opposing counsel had been ignoring undersigned counsel's repeated efforts to confer and that Siskind only conferred after undersigned counsel indicated he was filing the supplemental memorandum/motion authorized by the Court. Undersigned counsel was under the impression that Siskind believed that addressing the substance of the motion via email would suffice to satisfy the conferral requirement.

11. The attorney's fees incurred by the Association were directly attributable to the Association's defense of Siskind's Removal of State Court contempt proceedings, including, but not limited to, the attorney's fees incurred to prepare and file the supplemental memorandum/motion to have the Court adjudicate the reasonableness of the amount of attorney's fees incurred by the Association which was required regardless of Siskind's agreement.

12. Siskind's Memorandum sections in his Motion and Response are otherwise unsupported since this Court did not misunderstand any issue and no error was made; Siskind is simply attempting to relitigate issues after an unfavorable outcome in the same manner he does in all of the other proceeding in which he is a party or counsel of record.

13. The Association is not required to retain an expert at this point to recover attorney's fees and costs incurred in Federal Court litigation.

WHEREFORE, Plaintiff, TALAVERA ASSOCIATION, INC., respectfully requests that the Court deny Siskind's "Motion to Reconsider Order Granting Motion to Remand and Response to Plaintiff Talavera Association, Inc's, Amended Supplemental Memorandum and

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, RESPONSE (AND REPLY) TO JEFFREY M. SISKIND'S "MOTION TO RECONSIDER ORDER GRANTING MOTION TO REMAND AND RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION, INC'S, AMENDED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES"
Page 5 of 6

Motion for Award of Amount of Attorney's Fees" (DE 21) and award the Association its

reasonable attorney's fees and costs.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by email, if

indicated, or, otherwise, by regular U.S. mail this 29th day of March, 2022 upon:

Jeffrey M. Siskind, Esq.
Siskind Legal, PLLC
3465 Santa Barbara Dr.
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL 33460
intelexigent@gmail.com

Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

3485 Lago De Talavera Trust
c/o David Fiore
628 Edgebrook Lane
West Palm Beach, FL 33411
David Fiore individually and as Successor Trustee and as Assignee for Dianna Carl Stone
628 Edgebrook Lane
West Palm Beach, FL 33411

Dianna George
6126 Park Lane W.
Lake Worth, FL 33449

TALAVERA ASSOCIATION, INC.,
v. ROBERT GIBSON, et al.,
CASE NO. 9:22-CV-80145-DMM
PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, RESPONSE (AND REPLY) TO JEFFREY M. SISKIND'S "MOTION TO RECONSIDER ORDER GRANTING MOTION TO REMAND AND RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION, INC'S, AMENDED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES"
Page 6 of 6

Sofiye Williams, Esq.
Sofiye Williams, PA
50 E. Broward Blvd., Ste. 1710
Fort Lauderdale, FL 33394
sofiye@comcast.net
williamslawfl@gmail.com
Attorney for Christopher George, George A. Maler and Jeri L. Maler

                              Respectfully submitted,

                            By: /s/ Ryan M. Aboud, Esq.
                                Ryan M. Aboud, Esq.
                                FBN 27366
                                Backer Aboud Poliakoff & Foelster, LLP
                                400 S. Dixie Highway, Suite 420
                                Boca Raton FL 33432
                                Tel. (561) 361-8535
                                Email: RAboud@BAPFLaw.com
                                Counsel for Plaintiff,
                                TALAVERA ASSOCIATION, INC.

```
 1         THE COURT:  I'm denying the motion, seeking
 2    the dismissal of Ms. Siskind and Mr. Siskind.  I
 3    will be preparing a rule to show cause.  This is
 4    a rats nest that I'm going to get to the bottom
 5    of and I don't know what's going to happen.  I --
 6    I'm anxious to hear Mr. Siskind; I'm sure he's
 7    got some explanations for all of this.  And Mr.
 8    Aboud, I'd like for you to be there, also.
 9         MR. ABOUD:  Yes, Judge.
10         THE COURT:  I'll set it out for the
11    beginning of January.  I'll formally notice Mr.
12    Siskind.  And I'll -- Mr. Siskind, you're still
13    here, sir?
14         MR. SISKIND:  I am.  I just want to state
15    for the record that that -- there were numerous
16    misrepresentations to The Court on the part of
17    Mr. Aboud.
18         THE COURT:  I'm not considering anybody's
19    representations at this time, except what I saw
20    on the docket.
21         MR. SISKIND:  That's fine.
22         THE COURT:  I gave you the four case numbers
23    off of the docket -- that are all related to the
24    same piece of property.
25         MR. SISKIND:  That's true.  I --
```