UNITED STATES DISTRICY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

TALAVERA ASSOCIATION, INC.,

    Plaintiff,

v.                                        Case No. 9:22-cv-80145-DMM

ROBERT GIBSON, et al.,

    Defendants.

_____/

**MOTION FOR LEAVE TO FILE REPLY AND REPLY TO PLAINTIFF'S, TALAVERA ASSOCIATION, INC.'S, RESPONSE (AND REPLY) TO JEFFREY M. SISKIND'S "MOTION TO RECONSIDER ORDER GRANTING MOTION TO REMAND AND RESPONSE TO PLAINTIFF TALAVERA ASSOCIATION, INC'S, AMENDED SUPPLEMENTAL MEMORANDUM AND MOTION FOR AWARD OF AMOUNT OF ATTORNEY'S FEES**

COMES NOW, Jeffrey M. Siskind, hereinafter "Siskind," and files this Motion for Leave to File Reply and Reply to Plaintiff's, Talavera Association, Inc.'s, Response (and Reply) to Jeffrey M. Siskind's "Motion to Reconsider Order Granting Motion to Remand and Response to Plaintiff Talavera Association, Inc's, Amended Supplemental Memorandum and Motion for Award of Amount of Attorney's Fees" (hereinafter referred to as the "Reconsideration Motion") and states:

    1.    Plaintiff filed its Response in part as a Reply without leave of court and therefore objects to consideration by the Court of said filing.

    2.    Siskind moves for Leave of Court to file a Reply, and in if granted, states in addition the following in reply to portions of Plaintiff's Response that the Court determines did not constitute an unauthorized Reply.

    3.    Siskind denies Plaintiff's allegation that Siskind violated any rule by arguing matters not previously raised, and maintains that it is appropriate in a motion for reconsider to

apprise the Court that there were important issues that may have been misunderstood or overlooked by the Court; issues that may evidence a larger systemic problem.

4. It is no surprise that in the fifth paragraph of its Response, Plaintiff admits that it "inadvertently omitted the certification required by Local Rule 7.1(a)(3) in its Motion for Remand.

5. However, in the sixth paragraph of its Response, Plaintiff conflates its offer to settle numerous cases in which Siskind and Plaintiff are parties or in which both Siskind and Plaintiff's counsel represent adverse parties globally with its duty to confer over this matter, the latter of which never occurred.

6. Plaintiff incorrectly states in the seventh paragraph of its Response that Siskind had a duty to confer despite prior to filing its Reconsideration Motion, which duty is not provided for by rule.

7. Siskind disagrees with Plaintiff's assertion in the eighth paragraph of its Response because Siskind withdrew its agreement after Plaintiff opted to request additional fees.

8. Siskind objects to Plaintiff's counsel's statement that the state court's purpose in requiring Plaintiff's counsel to be present for the hearing on the Rule to Show Cause was because it possessed any interest in that matter. That statement implies a position taken by the state court that is not shown by the record.

9. Siskind also objects to the relevance and the inaccuracy of Plaintiff's counsel's "impression" as set forth in the tenth paragraph of the Response. Moreover, Plaintiff's counsel omits the fact that there was a telephone conference after the exchange of emails.

10. In the twelfth paragraph of its Response, Siskind notes Plaintiff's counsel's unsupported 'poke' that infers that Siskind engages in improper practices, and further states that

Siskind does this in "all" other proceedings. This blatantly false unsupported accusation mirrors the unprofessional manner in which Plaintiff's counsel attacked Siskind in prior emails, which resulted more than once in Siskind admonishing Plaintiff's counsel for behavior which did not comport with civility and professionalism.

11. Siskind agrees with Plaintiff's assertion that an expert need not necessarily be employed unless the Court believes that expert testimony is needed to support the reasonableness of the attorney's fees being sought to the extent that they are not agreed upon by the parties.

WHEREFORE, Siskind files this motion for leave to file a Reply to Plaintiff's Response and, contingent upon the granting thereof, furnishes its Reply as incorporated herein.

Respectfully submitted this 30th day of March, 2022.

**SISKIND LEGAL, PLLC**
ATTORNEYS & CONSULTANTS

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor   Tallassee, Florida  32301
3465 Santa Barbara Drive   Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served upon Ryan Aboud, Robert Gibson and Sofiye Williams, via e-mail to raboud @bapflaw.com, intelexigent @gmail.com and sofiye@comcast.net, respectively, and to the Honorable John S. Kastrenakes via U.S. Mail and email at cad-divisionAF@pbcgov.org on March 28, 2022.

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.   FBN 13874