UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-80145-CV-MIDDLEBROOKS

TALAVERA ASSOCIATION, INC.,

    Plaintiff,

v.

ROBERT GIBSON, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND DENYING JEFFREY SISKIND'S MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court Upon Plaintiff Talavera Association, Inc.'s Amended Supplemental Memorandum and Motion For Award of Attorneys' Fees ("Motion for Attorney's Fees") (DE 19) and Jeffery Siskind's combined response to Plaintiff's Motion for Attorney's Fees and Motion for Reconsideration [of the] Order Granting Motion to Remand.[1] ("Motion for Reconsideration") (DE 21). Plaintiff responded to Siskind's response/motion and Siskind replied.[2] (DE 23; DE 24).

Siskind, who is a licensed attorney in the State of Florida, sought to remove a "Rule to Show Cause Directed to Jeffrey M. Siskind," an order entered by Circuit Court Judge John Kastrenakes in an underlying state court action in which Siskind is both a defendant and counsel.

---

[1] Pursuant to Federal Rule of Civil Procedure 7(b), "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b). Embedding a request for a court order into a brief in response to a separate motion is not procedurally proper, even if the word "motion" is used. For the sake of judicial economy, I will consider Siskind's Motion for Reconsideration as filed.

[2] Siskind embeds in his reply (to Plaintiff's response to Siskind's Motion for Reconsideration) a request to also file a reply to Plaintiff's Motion for Attorney's Fees. Again, combining a motion with a brief pertaining to a separate motion is improper. In any event, that request is denied.

(DE 1; DE 8). Plaintiff moved to remand (DE 11), and Siskind filed an untimely response. (*See* DE 14). Because state criminal contempt proceedings are not removable, I granted Plaintiff's Motion to Remand. (DE 16). Additionally, I found that Plaintiff was entitled to an award of its reasonable attorney's fees incurred in opposing this frivolous removal pursuant to 28 U.S.C. § 1447(c). (*Id.* at 4–5). I did not consider Siskind's untimely response in my ruling, and I noted that his response was largely unresponsive and would not have helped him even had I considered it. (*Id.* at 1 n.1).

## I. SISKIND'S MOTION FOR RECONSIDERATION

Motions for reconsideration will only be granted in this Circuit for one of two reasons: "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (*quoting In re Kellog*, 197 F.3d 1116, 1119 (11th Cir. 1999)). It is improper to use a Rule 59(e) motion "to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (*quoting Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

First, Siskind asks me to reconsider my decision to remand the case. He contends that I "overlooked the entire premise" of his removal, which is that "the characterization of Siskind's alleged wrongful conduct as criminal without any justifiable facie basis shown" means that the Rule to Show Cause "was in actuality a civil matter," and "Siskind's allegation that the state court judge's criminal contempt allegation thus violated the federal Honest Public Services Act" and violated due process. (DE 21 at 2, 6).[3] Siskind ultimately believes that Judge Kastrenakes is biased against him and the contempt proceeding is a "pretext" to advance an "ulterior motive." (*Id.* at 2).

---

[3] Despite that Siskind's Motion at times utilizes numbered paragraphs, I refer to page numbers because Siskind's numbering is sporadic and inconsistent.

Siskind's perception that the contempt proceeding should have been civil in nature does not change the dispositive fact that it is not a civil proceeding, and as I explained in my Order Remanding Case, none of the removal statutes invoked by Siskind permit the removal of a criminal contempt proceeding. (*See* DE 16 at 2–3 discussing 28 U.S.C. §§ 1331, 1441, 1343(a)(3), (a)(4)). I also indeed considered and rejected Siskind's contention that his Notice of Removal alleging wrongs that he believes present a federal question could confer subject matter jurisdiction. (*Id.* at 2, 4).

Siskind also presents various theories as to why Plaintiff's Motion to Remand was procedurally improper or meritless. (DE 21 at 2). These arguments are improper, as none were raised in his Response to Plaintiff's Motion to Remand. *See Arthur v. King*, 500 F.3d at 1343; *Michael Linet*, 408 F.3d at 763. But even so, Siskind faces an additional hurdle—I did not consider his Response because it was untimely, and so in order to seek reconsideration of arguments previously raised, Siskind would need to show that I should have considered those arguments in the first place.[4] Siskind did not ask me to reconsider my declination to consider his untimely response and I see no grounds for reconsideration of that decision.[5]

---

[4] It is also worth noting that Siskind neither acknowledged in his untimely response that it was untimely nor did he seek leave of court to file an out-of-time response. (*See generally* DE 14).

[5] Siskind may have implicitly sought this result, since he argues that it is essentially unfair to hold him to Local Rule 7.1(c) when Plaintiff's Motion to Remand did not include a conferral certificate in accordance with Local Rule 7.1(a)(3). (DE 21 at 3). As both rules make clear, they are discretionary and I exercised my discretion as I saw fit. I also find this argument to be disingenuous for several reasons. Siskind never previously raised this perceived deficiency and, interestingly, his Motion for Reconsideration itself lacks a conferral certificate. Furthermore, Plaintiff's counsel represents that he did indeed confer with Siskind prior to filing the Motion to Remand, but did not include a conferral certificate on the (understandable) belief that motions to remand, given the nature of the relief sought, are always opposed. (DE 23 ¶¶ 5–6).

3

Second, Siskind seeks reconsideration of my finding that Plaintiff is entitled to attorney's fees. Again, Siskind did not raise these arguments previously and even if he had, I did not consider his untimely response.

Siskind has not demonstrated that any grounds for reconsideration exist. Reassessment of an unfavorable ruling is not a valid ground. Siskind's Motion for Reconsideration is therefore denied.

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff seeks a total of $4,410.00 for 14.7 hours expended by Ryan M. Aboud, Esq. at an hourly rate of 300 per hour. (DE 19). Siskind initially did not oppose a fee award of $3,000, (all of the fees incurred at that point minus 3.5 hours then spent preparing the instant Motion for Attorney's Fees, which Siskind contends are unnecessary). (DE 19 at 2; 21 at 3–4). However, Siskind apparently changed course and withdrew his lack of opposition to the reasonableness of fees. (DE 21 at 4). Siskind embeds some of the arguments raised with respect to reconsideration (*see id.* at 4–5), but as previously discussed, I will not reconsider my finding that Plaintiff is entitled to a fee award, and arguments about entitlement to fees have no bearing on the reasonableness of the fees sought.

"The starting point for determining the amount of a 'reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). That "lodestar" may be adjusted after considering other factors. *See id.* (citations omitted). Under this method, the Court must determine whether the fee applicant has satisfied the burden of establishing that the requested hourly rate is reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably

4

comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

The hourly rate for Mr. Aboud is $300. Siskind objects on the basis that Plaintiff did not provide an affidavit "from a disinterested party attesting to the reasonableness." (DE 21 at 5). However, it is well settled that the court "is itself an expert on the question [of reasonableness of fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. In light of counsel's experience and the prevailing market rates, I find that the proposed hourly rate is reasonable based upon the facts and circumstances of this case.

Turning to the number of hours, in determining the number of hours "reasonably expended," the Supreme Court requires fee applicants to exercise "billing judgment." *Hensley*, 461 U.S. at 434 (citations omitted). Therefore, attorneys "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* Siskind objects to the 3.5 hours counsel expended on preparing the instant Motion (DE 21 at 4). Upon review of the billing records, I conclude that Mr. Aboud exercised billing judgment, including with respect to the fees expended to prepare and file this Motion for Attorney's Fees.

Accordingly, Plaintiff is entitled to an award of attorney's fees in the amount of $4,410.00 to be paid by Siskind.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Amended Supplemental Memorandum and Motion For Award of Attorney's Fees (DE 19) is **GRANTED.**

(2) Plaintiff is **AWARDED** attorney's fees in the amount of **$4,410.00** to be paid by Jeffery Siskind.

(3) Jeffrey Siskind's Motion for Reconsideration (DE 21) is **DENIED**.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 20 day of April, 2022.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record